IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL ESPINOSA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 5:15-cv-879 |
| STEVENS TANKER DIVISION, LLC, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Michael Espinosa ("Plaintiff" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

### I.   NATURE OF SUIT

1.   The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.   Defendants violated the FLSA by failing to pay Plaintiff for all of his overtime hours. Plaintiff was not compensated at the rate of time and one-half his regular rate of pay when he worked outside his normal work schedule and was misclassified as exempt.

## II. PARTIES

3. Plaintiff Michael Espinosa is an individual who was employed by Defendants as a dispatcher within the meaning of the FLSA. He hereby consents to be a party in this action.

4. Defendant Stevens Tanker Division, LLC may be served with process by serving its registered agent: Bruce L. Dean, 9757 Military Parkway, Dallas, Texas 75227. A waiver has been requested.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## IV. COVERAGE

7. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and any Class Members.

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made

or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

12. Watts was a former employee of Defendant Stevens Tanker. During his employment, among other things, Plaintiff was classified as an exempt employee. He worked for the company, working one week on and one week off. During the workweeks worked, he generally worked about 84 hours but was not paid for overtime or wages for all hours worked. Moreover, he was misclassified as exempt. He brings this claim on behalf of all similarly situated present and former employees of Defendant who were either misclassified and/or not properly paid for all overtime due and/or not paid for all hours worked.

13. He brings the above claims in the alternative as he has asserted claims based on discrimination under Texas law. He intends to file the state claims in state court and is required to file a charge with the EEOC, which charge is considered dual filed with the TWC under the Texas Labor Code. Before filing suit on those claims, he must receive the right to sue letter or wait at least six months before joining her state law claims.

14. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff. Plaintiff complained.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

15. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VII. RELIEF SOUGHT

16. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

    b. For an Order awarding Plaintiff the costs of this action;

    c. For an Order awarding Plaintiff attorneys fees; and

    d. For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
Telephone:   (210) 212-7979
Facsimile:    (210) 212-5880

BY  /s/ Adam Poncio
    ADAM PONCIO
    STATE BAR NO. 16109800

**ATTORNEYS FOR PLAINTIFF**