IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL ESPINOSA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-CV-879-XR |
| | § | |
| | § | |
| STEVENS TANKER DIVISION, LLC, | § | |
| Defendant | § | |

**PLAINTIFFS' MOTION TO COMPEL
DISCLOSURE RESPONSES
AND
RESPONSES TO PLAINTIFF'S FIRST and SECOND  REQUESTS FOR PRODUCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to FRCP 37(a), Pursuant to the Federal Rules of Civil Procedure, Plaintiff files this

Motion to Compel Discovery Disclosure Responses and Responses to Plaintiff's First and Second

Requests for Production  and would show the court as follows:

Plaintiffs have asserted FLSA violations based on misclassification and for not being paid

at the proper overtime rate for all hours worked over forty hours per week.

**REQUEST TO COMPEL FULL and COMPLETE DISCLOSURES
FOR ALL PLAINTIFFS**

Pursuant to FRCP 26(a)(1)(A) Defendant has not made mandatory  Disclosures for the following
Plaintiffs / Parties:

Hart, Alice Fay
McCaffrey, Krystynn
McChristian, Kia
Shipp, Heather

Defendant has not disclosed and produced documents the following categories of documents that may support Defendant's claims or defenses:

1. payroll records
2. hiring and separation of employment documents
3. separation of employment records
4. payroll records
5. attendance records
6. job posting
7. job duties
8. policy manual
9. employee handbook
10. personnel file

===============================================

### PLAINTIFFS' REQUEST TO COMPEL COMPLETE RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION (Ex. 2) AND PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION (Ex. 3)

Plaintiffs are identified as:

Espinosa, Michael
Hart, Alice Fay
McCaffrey, Krystynn
McChristian, Kia
Shipp, Heather

### Requests related to Defendant's classification of Plaintiffs' positions as exempt.

*Plaintiff's Second Request for Production No. 1 :*
*Any and all procedure and policy manuals in reference to personnel related matters, including, but not limited to, the Defendant corporation's determination regarding pay for its employees, designation of employees or positions as "exempt", and any listing or job descriptions for those positions which are "exempt" for Defendant.*

*Plaintiff's First Request for Production No. 50:*

*Produce a copy of all communications, emails, correspondence to and from any attorney regarding whether employee(s) of defendant in Plaintiff's position was /were exempt under or covered by the Fair Labor Standards Act overtime provisions from January 1, 2011, to present.*

*Plaintiff's First Request for Production No. 54:*
*Produce all documents that you relied upon in determining or classifying the Plaintiff, as an employee, exempt under the Fair Labor Standards Act (FLSA).*

*Plaintiff's First Request for Production No. 54:*
*Produce a copy of all documents, emails, correspondence, ESI to and from the following persons regarding whether any Plaintiff was an exempt employee.*

> *(A) Any supervisor or manager of Plaintiff*
> *(B) Any officer or director or manager of any defendant*

---------------------------

Defendant failed to provide requested information in its entirety.

Defendant has alleged Plaintiffs are subject to an exemption from the FLSA. The material is relevant to the job duties of **all** employees at the job locations where Plaintiffs worked to determine Plaintiff's actual job duties. Plaintiff requested documents related to Defendant's classifications of **all** employees as exempt / non-exempt.

Plaintiff agrees to limit the scope of the Interrogatory to the employees at the business location where each Plaintiff was employed and worked.


*Plaintiff's Second Request for Production No. 5 and  Plaintiff's First Request for Production No. 37.*
*Defendant's organizational charts applicable for the years 2011, 2012, 2013, 2014 and/or the current year, including, but not limited to, Defendant's officers and heads of each of Defendant's departments, divisions, subdivisions, or branches potentially responsible for the incident made the basis of this suit.*

Defendant failed to fully provide requested information.

Plaintiff requested documents related to Defendant's organizational / employee structure. Defendant failed to provide the organizational chart for the business location / office where, Plaintiff(s) was / were employed and worked.


*Plaintiff's Second Request for Production No. 6:*

*Produce a copy of all documents, emails and/or notes, which support or discuss or involve any contention that Defendant considered Plaintiff's position or any dispatcher position to be exempt from the overtime requirements of the Fair Labor Standards Act, including any such documents created prior to the date of suit in this matter.*

Defendant failed to provide requested information in its entirety.

Defendant hired Plaintiffs as a dispatchers. Plaintiffs requested documents related to Defendant's classifications of dispatchers as exempt / non-exempt which are relevant to the matters in this lawsuit..

*Plaintiff's Second Request for Production No. 7 :*
*Produce a copy of all communications, emails, correspondence to and from any attorney regarding whether employee(s) of defendant in Plaintiff=s position was/were exempt under or covered by the Fair Labor Standards Act overtime provisions from January 1, 2011, to present. This request excludes any documents created after the date of suit in this matter.*

Defendant failed to provide requested information in its entirety.

Defendant hired Plaintiffs as a dispatchers. Plaintiffs filed an suit for unpaid overtime pursuant to the FLSA. The documents requested are relevant to the issues in this lawsuit, including the issue of a willful violation of the FLSA by Defendant.

*Plaintiff's Second Request for Production No. 10 :*
*Produce all documents, emails, notes or information, or electronic information that you relied upon in determining or classifying the Plaintiff, as an employee 'exempt under the Fair Labor Standards Act (FLSA), which documents were created prior to the date of suit in this matter.*

Defendant failed to provide requested information in its entirety.

Defendant hired Plaintiff as a dispatcher. Plaintiff filed an suit for unpaid overtime pursuant to the FLSA. The documents requested are relevant to the issues in this lawsuit, including the issue of a willful violation of the FLSA by Defendant.

*Plaintiff's Second Request for Production No. 11 :*
*Any and all documents that set out the job description and duties of Plaintiff's supervisor(s), including documents that would identify her supervisor(s) during her employment with Defendant.*

Defendant failed to provide requested information in its entirety.

Defendant hired Plaintiff as a dispatcher and alleges that Plaintiff was exempt. The documents requested are relevant to the issues in this lawsuit, including the issue of a exempt status, job duties and persons who performed the job duties which were part of the operations of the office where Plaintiff was employed; and relevant to the determination of exempt positions, including Plaintiffs at that office.

## Requests Related to Hours Worked

*Plaintiff's Second Request for Production No. 8 ;*
*Produce a copy of all records that evidence or show or establish the number of hours worked by Plaintiff during each week of Plaintiff's employment with the defendant from January 1, 2012 to present, including any emails regarding her work or work schedule, schedules, computer or electronic log in or log out information, security information such as information that would show when she entered or exited the building, premises or work areas.*

Defendant failed to provide requested information in its entirety.

Plaintiff filed an suit for unpaid overtime pursuant to the FLSA. The documents requested are relevant to the issues in this lawsuit, including the issue of amount of unpaid wages.

 Defendant did not produce:
            a.  work schedules,
            b. records of time logged in and time logged out,
            c.  records of time Plaintiff used her encrypted badge to enter and leave the
premises or office;
            d. records of Plaintiff calling in to be late
            e. records of Plaintiff scanning in and out


*Plaintiff's Second Request for Production No. 9:*
*Produce a copy of all records, emails, documents or other electronic information that evidence or show or establish the number of hours defendant alleges or would show that Plaintiff worked during each week of employment with the defendant from January 1, 2012 to present.*
Defendant failed to provide requested information in its entirety.

Plaintiff filed an suit for unpaid overtime pursuant to the FLSA. The documents requested are relevant to the issues in this lawsuit, including the issue of amount of unpaid wages.

 Defendant did not produce:
            a.  work schedules,
            b. records of time logged in and time logged out,
            c.  records of time Plaintiff used her encrypted badge to enter and leave the

premises or office;

      d. records of Plaintiff calling in to be late

      e. records of Plaintiff scanning in and out

### **Requests for Emails Regarding Plaintiff**

*Plaintiff's Second Request for Production No. 12 : Any and all emails to and from Plaintiff to and from Barbara Moore, William Tinsley, Allen Tinsley, and William Hayes during the time period of March 2014 through the time of filing suit.*

Defendant failed to provide requested information in its entirety.

Defendant hired Plaintiff as a dispatcher and alleges that Plaintiff was exempt. All communications between Plaintiff and defendant's supervisors, representatives and employees are discoverable. Plaintiff has identified and limited the scope to specific persons as set out in the RFP.

==================================================

WHEREFORE, PREMISES CONSIDERED, movant prays that the Court grant their Motion to Compel, enter an order requiring the Defendants to provide the documents and information requested above and award reasonable attorney's fees related to this Motion and award any other relief available to Plaintiffs pursuant to Federal Rules of Civil Procedure.

