UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL ESPINOSA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.   SA-15-CV-879-XR |
| | § | |
| STEVENS TANKER DIVISION, LLC, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## ORDER

On this day, the Court considered Plaintiff Michael Espinosa's Motion for Conditional Class Certification (docket no. 20) and Defendant Stevens Tanker Division, LLC's Motion to Strike (docket no. 33).   After careful consideration, the Court will GRANT IN PART and DENY IN PART Plaintiff's Motion for Conditional Class Certification and GRANT Defendant's Motion to Strike.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Michael Espinosa filed his Complaint on October 12, 2015, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.   Docket no. 1 at 1.   Espinosa was employed as a dispatcher for Defendant Stevens Tanker Division, LLC ("Stevens").   He claims his duties included answering phone calls, informing drivers of dispatch sites, recording information from drivers who were present at job sites, and other office tasks.   Docket no. 20 at 2. He alleges he worked a schedule of "one week on and one week off" and that during the "on" weeks he regularly worked approximately 84 hours a week.   Docket no. 1 at 3.   He claims he was

1

improperly classified as an exempt employee and did not receive overtime pay for the hours he worked in excess of forty hours. *Id.* The Complaint states that Espinosa brings his claim "on behalf of all similarly situated present and former employees of Defendant who were either misclassified and/or not properly paid for all overtime due and/or not paid for all hours worked." *Id.*

In his Motion for Conditional Class Certification, Espinosa seeks to certify a class comprised of "Salaried Dispatchers and/or salaried employees who worked for Defendant at any time from three years prior to the date of suit in this matter to the present who were not properly paid overtime, and/or were paid a day rate for hours worked over forty per week who as employed by defendant at any of Defendant's offices." Docket no. 20 at 12. He defines the scope of the proposed class as "all salaried dispatchers and salaried office employees." *Id.* at 3. He also requests expedited notice and tolling of the statute of limitations. *Id.* at 10.

Stevens filed a Response that opposes the Motion. Docket no. 22. It argues that the motion must fail because it is not supported by any evidence and does not establish a class of similarly situated employees. *Id.* at 1. Espinosa then subsequently filed a "Responsive Supplement in Response to Defendant's Response." Docket no. 23. It provides further detail on the job duties of the proposed class and declarations from three potential class members. *Id.* at 3, 4, 7–16. Stevens then filed an Unopposed Motion for Leave to File a Surreply, which the Court granted, and a Surreply. Docket nos. 24, 27. In the Surreply, it argues that the declarations provided in the Supplement fail to meet the necessary burden for conditional certification and do not establish a putative class of similarly situated individuals. Docket no. 27 at 2.

Espinosa then filed a Response to the Surreply that seems to amend the scope of the

2

proposed class.  Docket no. 29 at 2.  It states that he has provided sufficient evidence of job classification and job duties to establish a class composed of past and present "[d]ispatchers who were paid a fixed salary and not paid hourly overtime for hours worked over forty (40) hours in a week."  *Id.*  The prayer for relief in this Response asks the Court to conditionally certify a class composed of "salaried dispatchers" who "worked for Defendant at any time from three years prior to the filing of the present suit who were not properly paid overtime, and/or were paid a day rate for hours worked over forty per week who were employed by Defendant at any of Defendant's offices."  *Id.* at 4.  Stevens then filed a Motion to Strike this latest Response by Espinosa. Docket no. 33.  Stevens argues that the Response should be stricken because Espinosa failed to obtain leave of court and because the Response was not timely filed.  *Id.* at 2.

**MOTION TO STRIKE**

Local Rule 7 of the Western District of Texas sets forth the filings allowed in response to and in support of motions.  W.D. Tex. Local Rule 7.  Local Rule 7(f)(1) states that a party may file a reply in support of a motion, but after that no further filings are permitted unless the party seeks leave of court.  *Id.*  Espinosa failed to seek leave of this Court to file his Response to the Surreply (docket no. 29) and thus it is stricken.  The Motion to Strike Plaintiff's Response to Defendant's Surreply is granted.

**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

**I.     Conditional Class Certification**

29 U.S.C. § 216 permits an employee to bring an action against an employer "[on] behalf of himself . . . and other employees similarly situated."  Unlike a Rule 23 class action, in which plaintiffs "opt out" of the class, a § 216 plaintiff must "opt in" to become part of the class.  *See*

3

Fed. R. Civ. P. 23; *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). Accordingly, the method adopted by this Court[1] for determining whether to certify a collective action under § 216(b)—the *Lusardi* two-tiered approach—involves conditional certification, allowing the plaintiff to notify potential members of the action, followed by a factual determination at a second stage as to whether the putative class members are similarly situated. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987); *Mooney*, 54 F.3d at 1213–14.

