IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL ESPINOSA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:15-CV-879 |
| STEVENS TANKER DIVISION, LLC, | § § § | |
| Defendant. | § | |

# DEFENDANT STEVENS TANKER DIVISION, LLC'S MOTION TO VOID OPT-IN CONSENTS

*Examples of abusive conduct by parties to a class action in communicating with prospective class members that may be subject to judicial remedies include providing false, misleading or intimidating information, or other misconduct such as concealing material information or conducting communications with a represented party.*

*Gordon v. Kaleida Health,* 737 F. Supp. 2d 91, 96-97 (W.D.N.Y. 2010).

Defendant Stevens Tanker Division, LLC ("Defendant," "Tanker Division" or "TD") files this Motion to Void Opt-In Consents (the "Motion") for Plaintiff's surreptitious unilateral communications scheme to solicit potential class members to this lawsuit as follows:[1]

---

[1] In accordance with Local Rule CV-7(i), the Court is advised that it is believed that this motion is opposed since Plaintiff's counsel have not responded to the request as to whether the motion is opposed or agreed to.

# SUMMARY OF THE MOTION AND RELIEF SOUGHT

This Motion seeks to reverse the surreptitious unilateral communications scheme by Plaintiff's counsel to recruit potential class members to join this lawsuit for personal gain. The Court ordered a single notice to potential class members in a form agreed to by counsel. Plaintiff's counsel sent five communications to potential class members: (5) letters (one stand-alone) and four (4) cover letters that accompanied the notice and opt-in forms and four (4) notice and opt-in forms (two in the form negotiated between counsel and two authored solely by Plaintiff's counsel which Tanker Division's counsel rejected prior to the form negotiated between counsel). All five letters contained false, misleading or intimidating information which Tanker Division's counsel were never alerted to and were never agreed upon. The two notice and opt-in forms authored by Plaintiff's counsel also contain false and misleading information which is why Tanker Division's counsel rejected them. Plaintiff's counsel nevertheless sent the rejected notice and opt-in forms twice to the potential class members. Plaintiff's counsel's surreptitious unilateral communications scheme was conducted in bad faith to recruit class members to increase their claim for a higher attorney fee (33% of any recovery).[2]

This Motion will demonstrate each opt-in signed a consent to join this lawsuit within days after each improper communication. To level the playing field, Tanker Division seeks to strike and void any opt-in consent obtained in contravention of the Court's role in

---

[2] *See* **EXHIBIT "A"** (Poncio/Espinosa attorney fee agreement – 33% of any settlement or judgment).

administering the class action notice process to potential class members.³ Tanker Division also seeks sanctions in the form of attorney fees to file this Motion.

## BACKGROUND FACTS/TIMELINE

Michael Espinosa ("Espinosa"), a former dispatcher for Tanker Division, filed this lawsuit to recover unpaid overtime. Espinosa asserted that the lawsuit was filed as a potential collective action. Espinosa is represented by Adam Poncio and Chris McJunkin. Poncio also represents another former Tanker Division dispatcher, Sabrina Watts ("Watts"), in a separate state court lawsuit pending in Bexar County, Texas. The Watts lawsuit also seeks to recover unpaid overtime and while plead as a collective action, is not currently maintained as such. In March 2016, Poncio obtained discovery in the Watts lawsuit that he inappropriately used to solicit Tanker Division's current and former dispatchers to join this lawsuit, and with McJunkin, have engaged in a surreptitious unilateral communications scheme to solicit those same dispatchers to join this lawsuit sending four (4) additional notices in the 60-day opt-in period ordered by this Court on August 5, 2016 without Tanker Division's consent or input.⁴ The chart below summarizes Plaintiff's counsel's surreptitious communications scheme.