Respectfully Submitted,

By: /s/ Adam Poncio
Adam Poncio
Southern District No. 194847
State Bar No. 16109800
PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Rd., Suite 109
San Antonio, Texas 78229-3550
Telephone:     (210) 212-7979
Facsimile:     (210) 212-5880


Chris McJunkin
Southern District No.23548
State Bar #13686525
2842 Lawnview
Corpus Christi, Tx. 78404
Tel: (361) 882-5747
Fax: (361) 882-8926

## CERTIFICATE OF CONFERENCE

Pursuant to FRCP 37(a)(1), counsel for Plaintiff has in good faith conferred with counsel for

Defendant in an effort to obtain the discovery requested in this motion without court action. (Ex. 1:

July 25, 2016, Discovery Correspondence

/s/ Adan Poncio
Adam Poncio

## CERTIFICATE OF SERVICE

I served this document on all parties via the Court's ECF System on August 1, 2016.

*/s/ Adam Poncio*
Adam Poncio

Su֑w

| Date: | Monday, July 25, 2016 3:50 PM |
|---|---|
| From: | Adam Poncio <salaw@msn.com> |
| To: | skey@keyharrington.com <skey@keyharrington.com> |
| Cc: | Chris McJunkin <cmcjunkin@stx.rr.com>, Angela Maldonado <amaldonado@ponciolaw.com> |
| Subject: | FW: Espinosa-stevens compel ltr |

Please see the attached- we are filing our mtc tomorrow.  This is our attempt to confer

Adam Poncio
Board Certified-Labor and Employment Law
Board Certified-Civil Appellate Law
Texas Board of Legal Specialization

PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Rd., Suite 109
San Antonio, Texas 78229-3550
(210) 212-7979 Telephone
(210) 212-5880 Facsimile

 Compel ltr STEVENS.docx

# CHRISTOPHER E. MCJUNKIN

ATTORNEY AT LAW

2842 LAWNVIEW
CORPUS CHRISTI, TEXAS 78404

BUS: (361) 882-5747
FAX: (361) 882-8926

July 25, 2016

Stephen Key
3710 Rawlins St., Suite 950
Dallas, Texas 75219
Fax: 214-615-7926

Re: Espinosa al v Stevens Tanker
    Civil Action No. 5:15-cv-879

Dear Mr.Key:

Defendant has not responded to Plaintiff's First and Second Requests for Production to Defendant as set out below. Please let this act as Plaintiff's request that defendant fully respond to this request within 7 days of receipt of same. If we do not receive requested answers and responses, we will have to seek the Court's help.

==============================

## DISCLOSURES:

Pursuant to FRCP 26(a)(1)(A) Defendant has not made mandatory Disclosures for the following parties:

Hart, Alice Fay
McCaffrey, Krystynn
McChristian, Kia
Shipp, Heather

Defendant has not disclosed nor produced documents that may support Defendant's claims or defenses:

1. payroll records
2. hiring and separation of employment documents
3. separation of employment records

4. payroll records
5. attendance records
6. job posting
7. job duties
8. policy manual
9. employee handbook
10. personnel file

## **Defendant's Responses to Plaintiff's Second Requests for Production.**

Plaintiff's Second Request for Production No. 1:

Defendant failed to provide requested information in its entirety.

Plaintiff requested documents related to Defendant's classifications of employees as exempt / non-exempt. Plaintiff agrees to limit the scope of the Interrogatory to the employees at the business location where Plaintiff was employed and worked.

Plaintiff's Second Request for Production No. 5 and Plaintiff's First Request for Production No. 37.

Defendant failed to fully provide requested information.

Plaintiff requested documents related to Defendant's organizational / employee structure. Defendant failed to provide the organizational chart for the business location / office where, Plaintiff was employed and worked.

Plaintiff's Second Request for Production No. 6:

Defendant failed to provide requested information in its entirety.

Defendant hired Plaintiff as a dispatcher. Plaintiff requested documents related to Defendant's classifications of dispatchers as exempt / non-exempt which are relevant to the matters in this lawsuit..

<u>Plaintiff's Second Request for Production No. 7</u> and
<u>Plaintiff's First Request for Production No. 50.</u>

Defendant failed to provide requested information in its entirety.

Defendant hired Plaintiff as a dispatcher. Plaintiff filed an suit for unpaid overtime pursuant to the FLSA. The documents requested are relevant to the issues in this lawsuit, including the issue of a willful violation of the FLSA by Defendant.

<u>Plaintiff's Second Request for Production No. 8</u> and
<u>Plaintiff's First Request for Production No. 52, 66, 67, 69, 78.</u>

Defendant failed to provide requested information in its entirety and Defendant failed to produce **the daily log in / out documents, daily work schedules**.

Defendant hired Plaintiff as a dispatcher. Plaintiff filed an suit for unpaid overtime pursuant to the FLSA. The documents requested are relevant to the issues in this lawsuit, including the issue of including the issue of unpaid overtime hours.

<u>Plaintiff's Second Request for Production No. 9</u> and
<u>Plaintiff's First Request for Production No. 53.</u>

Defendant failed to provide requested information in its entirety.

Defendant hired Plaintiff as a dispatcher. Plaintiff filed an suit for unpaid overtime pursuant to the FLSA. The documents requested are relevant to the issues in this lawsuit, including the issue of unpaid overtime hours.

<u>Plaintiff's Second Request for Production No. 10</u> and
<u>Plaintiff's First Request for Production No. 54.</u>

Defendant failed to provide requested information in its entirety.

Defendant hired Plaintiff as a dispatcher. Plaintiff filed an suit for unpaid overtime pursuant to the FLSA. The documents requested are relevant to the issues in this lawsuit, including the issue of a willful violation of the FLSA by Defendant.

<u>Plaintiff's Second Request for Production No. 11</u>

Defendant failed to provide requested information in its entirety.

Defendant hired Plaintiff as a dispatcher and alleges that Plaintiff was exempt. The documents requested are relevant to the issues in this lawsuit, including the issue of a exempt status, job duties and persons who performed the job duties which were part of the operations of the office where Plaintiff was employed; and relevant to the determination of exempt positions, including Plaintiffs at that office.

<u>Plaintiff's Second Request for Production No. 12</u>

Defendant failed to provide requested information in its entirety.

Defendant hired Plaintiff as a dispatcher and alleges that Plaintiff was exempt. All communications between Plaintiff and defendant's supervisors, representatives and employees are discoverable. Plaintiff has identified and limited the scope to specific persons as set out in the RFP.

Sincerely,

C.McJunkin

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MICHAEL ESPINOSA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:15-cv-879 |
| | § | |
| STEVENS TANKER DIVISION, LLC, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

TO:   Plaintiff, Michael Espinosa, by and through his attorney of record, Adam Poncio, Poncio Law Offices, 5410 Fredericksburg Road, Suite 109, San Antonio, Texas 78229-3550.

Defendant, Stevens Tanker Division, LLC, serves this its Objections and Responses to Plaintiff's Second Request for Production of Documents pursuant to the Federal Rules of Civil Procedure.

Plaintiff's responses to these Requests are made without waiving or intending to waive, but to the contrary, intending to preserve and preserving:

(a)     The right to raise all questions of authenticity, relevancy, materiality, privilege, including the attorney-client and work product privilege and all privileges contained in the Federal Rules of Civil Procedure, Federal Rules of Evidence, pertinent case law and admissibility as evidence for any purpose of any documents produced, which may arise in any subsequent proceeding in, or the trial of, this or any other action;

(b)     The right to object to the use of said documents produced in any subsequent proceeding in this or any other action on any grounds;

(c)     The right to make subsequent productions of documents if Defendant uncovers additional documents called for by the document requests; and

(d)     The right to seek prompt return of any privileged, protected, confidential or otherwise exempt documents (and all copies thereof) that are inadvertently produced.

Defendant objects to producing all of the responsive, non-privileged or exempt documents at the time and place requested by Plaintiff in his Requests.  Defendant will, however, produce such documents for inspection at the law firm of Key Harrington Barnes, PC, 3710 Rawlins, Suite 950, Dallas, Texas 75219, on a date agreeable to counsel for Plaintiff and Defendant.

KEY HARRINGTON BARNES, PC

BY:      /s/ Stephen C. Key
STEPHEN C. KEY
State Bar No. 00791022
JOHN L. FREEMAN
State Bar No. 07425500

3710 Rawlins Street, Suite 950
Dallas, Texas 75219
214/615-7923
214/615-7926 (Facsimile)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure, on the 16th day of February, 2016.