In the first stage, called the notice stage, the district court must make an initial determination whether notice of the action should be sent to potential class members.   *Lusardi v. Xerox Corp.*, 118 F.R.D. at 351; *Mooney*, 54 F.3d at 1213.   This determination is based solely on the pleadings and affidavits.   The pleadings and affidavits must make a preliminary factual showing that a similarly situated group of potential plaintiffs exists.   *Trezvant v. Fid. Employer Servs. Corp.*, 434 F. Supp. 2d 40, 43 (D. Mass. 2006).   The standard is a lenient one typically resulting in conditional certification of a representative class to whom notice is sent and whose members receive an opportunity to opt in.   "The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court."   *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001); *see* U.S.C. § 216(b); *Mooney*, 54 F.3d at 1213–14.

Once conditional certification is granted, the case proceeds through discovery as a representative action.   *Mooney*, 54 F.3d at 1214.   Upon completion of discovery, the defendant may file a motion for decertification.   *Id.*   At this second stage of the analysis, the district court

---

[1] The Fifth Circuit has specifically permitted district courts to apply the *Lusardi* approach at the district court's discretion, but has not formally adopted the *Lusardi* approach itself.   *Mooney*, 54 F.3d at 1214.   This Court has previously applied the *Lusardi* approach.   *See, e.g., Barrera v. MTC, Inc.*, SA-10-CV-665-XR, 2011 WL 809315 (W.D. Tex. Mar. 1, 2011).

should make a factual determination as to whether the putative class members are similarly situated. *Id.* If so, then the representative action may proceed; if not, then the class should be decertified, the opt-in plaintiffs dismissed, and the class representatives should be allowed to proceed on their individual claims. *See Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753, 754–55 (S.D. Tex. 2004).

Stevens argues that the proposed class, as initially submitted in Espinosa's Motion for Conditional Class Certification, does not constitute a group of similarly situated individuals. Docket no. 22 at 5. Stevens contends that a proposed class consisting of "all salaried dispatchers and all office employees" is overly broad and that Espinosa has provided no evidence that these putative class members performed the same job duties or were subject to the same policies. *Id.* at 5–6. It also maintains that Espinosa has provided no evidence as to the identity of the "salaried office employees," their position, job function, qualifications, location, and payment practices.

A finding that employees are similarly situated does not require that the employees work in identical positions. *Mateos v. Select Energy Services*, LLC, 977 F. Supp. 2d 640, 643–45 (W.D. Tex. 2013) (citing *Walker v. Honghua Am., LLC*, 870 F.Supp.2d 462, 468 (S.D. Tex. 2012)). However, to satisfy the "similarly situated" standard, a plaintiff must provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n. 8 (quoting *Sperling v. Hoffmann–La Roche, Inc.*, 118 F.R.D. 392, 407 (D. N.J. 1988)). Furthermore, the class member representatives "must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Ryan v. Staff Care, Inc.*, 497 F.Supp.2d 820, 824–25 (N.D. Tex. 2007). In other words, while "[s]light differences in job duties or functions do not run afoul of the

5

similarly situated requirement," *Tolentino v. C & J Spec–Rent Servs., Inc.*, 716 F.Supp.2d 642, 651 (S.D. Tex. 2010), "[i]f the job duties among putative class members vary significantly, then class certification should be denied." *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 918 (S.D. Tex. 2010).

Espinosa has not shown that "all salaried office employees" employed by Stevens are similarly situated in terms of job requirements and payment provisions.   In the Supplement filed, he provides declarations from three putative class members: himself, an employee named Alice Hart, and an employee named Kiya McChristian.   Docket no. 23 at 8–16.   Espinosa and McChristian worked as dispatchers.  *Id.* at 8, 15.   Hart worked as an office employee for a period of time and then became a dispatcher.  *Id.* at 11.   While the declarations establish that the dispatchers had similar job duties and were subject to the same policies, there is no evidence whatsoever that establishes that "all salaried office employees" at Stevens are similarly situated employees.   Hart's declaration does not mention other office employees and only discusses her knowledge of other dispatchers.  *Id.* at 12.   The Court agrees with Stevens's assertion that a class that includes "all salaried office employees" is too broad and that Espinosa has not shown that such a group constitutes a group of similarly situated individuals.   However, while unclear, it seems in later briefings that Espinosa is no longer proposing a class consisting of dispatchers and all salaried office employees, but of just dispatchers.   The Court finds that such a modification is appropriate, and that the proposed conditional class shall consist of:

> All past or present salaried dispatchers who worked for Defendant any time since October 12, 2012, at any of Defendant's locations, who were not paid overtime compensation.