---

³ The consents were subsequently filed and Tanker Division requests the Court to take judicial notice of each.
⁴ A March 24, 2016 letter and four (4) letters sent with the collective action notice and opt-in forms on August 22, 2016, September 2, 2016, October 14, 2016 and October 18, 2016 constitute the 5 letters/communications Plaintiff's counsel have sent to the 67 present and former Tanker Division dispatchers.

> *"A unilateral communications scheme . . . is rife with the potential for coercion."*
>
> *Kleiner v. First Nat'l Bank of Atlanta,* 751 F.2d 1193, 1202 (11th Cir. 1985).

| Date | Event | Tanker Division Notified? | Defect |
|---|---|---|---|
| Jan 16, 2015 | TD files a lawsuit vs. Watts in Bexar County for breach of contract. | N/A | N/A |
| Feb 11, 2015 | Watts files a counterclaim collective action (FLSA and Title VII). | N/A | N/A |
| Oct 12, 2015 | Espinosa files this separate collective action (FLSA and Title VII). | N/A | N/A |
| Mar 9, 2016 | Watts files a motion to compel production of dispatcher names and addresses, claiming that such would be used solely for investigatory purposes. | Yes | N/A |
| Mar 21, 2016 | Following Poncio's specific denial in open court that he did not intend to use this information to solicit class members, a Bexar County judge orders TD to produce the dispatcher names and contact information. | Yes | N/A |
| Mar 24, 2016 | Upon receipt of this information, Poncio immediately solicits all 67 dispatchers to join the Espinosa collective action. *See* **EXHIBIT "B."** | NO | • Solicitation sent 1 month before Poncio filed the motion for class certification here.<br>• Misrepresents putative class as including all "employees" not the narrower class of dispatchers.<br>• Misrepresents that back wages are "doubled under the law" without qualification (requires willfulness/ |

| Date | Event | Tanker Division Notified? | Defect |
|---|---|---|---|
| | | | reckless finding). |
| | | | • Omits (thereby misrepresents) that all claims are disputed by substantial and wholly exculpatory defenses (positions exempt from overtime and all wages paid). |
| | | | • Omits (thereby misrepresents) that Tanker Division is defending against Espinosa's FLSA claim.[5] |
| Apr 29, 2016 | Espinosa files his Motion for Conditional Class Certification | Yes | N/A |
| Aug 5, 2016 | Court grants conditional certification (Doc. 40), and orders parties to prepare a single, joint notice and opt-in form to send to the putative class.[6] | Yes | N/A |
| Aug 19, 2016 | After threatening to send the notice and opt-in forms without Tanker Division's input, Poncio agrees to Tanker Division's requested changes.[7] The agreed upon notice and opt-in forms are attached as **EXHIBIT "D."** | Yes | N/A |

---

[5] Within six days of Poncio sending the March 24, 2016 solicitation, Kiya McChristian and Fay Hart signed consents to opt-in to this lawsuit. Krystynn McCaffrey and Heather Shipp signed consents to opt-in on May 12, 2016 and May 16, 2016 respectively.

[6] The specific language in the Court's Order (Doc. 40) is "... Plaintiff shall send notice to potential class members with a date-specific deadline for opting-in that is sixty (60) days from the date of the mailing of the notices. Counsel shall confer regarding the content of the notices." Doc. 40 at *9.

[7] The email trail between Poncio and Tanker Division's counsel is attached as **EXHIBIT "C."** Poncio's threatening and intimidating tactics used with potential class members were also used with Tanker Division's counsel. For example, Poncio sent his version of the notice and opt-in forms without Tanker Division's input and threatened to mail them to the potential class members if Tanker Division didn't have changes to Poncio within an hour of his demand (Poncio's emails on Aug. 19, 2016 at 1:34 p.m., 1:43 p.m. and 3:10 p.m.). Tanker Division's counsel repeatedly warned Poncio that taking unilateral action would violate the Court's Order. (Freeman email on Aug. 19, 2016 at 1:39 p.m. and Dean emails on Aug. 19, 2016 at 1:48 p.m. and 3:11 p.m.)

| Date | Event | Tanker Division Notified? | Defect |
|---|---|---|---|
| Aug 22, 2016 | Poncio and McJunkin send the agreed notice but surreptitiously and unilaterally include a **misleading cover letter**, about which Poncio and McJunkin did not confer with TD's counsel. *See* **EXHIBIT "E."** | NO | • No additional communications were authorized by the Court and Poncio/McJunkin failed to confer over its contents.<br>• Misrepresents putative class as including all "employees" not the narrower class of dispatchers even though the Court explicitly denied the requested classes of "office workers" and/or "employees."<br>• Misrepresents the lawsuit is for unpaid regular pay when the lawsuit seeks only unpaid overtime.[8]<br>• Omits (thereby misrepresents) that all claims are disputed by substantial and wholly exculpatory defenses (positions exempt from overtime and all wages paid).<br>• Improperly influences the recipient to make the decision to join the case by signing the consent form and sending it to Plaintiff's counsel.<br>• Omits negotiated/agreed inclusion of TD's counsel's contact information for inquiries about the case or TD's position.<br>• Adds an undisclosed and un-negotiated conspicuous, action-inducing **"SIGN HERE"** sticker to the opt-in form.[9] |
| Sep 2, 2016 | Poncio/McJunkin surreptitiously send a **second misleading** un-negotiated **cover letter** and notice and opt-in forms to | NO | • Bold faced warning: **"COURT SET DEADLINE TO RESPOND"**. Used to intimidate reader and imply official court involvement. |

---

[8] Espinosa testified in his deposition that his lawsuit does not seek compensation for unpaid hours worked – only unpaid overtime. *See* **EXHIBIT "F."** (Depo. of Michael Espinosa ["Espinosa Depo"] Pg. 25, lines 1-25 through Pg. 26, line 20; Pg. 35, lines 11-16).

[9] Within seven days of the un-negotiated and misleading cover letter, Lorrie Merritt, Melissa Wooten and Mark Murray signed opt-in forms from August 24, 2016 to August 29, 2016.

| Date | Event | Tanker Division Notified? | Defect |
|---|---|---|---|
| | all 67 potential class members. *See* **EXHIBIT "G."** | | • Misrepresents the lawsuit is for unpaid regular pay when the lawsuit seeks only unpaid overtime.<br>• Intimidates the reader by suggesting monitoring "We sent out the first notice … have not received a response from you.<br>• Inappropriately influences readers by suggesting they are missing out ("although others have decided to opt-in to the class").<br>• Omits (thereby misrepresents) that all claims are disputed by substantial and wholly exculpatory defenses (positions exempt from overtime and all wages paid).<br>• Violates Court's order to send a single notice.<br>• Violates Court's order to confer with counsel.<br>• Adds an undisclosed and un-negotiated conspicuous, action-inducing **"SIGN HERE"** sticker to the opt-in form.[10] |
| Oct 14, 2016 | Poncio/McJunkin send a **third misleading** un-negotiated **cover letter** to the 67 potential class members under the false pretense that Tanker Division "may have provided an incorrect address for you." They enclose **notice** and **opt-in forms** that Tanker Division **specifically rejected** because they contain numerous | NO | • Cover letter contains the same defects as the September 2, 2016 un-negotiated cover letter.<br>• Cover letter misrepresents that the enclosed notice was "Court-ordered" when, in fact, the notice was specifically rejected by Tanker Division.<br>• Cover letter omits (thereby misrepresents) that all claims are disputed by substantial and wholly exculpatory defenses (positions exempt from overtime and all wages |

---

[10] Following this second un-negotiated and misleading communication, Robert Zook signed an opt-in form on September 9, 2016, Carly Powell signed an opt-in form on September 30, 2016, and Danielle Mitchell signed her opt-in form on October 9, 2016.

| Date | Event | Tanker Division Notified? | Defect |
|---|---|---|---|
| | misrepresentations of fact and law. See **EXHIBIT "H."** | | paid).<br>• Enclosed notice omits specifically negotiated language that "You are not required to join this lawsuit" and that "It is entirely your decision."<br>• Enclosed notice misrepresents that it **"IS A COURT-ORDERED NOTICE, NOT AN ADVERTISEMENT FROM A LAWYER"** where the negotiated notice stated **"THIS IS A COURT-APPROVED NOTICE BY THE JUDGE ASSIGNED TO THIS CASE AND THE PARTIES' LAWYERS. THIS APPROVAL IS NOT A COMMENT ON THE VALIDITY OF THE CLAIMS OR DEFENSES IN THIS ACTION."** But, what Poncio/McJunkin sent was, in fact, AN ADVERTISEMENT FROM A LAWYER.<br>• Enclosed opt-in form adds an undisclosed and un-negotiated conspicuous, action-inducing **"SIGN HERE"** sticker. |
| Oct 18, 2016 | Poncio/McJunkin surreptitiously send a **fourth misleading** un-negotiated **cover letter** and **notice** and **opt-in forms** that Tanker Division **specifically rejected** on August 19, 2016 that contain numerous misrepresentations of fact | NO | • Same intimidating language in the un-negotiated surreptitious cover letter and the same misrepresentations in the un-negotiated and rejected notice and opt-in forms set out above in the 10/14/16 "Defects" column.[11] |

---

[11] Since the October 14, 2016 and October 18, 2016 communications, six (6) persons, Theresa Agold and Juanita Perez on 10/19/16 and Michelle McDougal, Robert Perez, Ariel Taylor and Louis Willis on 10/20/16 signed consents to opt-in.

| Date | Event | Tanker Division Notified? | Defect |
|---|---|---|---|
| | and law by **email** under the misrepresentation that "We sent out previous notice letters but may have been provided an incorrect address for you." *See* **EXHIBIT "I."** | | |

# ARGUMENT AND AUTHORITIES

*"Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without the opportunity of rebuttal."*

Kleiner v. First Nat. Bank of Atlanta, 751 F.2d 1193, 1202 (11th Cir. 1985).

A FLSA collective action requires a court to manage communications to potential class members. Hoffman-La Roche v. Sperling, 493 U.S 165, 169-70, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Concerning those communications, the Supreme Court said:

> "The court is not limited to waiting passively for objections about the manner in which consents were obtained. By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed. *This procedure may avoid the need to cancel consents obtained in an improper manner.*"

Id. at 172 (emphasis added).

In Woods v. New York Life Ins. Co., 686 F.2d 578 (7th Cir. 1982), the Seventh Circuit held that it was improper for the named plaintiff in an FLSA collective action to send out notices to potential plaintiffs "without first communicating to the defendant's counsel his intention

to do so, so that the defendant's counsel would have an opportunity to verify the accuracy of the notice and, if he wished, to move for an order amending the notice or limiting its distribution in an appropriate manner." *Id* at 580. While this duty is not expressly created by rule or statute, it is "inferred from Section 16(b) [of the FLSA] and from Rule 83 of the Federal Rules of Civil Procedure, which provides that 'in all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with the Federal Rules." *Id.* This duty exists because "[o]nce a section 16(b) [FLSA collective] action is commenced, **the defendant has a vital interest in, and the court a managerial responsibility regarding, the joinder of additional parties . . . ."** *Id.* (emphasis added). As a result of Plaintiff's counsel's surreptitious unilateral communications scheme, the sixteen (16) consents of the opt-ins should be voided.

### *The March 24, 2016 Pre-Certification Letter.*

After misrepresenting to the Bexar County court why he needed the names and addresses of Tanker Division's dispatchers in the Watts lawsuit, Poncio sent an advertisement and solicitation letter to those 67 potential clients to join not the Watts collective action, but this collective action. *See* **EXHIBIT "B."** Poncio did not inform Tanker Division's counsel or the Bexar County court of his true motive why he needed the dispatcher names and addresses nor did he reveal that he sent the advertisement/solicitation to Tanker Division's dispatchers. Several courts have explicitly recognized that striking opt-ins before the court's authorization of notice is an appropriate remedy in circumstances where plaintiffs or their counsel embark in direct solicitation efforts to obtain consents without the input or participation of defense counsel

or the court.  See *Woods v. N.Y. Life Ins. Co.,* 686 F.2d 578, 580 (7th Cir. 1982); *Partlow v. Jewish Orphans' Home, Inc.,* 645 F.2d 757, 759 (9th Cir. 1981); *Heitman v. City of Chic.,* 2004 WL 1718420 at *2 (N.D. Ill. July 30, 2004). [12]

The March 24, 2016 advertisement/solicitation was sent to Tanker Division dispatchers (1) before Poncio filed his motion for conditional certification in this lawsuit, (2) without consulting Tanker Division's counsel and (3) without this Court's approval.  It is ironic that one of the arguments Poncio made for conditional certification was that the consents filed by Kiya McChristian, Fay Hart, Krystynn McCaffrey and Heather Shipp evidenced that the dispatchers were similarly situated and that there was interest from other dispatchers to join the Espinosa class action.  There would be no such evidence for the Court to consider had Poncio not obtained these consents through the surreptitious unilateral communications scheme.

The direct link between Poncio's surreptitious March 24, 2016 letter and the poison fruit it generated is shown by when these first opt-ins signed their consents.  Fay Hart and Kyia McChristian signed their consents within seven days of the March 24, 2016 solicitation on March 29 and March 30, 2016 respectively.  Krystynn McCaffrey and Heather Shipp signed their consents on May 12 and May 16, 2016 respectively.  Poncio's March 24, 2016 solicitation/advertisement was clearly in violation of the spirit of FLSA Section 216(b), the Supreme Court's decision in *Hoffman-La Roche*, and his duty to present such communications to opposing counsel and to the court.  Because each of these opt-ins were obtained without

---

[12] There can be no argument here that it was Poncio, not the Plaintiff Michael Espinosa, who contacted Kiya McChristian, Fay Hart, Krystynn McCaffrey and Heather Shipp. Poncio authored and sent his advertisement/solicitation letter.  See **EXHIBIT "B."**  Further, Espinosa testified that he has not communicated with any opt-ins and that he doesn't know who the opt-ins are.  See **EXHIBIT "J."** (Espinosa Depo. Pg. 150, lines 1-25 through Pg. 153, line 8).

notice to Tanker Division's counsel or to the Court so either could weigh in on the substance of the communication, each opt-in's consent should be voided. *Chemi v. Champion Mortgage,* 2006 WL 7353427 at *10 (D. N.J. June 21, 2006)(the reason plaintiffs are required to seek court authorization of class notice is "to avoid 'stirring up' of litigation through unwarranted solicitation" (quoting *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266-67 (D. Minn. 1991)).

### *The August 22, 2016 Cover Letter.*

The Court authorized one (1) notice to be sent to the conditionally certified class of dispatchers and that "both parties are to confer regarding content of the notice . . . ." (Doc. 40). Poncio and Tanker Division's counsel agreed on the language of the notice and opt-in consent. *See* **EXHIBIT "D."** Tanker Division did **NOT** agree to or even have the opportunity to discuss with Poncio the form of the cover letter or its contents which accompanied the notice. Nevertheless, Poncio/McJunkin surreptitiously sent the August 22, 2016 misleading cover letter to the potential class members . *See* **EXHIBIT "E."**

Tanker Division's complaints about this August 22, 2016 cover letter are as follows:

1. The cover letter was never authorized or ordered by the Court and never negotiated with Tanker Division's counsel.
2. The cover letter misrepresents that the lawsuit is brought on behalf of Tanker Division's "present and former **employees,**" not the conditionally certified class of **dispatchers.** The Court's August 5, 2016 Order explicitly rejected Plaintiff's attempt to certify a class of "office workers" or "employees."
3. The cover letter misrepresents that the lawsuit is for "all time and overtime worked" whereas the lawsuit actually only seeks unpaid overtime.[13]

---

[13] Espinosa testified that he does not seek compensation for unpaid hours worked, only unpaid overtime. *See* **EXHIBIT "F."** (Espinosa Depo. Pg. 25, lines 1-25 through Pg. 26, line 20; Pg. 35, lines 11-16)

4. The cover letter omits and hence misrepresents that Tanker Division is defending the lawsuit and contends that dispatchers were properly classified as exempt and were paid all wages.
5. The cover letter improperly influences the recipient to make the decision to join the case by signing the opt-in form and sending it by mail, fax or email to Plaintiff's counsel.
6. The cover letter contradicts the negotiated notice by failing to include Defendant's counsel's contact information should the recipient desire to learn more about the case or Tanker Division's position.
7. The Opt-in form has a giant un-negotiated "**SIGN HERE**" tag.

The principal reason the cover letter is misleading is that the recipient could join the lawsuit based only on the misinformation contained in that document. One can easily see a recipient reading the cover letter, seeing the giant **SIGN HERE** sticker on the opt-in form, signing and sending it to Plaintiff's counsel without reading the negotiated notice.

The direct link between the Poncio/McJunkin surreptitious August 22, 2016 cover letter and the poison fruit it generated is shown by when the next set of opt-ins signed their consents. Within seven days of the August 22, 2016 cover letter, Melissa Wooten, Lorrie Merritt, and Mark Murray signed opt-in forms between August 24, 2016 and August 29, 2016. The cover letter was not approved by the Court, not approved or discussed with Tanker Division's counsel and is misleading in both its misrepresentations and omissions. The consents of the three opt-ins who signed consents in August 2016 should be voided.

### *The September 2, 2016 Cover Letter and Notice.*

Undeterred by any sense of fairness, Poncio/McJunkin sent the September 2, 2016 cover letter, notice and opt-in forms to potential class members without first conferring with Tanker Division's counsel. The September 2, 2016 communication to potential class members was not approved by the Court and usurps this Court's and the defendant's role to

ensure class communications are fair and accurate.  See **EXHIBIT "G."**  Notices and communications that fail to properly advise potential class members of their rights or that contain inappropriate information, especially without alerting the other side that such communications are being sent, are defective, and consents obtained by such communications should be voided.  See *Walker v. Mountain States Tel. & Tel. Co.*, 112 F.R.D. 44 (D. Colo. 1986) (court struck opt-ins where notices did not explain each member's right to obtain separate counsel and incorrectly discussed consent regarding other claims which were not collective action claims).

Tanker Division's complaints about the September 2, 2016 communication are as follows:

1. The cover letter intimidates potential class members to join the lawsuit by stating **"COURT SET DEADLINE TO RESPOND,"** implying official court involvement.
2. The cover letter states a second time "There is a deadline for responding" to the notice and "We sent out the first notice on August 22, 2016.  However we have not received a response from you, although others have decided to opt-in to the class," intimidating the reader by suggesting the reader is being monitored, all in violation of the Court's Order to publish one (1) notice to potential class members.
3. The cover letter misrepresents that the lawsuit is for "unpaid overtime and wages" when the lawsuit only seeks unpaid overtime.
4. The cover letter omits, and hence misrepresents, that Tanker Division is defending the lawsuit and contends that dispatchers were properly classified as exempt and were paid all wages.
5. Sending the notice a second time violates the Court's Order both in numerosity and by Plaintiff's counsel's failure to confer with Tanker Division's counsel.
6. The opt-in form has a giant un-negotiated "**SIGN HERE**" tag.

The September 2, 2016 communication intimidates potential class members to sign the opt-in form (next to the "**SIGN HERE**" sticker) by creating false urgency to act.

The direct link between the Poncio September 2, 2016 communication and the poison fruit it generated is shown by when the next set of opt-ins signed their consents.  Robert

Zook signed his consent on September 9, 2016, Carly Powell signed her consent on September 30, 2016 and Danielle Mitchell signed her consent on October 9, 2016. The September 2, 2016 communication was not approved by the Court, not approved or discussed with Tanker Division's counsel and is misleading in both its misrepresentations and omissions. The consents of these three opt-ins should be voided.

### *The October 14, 2016 and October 18, 2016 Letters, Notice and Opt-In Forms.*

Perhaps at this point Plaintiff's counsel's actions could be viewed as overzealous, stupid, or negligent. Those possible excuses vanish when Poncio/McJunkin sent the October 14, 2016 and October 18, 2016 communications. These two communications voice Plaintiff's counsel's true intent: complete a surreptitious unilateral communications scheme to recruit additional clients for which they would receive 33% of every dollar awarded in any judgment or settlement.

Tanker Division's complaints about the October 14, 2016 and the October 18, 2016 **cover letters** are as follows:

1. The cover letters are sent under the false representation that Tanker Division "may have provided an incorrect address for you."
2. The cover letters intimidate potential class members to sign the opt-in form by creating a false urgency to act in the following phrases:
    a. "**COURT SET DEADLINE TO RESPOND.**"
    b. "The absolute deadline to respond is October 21, 2016."
    c. "Please respond immediately . . ."
    d. ". . . sign and date the consent form" which consent form sent with the October 14, 2016 letter contains a giant "**SIGN HERE**" sticker.
3. The cover letters tell the recipient to "read the attached court ordered 'Notice to Potential Class Members' and 'Consent Form'" when those two forms were

**specifically rejected** by Tanker Division on August 19, 2016 as misrepresenting what was sought in the lawsuit and the available remedies. See **EXHIBIT "D."** [14]

Tanker Division's complaints about the **notice and opt-in forms** sent with the October 14, 2016 and the October 18, 2016 cover letters are as follows:

1. Neither the Court nor Tanker Division envisioned or approved a third or fourth surreptitious notice sent to the potential class members.
2. The sent notices and opt-in forms (See **Exhibits "H"** and **"I"**) were **specifically rejected** by Tanker Division's counsel on August 19, 2016 as shown by Tanker Division's interlineations on those documents. See **EXHIBIT "D."**
3. The sent notices omit, and hence misrepresent, from the negotiated notice that Tanker Division is defending the lawsuit and denies it violated any law or is obligated to pay overtime to dispatchers as the dispatchers were salaried, exempt from overtime.
4. The sent notices misrepresent that the lawsuit is about "Unpaid Hourly Overtime" when the negotiated notice states "Overtime lawsuit" in the "Re" line.
5. The sent notices omit, and hence misrepresent, language in the negotiated notice that "You are not required to join this lawsuit" and that "It is entirely your decision."
6. The sent notices misrepresent in the disclaimer "**THIS IS A COURT-ORDERED NOTICE, NOT AN ADVERTISEMENT FROM A LAWYER**" where the negotiated notice states "**THIS IS A COURT-APPROVED NOTICE BY THE JUDGE ASSIGNED TO THIS CASE AND THE PARTIES' LAWYERS. THIS APPROVAL IS NOT A COMMENT ON THE VALIDITY OF THE CLAIMS OR DEFENSES IN THIS ACTION.**"

Truth be told, Poncio/McJunkin sent an intentional **ADVERTISEMENT FROM A LAWYER** in both the October 14, 2016 and the October 18, 2016 communications.

The direct link between Plaintiff's counsel's surreptitious and misleading October 14, 2016 and October 18, 2016 communications and the poison fruit they generated is shown by when the next set of opt-ins signed their consents. Six persons, Theresa Agold and Juanita Perez on October 19, 2016, and Michelle McDougal, Robert Perez, Ariel Taylor and Louis

---

[14] The October 14, 2016 and the October 18, 2016 cover letters additionally contain the same defects as the September 2, 2016 surreptitious and misleading cover letters which will not be repeated. Tanker Division incorporates its complaints made regarding the September 2, 2016 cover letter here as set forth in full.

Willis on October 20, 2016, signed consents to opt-in within six days of these communications. The October 14, 2016 and the October 18, 2016 communications were not approved by the Court, not approved or discussed with Tanker Division's counsel and are misleading in their misrepresentations and omissions. The consents of the six opt-ins who signed consents on October 19 and 20, 2016 should be voided.

This Court has a duty to review and sanction Plaintiff's counsel's actions that are abusive, and whose communications contain false, misleading, intimidating material and/or conceal material information. *See Gordon v. Kaleida Health,* 737 F.Supp.2d 91 (W.D.N.Y 2010). Unauthorized, unilateral *ex parte* communications by counsel with potential or conditionally certified class members that are misleading or coercive and that undermine or contradict the approved notice justifies court action. *See Stransky v. HealthONE of Denver,* 929 F.Supp.2d 1100, 1107 (D. Colo. 2013) (court issued a corrective notice and awarded attorney's fees); *see also, Parks v. Eastwood Ins. Serv.,* 235 F.Supp.2d 1082, 1085 (C.D. Cal. 2002) ("If an undermining or contradictory communication is sent, the Court can control the proceedings through sanctions, requiring payment of a curative notice, regulation of future ex parte communications, or other appropriate orders").

Plaintiff's counsel's five surreptitious solicitations/advertisements constitute "five bites at the apple" to improperly obtain clients. The Court's Order (Doc. 40) authorized one communication to be sent to potential class members, not additional cover letters or multiple notice and opt-in forms. None of the four letters or the email were sent with Tanker Division's concurrence or knowledge in violation of the Court's August 5, 2016 Order (Doc 40). The five communications infringe on the exercise of this Court's judicial authority


to regulate communications with potential class members and they negate Tanker Division's role to ensure those communications are fair and accurate. The letters and email contain misstatements of fact or law and fail to advise the recipients that Tanker Division denies Espinosa's FLSA claim and is defending against that claim. The October 14, 2016 and October 18, 2016 notices and consent forms were specifically rejected by Tanker Division's counsel due to the misrepresentations contained in them but were nevertheless sent to the potential class members.

The warning of the Eleventh Circuit is true in this case: "A unilateral communications scheme . . . is rife with potential for coercion" and "Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal." *Kleiner v. First Nat. Bank of Atlanta,* 751 F.2d 1193, 1202-03 (11th Cir. 1985). The sixteen opt-ins were persuaded by Plaintiff's counsel's improper and inappropriate communications to consent to join this lawsuit. Accordingly, those consents should be voided and the opt-in plaintiffs dismissed and sanctions awarded to Tanker Division for the cost of filing this motion.

## CONCLUSION

Defendant Stevens Tanker Division, LLC requests the Court to grant this Motion to Void Opt-In Consents, dismiss the opt-in plaintiffs, sanction attorneys Adam Poncio and Chris McJunkin for their bad faith surreptitious unilateral communication scheme and for such other relief as is just and appropriate.

Respectfully submitted,

KEY HARRINGTON BARNES, PC

BY: /s/ Stephen C. Key
     STEPHEN C. KEY
     State Bar No. 00791022
     JOHN L. FREEMAN
     State Bar No. 07425500
     3710 Rawlins Street, Suite 950
     Dallas, Texas 75219
     214/615-7929 (Key)
     214/615-7923 (Freeman)
     214/615-7926 (Facsimile)
     skey@keyharrington.com
     jfreeman@keyharrington.com

     ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure, on the 20th day of January, 2017.

/s/ John L. Freeman