      /s/ John L. Freeman

## General Objection to Second Request for Production

Defendant adopts and incorporates by reference the General Objection of Defendant to Plaintiff's First Request for Production. As stated therein, many of the requests in the Second Request for Production are duplicative of requests in the First Request for Production, and Defendant will designate those in the responses below. Such duplicative requests violate the extent of discovery permitted as reflected in FRCP 26(b)(1)(C), and causes Defendant and its attorneys to spend unnecessary time and expense responding to the duplicative requests. Accordingly, Defendant believes that Plaintiff should be sanctioned as stated in the General Objection to the First Request for Production for both the First and Second Request for Production.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.   Any and all procedure and policy manuals in reference to personnel related matters, including, but not limited to, the Defendant corporation's determination regarding pay for its employees, designation of employees or positions as "exempt", and any listing or job descriptions for those positions which are "exempt" for Defendant.

RESPONSE:        Defendant objects that this request is duplicative of Request No. 50, Request No. 54 and Request No. 55 of Plaintiff's First Request for Production, and Defendant incorporates its responses and objections as made to such requests. Defendant also objects that this request is overbroad in that it requests pay determination for all of Defendant's employees which is not relevant to the overtime claims of Plaintiff and defenses in this proceeding. Defendant further objects in that the request seeks pay determination on all employees of Defendant who are exempt, and the listing and job descriptions on all employees of Defendant who are exempt, none of which is relevant to Plaintiff's overtime claim or the defenses in this proceeding. Thus, the request exceeds the scope and extent of discovery as permitted by FRCP 26(b)(1)-(2) and fails to describe with reasonable particularity each item or category of items as required by FRCP 34(b)(1)(A).

2.   Any and all documents which evidence the job description or duties of Plaintiff for the years 2008 to the present.

RESPONSE:        Defendant objects to this request as it is duplicative of Request No. 29, Request No. 61 and Request No. 62 of Plaintiff's First Request for Production and exceeds the scope and extent of discovery permitted by FRCP 26(b)(1)-(2).

3.   A true and accurate copy of the Plaintiff's job description as it existed on the day of his/her employment, his/her period of employment, and as well as up to and including date of Plaintiffs termination, resignation, lay-off, failure to rehire or reinstate to employment or application for employment, and/or discharge.

RESPONSE:        Defendant objects to this request as it is duplicative, word for word, of Request No. 29 of Plaintiff's First Request for Production, and exceeds the scope and extent of discovery permitted by FRCP 26(b)(1)-(2).

4.   Provide all emails, file notes, minutes, notes, or documents related to Directors' meetings, committee meetings, meetings, or conversations in which the determination of any position as exempt, including such documents created prior to the date of suit in this matter

RESPONSE:        Defendant objects to this request as it is duplicative of a part of Request No. 1 above and Request No. 50, Request No. 54 and Request No. 55 of Plaintiff's First Request for Production, and Defendant incorporates its responses and objections to each of those previous requests.

5.   Defendant's organizational charts applicable for the years 2011, 2012, 2013, 2014 and/or the current year, including, but not limited to, Defendant's officers and heads of each of Defendant's departments, divisions, subdivisions, or branches potentially responsible for the incident made the basis of this suit.

RESPONSE:        Defendant objects to this request as it is duplicative, word for word, of Request No. 37 of Plaintiff's First Request for Production, and exceeds the scope and extent of discovery permitted by FRCP 26(b)(1)-(2).

6.   Produce a copy of all documents, emails and/or notes, which support or discuss or involve any contention that Defendant considered Plaintiff's position or any dispatcher position to be exempt from the overtime requirements of the Fair Labor Standards Act, including any such documents created prior to the date of suit in this matter.

RESPONSE:        Defendant objects to this request as it is duplicative of Request No. 49 of Plaintiff's First Request for Production, and Defendant incorporates herein its response and objection to such request. Defendant further objects to the request for the reason that it seeks documents regarding other dispatcher positions other than Plaintiff and Plaintiff is the sole plaintiff in this proceeding and such requested documents of other dispatcher positions are not relevant and the request exceeds the scope and extent of discovery permitted by FRCP 26(b)(1)-(2).

7.   Produce a copy of all communications, emails, correspondence to and from any attorney regarding whether employee(s) of defendant in Plaintiff's position was /were exempt under or covered by the Fair Labor Standards Act overtime provisions from January 1, 2011, to present.  This request excludes any documents created after the date of suit in this matter.

RESPONSE:        Defendant objects to this request as it is duplicative, word for word, except for the last sentence of this request, of Request No. 50 of Plaintiff's First Request for Production, and exceeds the extent of discovery permitted by FRCP 26(b)(2).

8.      Produce a copy of all records that evidence or show or establish the number of hours worked by Plaintiff during each week of Plaintiff's employment with the defendant from January 1, 2012 to present, including any emails regarding her work or work schedule, schedules, computer or electronic log in or log out information, security information such as information that would show when she entered or exited the building, premises or work areas.

RESPONSE:          Defendant objects to this request in that it is not relevant to the claims of Plaintiff in this proceeding as the request seeks documents related to a female. To Defendant's knowledge, and based on Plaintiff's Complaint, Plaintiff in this proceeding is a male. In addition, this request is duplicative of Request No. 52, Request No. 66, Request No. 67, Request No. 69 and Request No. 78 of Plaintiff's First Request for Production and exceeds the extent of discovery permitted by FRCP 26(b)(2).

9.      Produce a copy of all records, emails, documents or other electronic information that evidence or show or establish the number of hours defendant alleges or would show that Plaintiff worked during each week of employment with the defendant from January 1, 2012 to present.

RESPONSE:          Defendant objects to this request in that it is duplicative, word for word, of Request No. 53 of Plaintiff's First Request for Production, and exceeds the extent of discovery permitted by FRCP 26(b)(2).

10.     Produce all documents, emails, notes or information, or electronic information that you relied upon in determining or classifying the Plaintiff, as an employee exempt under the Fair Labor Standards Act (FLSA), which documents were created prior to the date of suit in this matter.

RESPONSE:          Defendant objects to this request in that it is duplicative of Request No. 54 of Plaintiff's First Request for Production, and exceeds the extent of discovery permitted by FRCP 26(b)(2).

11.     Any and all documents that set out the job description and duties of Plaintiff's supervisor(s), including documents that would identify her supervisor(s) during her employment with Defendant.

RESPONSE:          Defendant objects to this request in that is not relevant to the claims of Plaintiff in this proceeding as the request seeks documents related to a female. To Defendant's knowledge, and based on Plaintiff's Complaint, Plaintiff in this proceeding is a male. Defendant further objects that the job description and duties of Plaintiff's supervisors are not relevant to Plaintiff's claim of overtime and his duties, and the request exceeds the scope of discovery permitted by FRCP 26(b)(1).

12.     Any and all emails to and from Plaintiff to and from Barbara Moore, William Tinsley, Allen Tinsley, and William Hayes during the time period of March 2014 through the time of filing suit.

RESPONSE:        Defendant objects to this request as it is not tailored or relevant to the claims and defenses in this case, is overbroad in scope, requests documents or categories of documents that are not relevant to the overtime claim of Plaintiff and the defenses in this case and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).   Without waiving the objections, and due to the request being overbroad, Defendant requests that Plaintiff revise the request into separate requests to "describe with reasonable particularity each item or category of items" as required by FRCP 34(b)(1)(A) that are relevant to the claims and defenses in this case so that Defendant can provide any responsive documents.

    13.    Any and all emails between employees of Defendant to and from Plaintiff or discussing Plaintiff during 2013, 2014 and/or 2015.

RESPONSE:        Defendant objects to this request as it is not tailored or relevant to the claims and defenses in this case, is overbroad in scope, requests documents or categories of documents that are not relevant to the overtime claim of Plaintiff and the defenses in this case and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).   Without waiving the objections, and due to the request being overbroad, Defendant requests that Plaintiff revise the request into separate requests to "describe with reasonable particularity each item or category of items" as required by FRCP 34(b)(1)(A) that are relevant to the claims and defenses in this case so that Defendant can provide any responsive documents.

    14.    Documents including billing, accounting time sheets and other work asserted as the basis for any attorneys' fees claim asserted by Defendant.

RESPONSE:        Defendant will both produce responsive non-privileged documents and supplement at a later date.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL ESPINOSA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:15-cv-879 |
| | § | |
| STEVENS TANKER DIVISION, LLC, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

TO:    Plaintiff, Michael Espinosa, by and through his attorney of record, Adam Poncio, Poncio Law Offices, 5410 Fredericksburg Road, Suite 109, San Antonio, Texas 78229-3550.

Defendant, Stevens Tanker Division, serves this its Objections and Responses to Plaintiff's First Request for Production of Documents pursuant to the Federal Rules of Civil Procedure.

Plaintiff's responses to these Requests are made without waiving or intending to waive, but to the contrary, asserting, intending to preserve and preserving:

(a)    The right to raise all questions of authenticity, relevancy, materiality, privilege, including the attorney-client and work product privilege and all privileges contained in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, pertinent case law and admissibility as evidence for any purpose of any documents produced, which may arise in any subsequent proceeding in, or the trial of, this or any other action;

(b)    The right to object to the use of said documents produced in any subsequent proceeding in this or any other action on any grounds;

(c)    The right to make subsequent productions of documents if Defendant uncovers additional documents called for by the document requests; and

(d)     The right to seek prompt return of any privileged, protected, confidential or otherwise exempt documents (and all copies thereof) that are inadvertently produced.

Defendant objects to producing all of the responsive, non-privileged or exempt documents at the time and place requested by Plaintiff in his Requests.  Defendant will, however, produce such documents for inspection at the law firm of Key Harrington Barnes, PC, 3710 Rawlins, Suite 950, Dallas, Texas 75219, on a date agreeable to counsel for Plaintiff and Defendant.

KEY HARRINGTON BARNES, PC

BY:       /s/ Stephen C. Key
STEPHEN C. KEY
State Bar No. 00791022
JOHN L. FREEMAN
State Bar No. 07425500

3710 Rawlins Street, Suite 950
Dallas, Texas 75219
214/615-7923
214/615-7926 (Facsimile)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure, on the 16th day of February, 2016.

/s/ John L. Freeman

## General Objection to First Request for Production

Defendant objects to the entire set of the 80 requests for production that constitute Plaintiff's First Request for Production for at least the following reasons. FRCP 26(b)(1)-(2) requires that the scope of discovery be relevant to the parties claims or defenses and proportional to the needs of the case. The first requirement is that the discovery requested be "relevant to any party's claim or defense" (FRCP 26(b)(1). Many of Plaintiff's requests do not relate to or are not relevant to the Plaintiff's sole cause of action in this lawsuit, *viz.* that he was not paid overtime under the Fair Labor Standards Act ("FLSA"). Many of the requests relate to Plaintiff's unfiled EEOC claim, not Plaintiff's FLSA claim in this lawsuit. It is obvious that Plaintiff's attorney has submitted a boilerplate stock set of requests for production (based on the express wording of many of the requests) that relate to claims for wrongful termination, workers' compensation retaliation, discrimination and/or retaliation , none of which are claimed in this lawsuit. At the Court's February 4, 2016 status conference, the Court noticed that Plaintiff's Complaint referred to an unplead EEOC claim and instructed the Plaintiff's attorney to remove such all references to unfiled claims. Likewise, requests for production that pertain to an unfiled EEOC claim have no place in this lawsuit and are not appropriate requests for production in this lawsuit. Defendant, has however, had to address and object to those to protect itself, which has caused Defendant and Defendant's attorneys to spend unnecessary time and expense responding to the inappropriate and objectionable requests.

In addition, several of the requests are duplicative, and Defendant has attempted to identify all of those in its responses. Moreover, the requests in Plaintiff's Second Request for Production are almost identical to the asserted requests in the Plaintiff's First Request for Production. Such duplicative requests violate the extent of discovery permitted as reflected in FRCP 26(b)(1)(C) and cause Defendant and its attorneys to spend unnecessary time and expense responding to the duplicative requests.

Defendant believes that such submitted inappropriate and duplicative discovery does not comply with the Federal Rules of Civil Procedure as it relates to discovery and that Plaintiff should be sanctioned  for such and that Defendant be protected from responding to such discovery. At a minimum, Plaintiff should be ordered to resubmit any requests for production for documents it desires with requests that are relevant to the claims and defenses in this lawsuit, and that describe with particularity each item or category of items as required by FRCP 34(b)(1)(A).

## RESPONSES TO REQUESTS FOR PRODUCTION

1.      Any and all insurance agreements or policies for workers compensation insurance applicable to Plaintiff and insurance agreements or policies and other such documents under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

RESPONSE:         Defendant objects to this request as it is in part duplicative of the request in (a)(1)(A)(iv) of the Initial Disclosures, which Defendant has already responded to.  In addition, Defendant objects to this boilerplate request which requests policies for workers compensation insurance which are not relevant to the claims in this proceeding and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).  Without waiving the objections, no such documents exist.

2.      Copies of any and all documents and statements previously made by Plaintiff and/or Defendant concerning his/her complaint, any discipline, reprimand, warning, counseling, suspension, resignation, discharge, lay-off, failure to rehire or reinstate to employment or application for employment, termination, work, and/or employment of Plaintiff, including emails, handwritten notes related to conversations with Plaintiff, any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

RESPONSE:         Defendant objects to this request as it is a boilerplate request that is not tailored to or relevant to the claims and defenses in this case, and is overbroad in scope, and requests documents or category of documents that are not relevant to the claims and defenses in this case and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).  Without waiving the objections, and due to the request being overbroad, Defendant requests that Plaintiff revise the request into separate requests to "describe with reasonable particularity each item or category of items" as required by FRCP 34(b)(1)(A) that are relevant to the claims and defenses in this case so that Defendant can provide any responsive documents.

3.      Any and all settlement agreement(s) wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

RESPONSE:         Defendant objects to this request as it is a boilerplate request that is not tailored to or relevant to the claims and defenses in this case, as there is no "incident made the basis of this lawsuit".  Without waiving the objection, there has been no settlement agreement with anyone regarding the claims made by Plaintiff in this lawsuit.

4.      A copy of any surveillance movies or photographs which have been made of Plaintiff.

RESPONSE:          None.

5.      Any and all investigative reports and other such documents and tangible things produced by any government agency investigating the incident made the basis of this lawsuit.

RESPONSE:          Defendant objects to this request as there is no "incident made the basis of this lawsuit". Without waiving the objection, none.

6.      Defendant's investigation and employment file(s) related to Plaintiff and/or this matter, including files of its insurance carrier's agents, representatives or employers.

RESPONSE:          Defendant objects to this request as vague and failing to describe with reasonable particularity each item or category of items as required by FRCP 34(b)(1)(A) and to the extent that it requests documents that are protected by the attorney-client and work product privileges. Defendant will produce a copy of Plaintiff's employment file and attendance record.

7.      The Defendant's file and documents and tangible things therein, including reports, correspondence, notes and memorandums prepared prior to your anticipation of litigation of the pending lawsuit.

RESPONSE:          Defendant objects to this request as vague, overbroad and failing to describe with reasonable particularity each item or category of items as required by FRCP 34(b)(1)(A).

8.      Any and all witness statements.

RESPONSE:          None.

9.      The Plaintiff's complete personnel file and/or any file maintained by Defendant regarding Plaintiff.

RESPONSE:          Defendant will produce a copy of Plaintiff's employment file.

10.     Any and all documents and tangible things evidencing the Defendant's "net worth" for the years 2012 through the time of trial, including, but not limited to, income tax returns, financial statements, loan applications, bank statements, information on certificates of deposit and retirement accounts, and other such similar documents and tangible things.

RESPONSE:          Defendant objects to this request as Defendant's "net worth" is not relevant to the claims or defenses made in this proceeding and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).

11.   Any and all documents and tangible things related to the Plaintiff s complaint, discipline, reprimand, warning, counseling, suspension, resignation, discharge, lay-off, failure to rehire or reinstate to employment or application for employment, termination, work, and/or employment of Plaintiff, including any documents and tangible things created prior to the filing of suit by Plaintiff and/or prior to your anticipation of litigation.

RESPONSE:      Defendant objects to this request as it is a boilerplate request that is not tailored to or relevant to the claims and defenses in this case, and is overbroad in scope, and requests documents or category of documents that are not relevant to the overtime claims of Plaintiff and defenses in this case and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).   Without waiving the objections, and due to the request being overbroad, Defendant requests that Plaintiff revise the request into separate requests to "describe with reasonable particularity each item or category of items" as required by FRCP 34(b)(1)(A) that are relevant to the claims and defenses in this case so that Defendant can provide any responsive documents.  Defendant also objects that this request in part is a duplicate of Request No. 2 above.

12.   Any and all documents and tangible things related to the prior work history, criminal history, application and/or background checks of Plaintiff, including any documents and tangible things serving as the basis for hiring, discipline, reprimand, warning, counseling, suspension, resignation, discharge, lay-off, failure to rehire or reinstate to employment or application for employment, termination, work, and/or employment of Plaintiff.

RESPONSE:      Defendant objects to this request as it is confusing and appears to include a request for documents that were requested in Request No. 11 and Defendant asserts the same objections stated in response to Request No. 11.  Without waiving the objections, Defendant will produce Plaintiff's resume and pre-employment correspondence.

13.   Any and all documents and tangible things related to or demonstrating any "legitimate, nondiscriminatory, lawful" factors for and/or related to the to the demotion, failure to promote, discipline, reprimand, warning, counseling, suspension, resignation, discharge, lay-off, failure to rehire or reinstate to employment or application for employment, and/or termination of Plaintiff, as may be indicated in the affirmative defenses asserted and/or that may be asserted by Defendant, including any memos, documents and tangible things, policies, guidelines, and/or handbooks demonstrating and/or setting out same.

RESPONSE:      Defendant objects to this boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope and requests categories of documents that are not relevant to the claims or defenses and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).  Further objection is made in that Plaintiff quotes words ("legitimate, nondiscriminatory, lawful") that are made to appear to be taken from Defendant's Answer; however, only the word "legitimate" is used in Defendant's Answer in connection with the assertion that Defendant's actions were taken for legitimate business reasons (see the Twelfth Defense in Defendant's Answer). Defendant also objects to producing any documents related to any unasserted defenses.

14.   Any and all documents and tangible things related to or demonstrating any "administrative remedies" allegedly available to Plaintiff for and/or related to the demotion, failure to promote, discipline, reprimand, warning, counseling, suspension, resignation, discharge, lay-off, failure to rehire or reinstate to employment or application for employment, and/or termination of Plaintiff, as may be indicated in the affirmative defenses asserted and/or that may be asserted by Defendant, including any memos, documents and tangible things, policies, guidelines, and/or handbooks demonstrating and/or setting out same.

RESPONSE:         Defendant objects to this boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope and requests categories of documents that are not relevant to the claims or defenses and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2). Defendant also objects in that Defendant has not asserted that there were "administrative remedies" available to Plaintiff as stated in the Request. Defendant also objects to producing any documents related to any unasserted defenses.

15.   Any and all documents and tangible things related to or demonstrating any alleged "business necessity" factors for and/or related to the to the demotion, failure to promote, discipline, reprimand, warning, counseling, suspension, resignation, discharge, lay-off, failure to rehire or reinstate to employment or application for employment, termination, work, and/or employment of Plaintiff, as may be indicated in the affirmative defenses asserted and/or that may be asserted   by Defendant, including any memos, documents and tangible things, policies, guidelines, and/or handbooks demonstrating and/or setting out same.

RESPONSE:         Defendant objects to this boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope and requests categories of documents that are not relevant to the claims or defenses and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2). Defendant also objects in that Defendant has not asserted that there were any "business necessity" factors as stated in the Request. Defendant also objects to producing any documents related to any unasserted defenses.

16.   Any and all documents and tangible things related to or demonstrating any "reasonable factors" other than Plaintiff's gender, race, sex, age, FLSA complaints, disability, harassment, discrimination, or retaliation for and/or related to the demotion, failure to promote, discipline, reprimand, warning, counseling, suspension, resignation, discharge, lay-off, failure to rehire or reinstate to employment or application for employment, termination, work, and/or employment of Plaintiff, as may be indicated in the affirmative defenses asserted and/or that may be asserted by Defendant, including any memos, documents and tangible things, policies, guidelines, and/or handbooks demonstrating and/or setting out same.

RESPONSE:         Defendant objects to this boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope and requests categories of documents that are not relevant to the claims or defenses and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2). Defendant also objects in that Defendant has not asserted that there were any "reasonable factors" as stated in the Request. Defendant also objects to

producing any documents related to any unasserted defenses.

17.   Any and all documents and tangible things related to or demonstrating any leave requests, and/or documents and tangible things related to any absences, reprimands, warnings and/or disciplinary action for and/or related to the Plaintiff, including any memos, documents and tangible things, policies, guidelines, and/or handbooks demonstrating and/or setting out policies regarding same.

RESPONSE:          Defendant objects to this boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope and requests categories of documents that are not relevant to the claims or defenses and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).  Without waiving the objections, Defendant will produce documents regarding Plaintiff's attendance.

18.   Produce any and all documents and tangible things and tangible things that indicate any expert designated by this party is not qualified to render any expert opinion regarding the subject matter of his/her proposed trial testimony.

RESPONSE:          None exists at the present time.

19.   Produce any and all documents and tangible things and tangible things which controvert and/or call into question the validity of any opinion rendered by any expert designated by this party.

RESPONSE:          No opinion has been rendered as of this date, and thus, none exists at this time.

20.   All statements or documents of any kind obtained from Plaintiff or other documentary information obtained through any authorization signed by Plaintiff.

RESPONSE:          None, except for documents executed by Plaintiff produced as a part of Plaintiff's employment file.

21.   All documents that show the identity of any witness to the injury, demotion, failure to promote, failure to rehire or reinstate to employment or application for employment, discipline, reprimand, warning, counseling, suspension, resignation, discharge, lay-off, termination, work, and/or employment of Plaintiff, and/or any other person with knowledge of relevant facts concerning the occurrence made the basis of this suit (including the conduct complained of, health condition and/or termination), the events leading up to it or any damages allegedly sustained by Plaintiff.

RESPONSE:          Defendant objects to this request as it is a boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope, and requests documents or category of documents that are not relevant to the claims and defenses in this case and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).  Defendant

further objects in that information regarding the identity of persons with knowledge have already been provided in Defendant's responses to the Initial Disclosures.

22.     Any and all procedure and policy manuals in reference to personnel related matters, including, but not limited to, the Defendant corporation's procedures and policies regarding discrimination and/or harassment policies and/or complaint procedures, comp claims, layoffs, rehiring or reinstatement to employment or application for employment, resignations, reprimands, discipline and/or terminations, leaves of absence, medical leave, and/or applications for same for the years 2012 to the present.

RESPONSE:     Defendant objects to this request as it is a boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope, and requests documents or category of documents that are not relevant to the claims and defenses in this case and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).  Without waiving the objections, Defendant will produce its employee handbook and a copy of Plaintiff's acknowledgment and agreement.

23.     Any and all published personnel policies and personnel manuals outlining disciplinary and/or termination procedures for the years 2012 to the present.

RESPONSE:     Defendant objects to this boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope and requests categories of documents that are not relevant to the claims or defenses and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).  Defendant will produce its employee handbook.

24.     Any and all documents which evidence the job description or duties of Plaintiff for the years 2012 to the present.

RESPONSE:     Defendant will produce a copy of the job offer letter, and the ad posting for the position and a description of Plaintiff's duties.

25.     Any and all documents which evidence any employment background investigation performed by Defendant prior to the hiring of Plaintiff.

RESPONSE:     Defendant objects to this boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope and requests categories of documents that are not relevant to the claims or defenses and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2). Without waiving the objections, see the documents referenced in response to Request No. 12.

26.     Any and all documents which evidence any employment background investigation performed by Defendant prior to the termination failure to rehire or reinstate to employment or application for employment, and/or resignation or lay-off of Plaintiff.

RESPONSE:        Defendant objects to this boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope and requests categories of documents that are not relevant to the claims or defenses and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).

27.    Any and all documents which evidence any criminal background investigation performed by Defendant prior to the hiring of Plaintiff.

RESPONSE:        Defendant objects to this boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope and requests categories of documents that are not relevant to the claims or defenses and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).

28.    Any and all documents which evidence any criminal background investigation performed by Defendant prior to the termination of Plaintiff.

RESPONSE:        Defendant objects to this boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope and requests categories of documents that are not relevant to the claims or defenses and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).

29.    A true and accurate copy of the Plaintiff's job description as it existed on the day of his/her employment, his/her period of employment, and as well as up to and including date of Plaintiffs termination, resignation, lay-off, failure to rehire or reinstate to employment or application for employment, and/or discharge.

RESPONSE:        See documents referenced in response to Request No. 24.

30.    Copies of any and all statements given or made by Defendant, its employees, agents or representatives concerning the subject matter of this suit and/or his/her complaints, retaliation, discrimination, wrongful discharge and Labor Code or FLSA claim, including any written statements signed or otherwise adopted or approved by the Defendant, its employees, agents or representatives hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Defendant, its employees, agents or representatives hereto and contemporaneously recorded.

RESPONSE:        Defendant objects to this request as it is a boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope, and requests documents or category of documents that are not relevant to the claims and defenses in this case and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).  Subject to these objections, none.

31.    Copies of any and all documents reflecting procedures for challenging or appealing decisions relating to discipline and/or discharge of employees, for the years 2012 to the present.

RESPONSE:           Defendant objects to this boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope and requests categories of documents that are not relevant to the claims or defenses and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).   Without waiving the objections see the employee handbook §§ 3.3 – 3.4.

32.     Copies of any and all documents, notes, correspondence or communications reflecting any meeting(s) or conversation(s) between Plaintiff and Defendant, with regards to his/her application, prior employment history, comp. claim, injury, health condition, leave request(s), resignation, lay-off, failure to rehire or reinstate to employment or application for employment, discharge and/or termination of employment.

RESPONSE:           Defendant objects to this boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope and requests categories of documents that are not relevant to the claims or defenses and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).

33.     Copies of Plaintiff's payroll records from date of hire to date of resignation, lay-off, failure to rehire or reinstate to employment or application for employment, discharge, and/or termination of employment.

RESPONSE:           Copies of Plaintiff's payroll records will be produced.

34.     Copies of any and all documents and records reflecting all benefits provided to Plaintiff, such as, bonuses, retirement, pension, profit sharing, holiday pay, sick leave pay, overtime pay, vacation pay, medical benefits, and any other benefits from date of hire to date of resignation, lay-off, failure to rehire or reinstate to employment or application for employment, discharge, and/or termination of employment.

RESPONSE:           Copies of Plaintiff's payroll records will be produced and any other responsive documents located.

35.     The personnel files of all of Defendant's employees, agents or representatives involved in the complaint, resignation and/or termination made the basis of this suit, including any Defendant named in this suit and any supervisor of Plaintiff and/or those persons whose statements were relied on for terminating Plaintiff, and including, but not limited to any person that Defendant may call to refute Plaintiff's claim of wrongful termination, harassment and/or discrimination. This Request includes, but is not limited to, supervisors, representatives and any party involved in termination of Plaintiff, and any party involved in the incident made the basis of this suit.

RESPONSE:           Defendant objects to this request as it is a boilerplate request that is not tailored to the relevant claims and defenses in this proceeding, and is overbroad in scope and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2), including that it requests the personnel files of unnamed persons and which would invade the privacy of any persons who could be identified.

That the request is a boilerplate request and is objectionable and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2) is shown by the request of the personnel files of any person that Defendant may call "to refute Plaintiff's claim of wrongful termination, harassment and/or discrimination", which Plaintiff has not asserted in this proceeding.  Moreover, there is not an "incident" made the basis of this suit as stated in the request.

36.    Provide all minutes, notes, or documents related to Directors' meetings, committee meetings, meetings, or conversations in which Plaintiff's pay, position, overtime, complaint, gender, race, disability, comp claim, injury, impairment, health condition, prior employment, application, discipline, failure to rehire or reinstate to employment or application for employment, termination and/or the incident made the basis of this suit was discussed in any way, and any documents generated during such meetings or referring to such meetings.

RESPONSE:        Defendant objects to this request as it is a boilerplate request that is not tailored to or relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope, and requests documents or category of documents that are not relevant to the claims and defenses in this case and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2).  That the request is overbroad  and requests documents that are not relevant to the claims or defenses in this proceeding is shown by the request for documents related to "gender, race, disability, comp claim, injury, impairment, health condition, prior employment, application, discipline, failure to rehire or reinstate to employment or application for employment", and that there is no "incident" made the basis of this suit. Without waiving the objections, see the pre-employment correspondence being produced.

37.    Defendant's organizational charts applicable for the years 2012, 2013, 2104, 2015 and/or the current year, including, but not limited to, Defendant's officers and heads of each of Defendant's departments, divisions, subdivisions, or branches potentially responsible for the incident made the basis of this suit.

RESPONSE:        Defendant objects to the part of the request regarding "incident made the basis of this suit" as there is no such incident.  Without waiving the objection, Defendant will produce its organizational chart.

38.    Documents relating to each person or entity who has ever sued the Defendant or who has ever written or caused to be written any letter to the Defendant threatening to sue the Defendant over the past ten (10) years, involving incidents similar to, although not identical, to the incident made the basis of this suit, including any claims involving FLSA, overtime or pay, wrongful discharge, retaliatory discharge and/or violations of the Texas Labor Code, the FLSA.

RESPONSE:        Defendant objects to this request as it requests documents not relevant to the overtime claims of Plaintiff and defenses in this case, and is overbroad in scope and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2), in that it requests documents related to the "incident made the basis of this suit" and there is no alleged incident made the basis of this suit as

Plaintiff has asserted a claim for overtime under the FLSA, and requests documents relating to "wrongful discharge, retaliatory discharge and/or violations of the Texas Labor Code," none of which are asserted in this proceeding. Further objection is made that any other lawsuits or even threats against Defendant for violations of the FLSA are not relevant to the claims and defenses asserted in this proceeding. Without waiving the objection, Sabrina Watts, represented by Plaintiff's counsel, is presently a Defendant in a lawsuit wherein she is seeking benefits under the FLSA.

39.  Documents reflecting any complaints, warnings, reprimands or other disciplinary measures taken against or involving Plaintiff, either by Defendant and/or any third party.

RESPONSE:  Defendant objects to these requests as not relevant to the claims and defenses in this case, and overbroad in scope, and exceeding the scope of discovery permitted in FRCP 26(b)(1)-(2). These requests relate not to Plaintiff's claim for overtime in this proceeding but to his claims that have been asserted in an EEOC charge that are not a part of this proceeding, and to those claims that the Court has instructed counsel for Plaintiff to remove any reference to in the pleadings in this proceeding.

40.  Documents reflecting Defendant's, its agents, representatives, employees or someone on its behalf conducting an investigation of Plaintiffs complaint, the events which lead to Plaintiffs resignation, lay-off discharge and/or termination of employment, including investigatory reports, statements, phone messages and/or similar documents.

RESPONSE:  Defendant objects to these requests as not relevant to the claims and defenses in this case, and overbroad in scope, and exceeding the scope of discovery permitted in FRCP 26(b)(1)-(2). These requests relate not to Plaintiff's claim for overtime in this proceeding but to his claims that have been asserted in an EEOC charge that are not a part of this proceeding, and to those claims that the Court has instructed counsel for Plaintiff to remove any reference to in the pleadings in this proceeding.

41.  All documents and statements on which defendant relied to lay-off, failure to rehire or reinstate to employment or application for employment, terminate and/or discipline Plaintiff.

RESPONSE:  Defendant objects to these requests as not relevant to the claims and defenses in this case, and overbroad in scope, and exceeding the scope of discovery permitted in FRCP 26(b)(1)-(2). These requests relate not to Plaintiff's claim for overtime in this proceeding but to his claims that have been asserted in an EEOC charge that are not a part of this proceeding, and to those claims that the Court has instructed counsel for Plaintiff to remove any reference to in the pleadings in this proceeding.

42.  Documents setting out the investigatory process used to determine whether or not to terminate and/or discipline the employment of Plaintiff, and the name and address of the persons who conducted such investigation.

RESPONSE:            Defendant objects to these requests  as not relevant to the claims and defenses in this case, and overbroad in scope, and exceeding the scope of discovery permitted in FRCP 26(b)(1)-(2).  These requests relate not to Plaintiff's claim for overtime in this proceeding but to his claims that have been asserted in an EEOC charge that are not a part of this proceeding, and to those claims that the Court has instructed counsel for Plaintiff to remove any reference to in the pleadings in this proceeding.

43.    Documents reflecting the identity and investigation of any and all employees of Defendant who resigned and/or were terminated within the last ten (10) years under and/or for the same policy, procedure, rule and/or regulation that was utilized and implemented by the Defendant in terminating the employment, failure to rehire or reinstate to employment or application for employment, disciplining, discharging, or "laying-off of Plaintiff.

RESPONSE:            Defendant objects to these requests  as not relevant to the claims and defenses in this case, and overbroad in scope, and exceeding the scope of discovery permitted in FRCP 26(b)(1)-(2).  These requests relate not to Plaintiff's claim for overtime in this proceeding but to his claims that have been asserted in an EEOC charge that are not a part of this proceeding, and to those claims that the Court has instructed counsel for Plaintiff to remove any reference to in the pleadings in this proceeding.

44.    Documents reflecting the identity and investigation of any and all employees of Defendant who could have been but were not terminated within the last ten (10) years under and/or for the same policy, procedure, rule and/or regulation that was utilized and implemented by the Defendant in terminating the employment, demotion, failure to promote, disciplining, discharging, failure to rehire or reinstate to employment or application for employment, or "laying-off of Plaintiff,  including those  employees that were simply given a warning, suspended and/or given other disciplinary measures other than that given or applied to Plaintiff.

RESPONSE:            Defendant objects to these requests  as not relevant to the claims and defenses in this case, and overbroad in scope, and exceeding the scope of discovery permitted in FRCP 26(b)(1)-(2).  These requests relate not to Plaintiff's claim for overtime in this proceeding but to his claims that have been asserted in an EEOC charge that are not a part of this proceeding, and to those claims that the Court has instructed counsel for Plaintiff to remove any reference to in the pleadings in this proceeding.

45.    Defendant's investigation file related to the complaints involved in this litigation, including any documents provided to the EEOC or any agency involved in the investigation of Plaintiff's complaints.

RESPONSE:            Defendant objects to this request for the reasons stated above in responses to Requests No. 39—44 as it relates to the EEOC.  Without waiving the objection, none.

46.    Defendant's file related to any unemployment compensation claim filed by Plaintiff, including any documents provided to any agency related to said claim.

RESPONSE:         Defendant objects to these requests  as not relevant to the claims and defenses in this case, and overbroad in scope, and exceeding the scope of discovery permitted in FRCP 26(b)(1)-(2).  These requests relate not to Plaintiff's claim for overtime in this proceeding but to his claims that have been asserted in an EEOC charge and claim for unemployment that are not a part of this proceeding, and to those claims that the Court has instructed counsel for Plaintiff to remove any reference to in the pleadings in this proceeding.

47.    Documents reflecting the identity of any new employees hired by Defendant during the one year period before and/or after Plaintiff's resignation, termination and/or lay off, failure to rehire or reinstate to employment or application for employment, setting out the position, for which they were hired, identity of the employee, the age, race and/or gender of the employee.

RESPONSE:         Defendant objects to these requests  as not relevant to the claims and defenses in this case, and overbroad in scope, and exceeding the scope of discovery permitted in FRCP 26(b)(1)-(2).  These requests relate not to Plaintiff's claim for overtime in this proceeding but to his claims that have been asserted in an EEOC charge that are not a part of this proceeding, and to those claims that the Court has instructed counsel for Plaintiff to remove any reference to in the pleadings in this proceeding.

48.    Documents reflecting the identity of any employees terminated and/or laid off by Defendant during the one year period prior to and the one year period after Plaintiff's resignation, termination, failure to rehire or reinstate to employment or application for employment, and/or lay off, setting out the reason for termination and/or lay off and/or resignation, the identity of the employee, the age, race and/or gender of the employee, and any job or workplace related complaints previously filed or asserted by Defendant.

RESPONSE:         Defendant objects to these requests  as not relevant to the claims and defenses in this case, and overbroad in scope, and exceeding the scope of discovery permitted in FRCP 26(b)(1)-(2).  These requests relate not to Plaintiff's claim for overtime in this proceeding but to his claims that have been asserted in an EEOC charge that are not a part of this proceeding, and to those claims that the Court has instructed counsel for Plaintiff to remove any reference to in the pleadings in this proceeding.

49.    Produce a copy of all documents which support any contention that Defendant considered Plaintiff to be exempt from the overtime requirements of the Fair Labor Standards Act.

RESPONSE:         Defendant objects to this request as it is overbroad in scope in that it requests "all documents which support any contention that Defendant considered Plaintiff to be exempt from the overtime requirements of the Fair Labor Standards Act".  Such request does not describe with reasonable particularity each item or category of items as required by FRCP 34(b)(1)(A) and would be similar to a request to Plaintiff to produce all documents which support any claim he has for overtime, which for both parties would include almost any and all documents relevant to Plaintiff's claim and Defendant's defenses.   Without waiving such objections, Defendant will produce

documents that show that Plaintiff earned more than $455.00 a week, that his primary duty of performance of office work directly related to the management or general business operations of the Defendant or Defendant's customers, and that his primary duty included the exercise of discretion and independent judgment with respect to matters of significance, and see the documents referenced in response to Request No. 24.

50.   Produce a copy of all communications, emails, correspondence to and from any attorney regarding whether employee(s) of defendant in Plaintiff's position was/were exempt under or covered by the Fair Labor Standards Act overtime provisions from January 1, 2011, to present.

RESPONSE:          None.

51.   Produce a copy of all communications *I* emails, correspondence to and from any person, organization, entity, or government agency regarding whether the defendant was covered by the Fair Labor Standards Act overtime provisions from January 1, 2008, to present.

RESPONSE:          See response to Request No. 49.

52.   Produce a copy of all records that evidence or show or establish the number of hours worked by Plaintiff during each week of Plaintiff's employment with the defendant from January 1, 2012 to present.

RESPONSE:          See response to Request No. 49.

53.   Produce a copy of all records that evidence or show or establish the number of hours defendant alleges or would show that Plaintiff worked during each week of employment with the defendant from January 1, 2012 to present.

RESPONSE:          See response to Requests No. 49 and No. 17.

54.   Produce all documents that you relied upon in determining or classifying the Plaintiff, as an employee exempt under the Fair Labor Standards Act (FLSA).

RESPONSE:          Defendant objects to this request as vague, overbroad and failing to describe with reasonable particularity each item or category of items as required by FRCP 34(b)(1)(A).

55.   Produce a copy of all documents, emails, correspondence, ESI to and from the following persons regarding whether any Plaintiff was an exempt employee.

   (A) Any supervisor or manager of Plaintiff
   (B) Any officer or director or manager of any defendant

RESPONSE:          None.

RESPONSE:          None.

56. – 60. RESPONSE: Plaintiff did not submit Requests numbered 56 -60 which further supports Defendant's belief that the Requests are boilerplate and stock Requests in that it appears that Plaintiff may have deleted numbered requests 56-60 in his stock requests  without re-numbering the remaining requests.

61.   Regarding the position / job opening for which Plaintiff applied and was hired and any subsequent positions to which he/she was transferred and/or promoted, produce a copy of: all ads and position postings, the written job description, any guides, templates, guidelines, handbooks regarding performance of the job and/or regarding pay structure and methods for determining pay and/or billing for the position or work performed by Plaintiff and others similarly situated.

RESPONSE:          Defendant objects to producing any documents related to "others similarly situated" as Plaintiff is the sole plaintiff in this proceeding and any documents related to "others similarly situated", if any, are not relevant to the claims and defenses asserted by Plaintiff in this proceeding and the request is overbroad and exceeds the scope of discovery as permitted by FRCP 26(b)(1)-(2).  Without waiving the objection, see documents being produced referenced in previous requests herein.

62.   Produce a copy of the written job description, written job duties and written job requirements for Plaintiff from date of hire until his/her employment ended.

RESPONSE:          Defendant objects as this request is duplicative of Request No. 29. Without waiving the objections, see documents being produced in response to previous requests.

63.   Produce a copy of the job posting, job description and application of person selected for the position which Plaintiff held after Plaintiff's separation of employment.

RESPONSE:          Defendant objects to producing any documents related to the requested documents and any person, if any, selected for the position Plaintiff had held after Plaintiff's separation of employment from Defendant, as Plaintiff is the sole Plaintiff in this proceeding and documents related to any employee hired subsequent to Plaintiff's employment are not relevant to the overtime claims of Plaintiff and defenses asserted in this proceeding, and thus is overbroad and exceeds the scope of discovery as permitted by FRCP 26(b)(1)-(2).  See objection and response to Request No. 62.

64.   Produce a copy of all documents setting out the job duties, wages, job requirements, position responsibilities of a person in Plaintiff's position.

RESPONSE:          Defendant objects to this request in that it is duplicative of Requests No. 62 and No. 63 above, and see documents being produced in response to previous requests.

65.     For the time period January 1, 2008, to present, produce a copy of all Employee Handbooks, including revised or amended Employee Handbooks that existed for each Defendant and that would apply to Plaintiff.

RESPONSE:          Defendant will produce a copy of its employee handbook.

66.     Produce a copy of all documents setting out the work schedule, time schedule, overtime schedule and/or overtime limitations or guidelines of an employee and/or for Plaintiff or person in Plaintiff s position.

RESPONSE:          Defendant has no responsive documents related to overtime schedule or overtime limitations or guidelines regarding Plaintiff or any person in the position that Plaintiff held as Plaintiff was exempt from overtime.  Defendant will produce any responsive documents regarding Plaintiff's work schedule, and see documents being produced in response to previous requests.

67.     Produce a copy of all documents and/or ESI setting out the work schedule, time schedule, oveltime schedule and/or overtime limitations or guidelines of a employee in Plaintiff s position and/or for Plaintiff.

RESPONSE:          Defendant objects to this request in that it is duplicative of Request No. 66 above.

68.     Produce a copy of all documents and/or ESI that reflect or refer to which individual(s) was/were responsible for compensating Plaintiff, who made decisions regarding Plaintiff's compensation, and the amounts paid to him/her.

RESPONSE:          Defendant, not any individual, was responsible for compensating Plaintiff in accordance with the offer letter to Plaintiff, a copy of which will be produced, and Defendant compensated Plaintiff accordingly.

69.     Produce a copy of all documents and/or ESI that reflect or refer to Plaintiff s time records, printouts of the hours and days worked by Plaintiff for Defendants, including time cards, work schedules, pay records, timesheets, reports to or reports received by any third party, and/or any other documents, reflecting time and days worked by Plaintiff during Plaintiff's employment with Defendant(s).

RESPONSE:          Defendant objects to this request in that it is duplicative of previous requests, including Request No. 33, Request No. 52, Request No. 53, Request No. 66 and Request No. 67.

70.     Produce a copy of all documents and/or ESI that reflect or refer to any employment contracts, agreements, or terms of employment to which Plaintiff was subject during his/her employment with Defendant.

RESPONSE:        Defendant objects to this request in that it is overbroad and vague as it requests "all documents and/or ESI" regarding unspecified contracts or agreements and does not describe with particularity each item or category of items as required by FRCP 34(b)(1)(A), and exceeds the scope of discovery permitted in FRCP 26(b)(1)-(2). Without waiving the objection, Defendant will produce a copy of the offer letter to Plaintiff.

71.    Produce a copy of all documents and/or ESI that reflect or refer to or relied upon you in answering the Counter-claims of Plaintiff, including any defenses asserted therein, and/or identified in your answers to (or supplements thereto) Plaintiff's Interrogatories.

RESPONSE:        Defendant objects to this request as harassing and not relevant to the claims and defenses in this proceeding as it refers to the "Counter-claims of Plaintiff", which none has been asserted by Plaintiff, and refers to "Plaintiff's Interrogatories", none of which has been submitted.

72.    Produce a copy of all documents and/or ESI that reflect or refer to or which indicate that you do not owe the sums claimed by Plaintiff in his/her Complaint or statement of position and/or demand sent in this matter.

RESPONSE:        Defendant objects to this request as overbroad and vague, and it does not describe with particularity each item or category of items as required by FRCP 34(b)(1)(A). See also the response to Request No. 49.

73.    Produce a copy of all documents and/or ESI that reflect or refer to any document retention policy or procedure in effect for any Defendant from January 2010 to the present.

RESPONSE:        None.

74.    Produce a copy of all documents and/or ESI that reflect or refer to the amount of work performed or that negates the reasonableness of the inference the Plaintiff's evidence supports with regard to the number of hours and overtime hours worked.

RESPONSE:        Defendant objects to this request as it is duplicative in part to previous requests by requesting documents reflecting the amount of work performed by Plaintiff, including Request No. 66 and Request No. 67. Defendant further objects to this request in that it refers to the "Plaintiff's evidence" and Plaintiff has produced no evidence but only allegations.

75.    Produce a copy of all documents and/or ESI that reflect or refer to the amount of work performed, including regular time and overtime worked by all employees in position held by Plaintiff from January 1, 2012 to the present for each week during that period.

RESPONSE:        Defendant objects to this request in that it requests information, if any, regarding persons not parties to this proceeding in which Plaintiff is the sole plaintiff, and thus, the request is overbroad in scope and requests documents that are not related to the claims and defenses in this proceeding. Moreover, Defendant, in previous responses to above requests, has stated that it will produce responsive documents regarding Plaintiff's work schedule and compensation.

76. Produce a copy of all documents and/or ESI that reflect or refer to the amount of any settlement or payment and/or calculation of that amount for any employee in the position held by Plaintiff from January 1, 2010 to the present for each week during that period.

RESPONSE:        Defendant objects to this request in that it requests information, if any, regarding persons not parties to this proceeding in which Plaintiff is the sole plaintiff, and thus, the request is overbroad in scope and requests documents that are not related to the claims and defenses in this proceeding.  Without waiving the objections, see Plaintiff's payroll records which are being produced.

77. Produce a copy of all documents and/or ESI that reflect or refer to any prior suits, claims or DOL investigations regarding unpaid overtime, FLSA, or claims involving the method of pay for employees of defendant, including judgments or orders and from January 1, 2005 to the present.

RESPONSE:        Defendant objects to this request in that it requests information, if any, regarding persons not parties to this proceeding in which Plaintiff is the sole plaintiff, and thus, the request is overbroad in scope and requests documents that are not related to the claims and defenses in this proceeding.  Without waiving the objection, see response to Request No. 38.

78. Produce a copy of all documents and/or ESI that reflect or refer to any devices used to scan or card into the building or workspace and/or scan into or check into work and/or log onto or scan onto any computer used by Plaintiff both before, during or at the end of any workday or device from January 1, 2012 to the present.

RESPONSE:        None.

79. Produce a copy of all documents and/or ESI that reflect identify or refer to the employer of Claimant during any time from January 1, 2012 to the time of trial.

RESPONSE:        The employer of Plaintiff was Stevens Tanker Division, LLC, and Plaintiff already has documentation reflecting that it was the employer of Plaintiff.

80. Produce a copy of all documents and/or ESI that reflect identify or refer to any amounts paid to Plaintiff during his employment with Defendant during any time from January 1, 2012 to the time of trial, including bonus plans and bonus records, payroll records, documents reflecting pay calculations, documents reflecting overtime pay and/or calculation and copies of checks issued to Plaintiff.

RESPONSE:        Defendant objects to this request as it is duplicative of previous requests, including Request No. 33 and Request No. 34.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL ESPINOSA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-CV-879-XR |
| | § | |
| | § | |
| STEVENS TANKER DIVISION, LLC, | § | |
| Defendant | § | |

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

On this day  came on for consideration Plaintiffs' Motion to Compel.  Upon review of the

pleadings and the applicable law, it was determined that the said Motion should be GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion to

Compel is hereby GRANTED in the following manner and that Defendant shall respond and produce

documents  to  the  following  Plaintiff's  Third  Requests  for  Production   on  or  before

_____, 2016: .

**Disclosures**

Defendant  shall  make  disclosures  and  produce  all  documents  to  Plaintiffs    Alice  Fay  Hart,

Krystynn McCaffrey, Kia McChristian and  Heather  Shipp the following documents:

1. payroll records
2. hiring and separation of employment documents
3. separation of employment records
4. payroll records
5. attendance records
6. job posting
7. job duties
8. policy manual
9. employee handbook

10.  personnel file

**Plaintiff's Requests for Production**

Defendant shall produce all responsive documents to Plaintiff's First and Second Requests in the following manner:

Plaintiff's Second Request for Production No. 1:      GRANTED      ;   DENIED

Plaintiff's Second Request for Production No. 5:      GRANTED      ;   DENIED

Plaintiff's Second Request for Production No. 6:      GRANTED      ;   DENIED

Plaintiff's Second Request for Production No. 7:      GRANTED      ;   DENIED

Plaintiff's Second Request for Production No. 8:      GRANTED      ;   DENIED

Plaintiff's Second Request for Production No. 9:      GRANTED      ;   DENIED

Plaintiff's Second Request for Production No. 11:   GRANTED      ;   DENIED

Plaintiff's Second  Request for Production No. 12:   GRANTED      ;   DENIED

Plaintiff's First Request for Production No. 37:      GRANTED      ;   DENIED

Plaintiff's First Request for Production No. 50:      GRANTED      ;   DENIED

Plaintiff's First Request for Production No. 54:      GRANTED      ;   DENIED

Plaintiff's First Request for Production No. 55:      GRANTED      ;   DENIED


on or before _____, 2016



SIGNED and ENTERED this _____ day of _____, 2016.

_____
JUDGE PRESIDING