Next, Stevens argues that Espinosa has not shown that similarly situated employees wish to

join the lawsuit.   Docket no. 22 at 7; docket no. 27 at 4.   However, the declarations provided by Espinosa indicate that Espinosa, Hart, and McChristian each indicate that they are aware of other dispatchers who were not paid overtime hours that would like to receive notice of the lawsuit and would be interested in recovering lost wages.   Docket no. 23 at 8, 12, 15.   The Court finds that this is sufficient to show that there are similarly situated individuals interested in joining the lawsuit.

Thus, to the extent Espinosa was still seeking conditional certification of all salaried office employees, this is denied.   However, the Motion for Conditional Certification is granted as modified above, and the Court will grant initial conditional certification of a class composed of all past or present salaried dispatchers who worked for Defendant any time since October 12, 2012, at any of Defendant's locations, who were not paid overtime compensation.

**II.      Discovery and Notice**

Espinosa requests that Stevens provide the full name and contact information for potential class members.   Docket no. 20 at 8.   He also requests that the Court order Stevens to provide this information within ten days after the date of this Order, that it authorize notice, and that a deadline of 60–90 days be imposed for individuals to opt-in to the suit.   *Id.* at 9.

The Court finds it appropriate to order Stevens to produce a list—in electronic format—of the names, last known physical address, last known email address, and last four digits of social security number of all current and former employees in the class as granted above within fourteen days of this Order.   Upon receipt of the list, Plaintiff shall send notice to potential class members with a date-specific deadline for opting-in that is sixty days from the date of the mailing of the notices.   Counsel for both parties are to confer regarding the content of the notice and should

notify the Court in the case of any disputes.

### III.   Tolling of the Statute of Limitations

Finally, Espinosa asks that the Court toll the statute of limitations for the putative class members for the time this Motion was pending and until such time as they opt-in.   Docket no. 20 at 10.   The Fifth Circuit has adopted a strict view of the FLSA's statute of limitations.   *McKnight v. D. Houston, Inc.*, 756 F.Supp.2d 794, 808 (S.D. Tex. 2010) (citing *Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983)).   Additionally, "[e]quitable tolling applies only in rare and exceptional circumstances." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). "Courts grant requests for equitable tolling most frequently where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.*

The Court concludes that Espinosa has not carried his burden of showing the extraordinary circumstances required to justify equitable tolling in this case.   He has provided no facts or reasons that would warrant such a ruling.   Courts in the Fifth Circuit regularly deny motions for equitable tolling when the only justification provided is the delay in deciding a motion for conditional class certification.   *See, e.g.*, *Pacheco v. Aldeeb*, Civ. Ac. No. 5:14-CV-121, 2015 WL 1509570, at *8–9 (W.D. Tex. Mar. 31, 2015); *Mejia v. Bros. Petroleum, LLC*, Civ. Ac. No. 12-2842, 2014 WL 3853580, at *2 (E.D. La. Aug. 4, 2014).    As such, this portion of the motion is denied.

### CONCLUSION

Plaintiff Michael Espinosa's Motion for Conditional Class Certification (docket no. 20) is GRANTED IN PART and DENIED IN PART.   Defendant Stevens Tanker Division, LLC's

Motion to Strike (docket no. 33) is GRANTED.

The Court concludes that the allegations and evidence are sufficient to allow initial conditional certification of the case as a collective action, and defines the class as: All past or present salaried dispatchers who worked for Defendant any time since October 12, 2012, at any of Defendant's locations, who were not paid overtime compensation.

Defendant is ORDERED to produce the contact information as specified above within fourteen (14) days of this Order and Plaintiff shall send notice to potential class members with a date-specific deadline for opting-in that is sixty days (60) from the date of the mailing of the notices.   Counsel shall confer regarding the content of the notice.

The Court will deny Plaintiff's request to toll the statute of limitations.

The parties are further ORDERED to confer and submit a written advisory to the Court regarding whether or not in light of this Order an amended Scheduling Order is appropriate by August 19, 2016.

It is so ORDERED.

SIGNED this 5th day of August, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE