**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MICHAEL ESPINOSA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:15-cv-879-XR |
| | § | |
| STEVENS TANKER DIVISION, LLC, | § | |
| | § | |
| Defendant. | § | |

STEVENS TANKER DIVISION, LLC'S MOTION TO COMPEL REGARDING PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Comes now Stevens Tanker Division, LLC ("Tanker Division") and files its Motion to Compel Regarding Plaintiff's Objections and Responses to Defendant's First Request for Production. In support hereof, Defendant would respectfully show the Court as follows:

1. Plaintiff has failed to respond to multiple requests to supplement its responses as will be shown. Accordingly, the Court is advised pursuant to Local Rule CV-7(i) that Plaintiff is opposed to this motion.

2. On November 1, 2016, Defendant served its First Request for Production on Plaintiff and on December 1, 2016, Plaintiff served its Objections and Responses, a copy of which is attached at Exhibit "A". There were thirty-four (34) requests, and Plaintiff objected with boilerplate and meritless objections to all but the last request. The objections were that, "Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules," or some derivation thereof, and "Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege," or "an

invasion of privacy." Some of the responses stated that there were no responsive documents, or that "Documents produced by Defendant such as time records and other records will be used," and that some documents would be produced, all "subject to" the objections. Plaintiff attached to the response seventeen (17) pages of documents, which are attached to Exhibit "A." However, the documents and two audio files produced were not designated as to which request the documents were responsive, as required by FRCP 34(b)(2)(E)(i).

3. On December 13, 2016, counsel for Defendant sent an email to Plaintiff's counsel regarding the responses and the objections, and specifically requested, "Please let us know whether or not any documents are being withheld for any reason from the production to the attached requests and responses, and if any documents are being withheld, please provide a privilege/objection log." See the email attached at Exhibit "B". In addition, the email requested that Plaintiff comply with FRCP 34(b)(2)(E)(i). *Id.*

4. Plaintiff's attorney did not respond to the December 13, 2016 email, and Defendant's attorney again emailed Plaintiff's attorney on December 21, 2016 requesting a response. See the email attached at Exhibit "C," to which there has been no response.

5. On January 26, 2017, Defendant's attorney sent a third email to Plaintiff's counsel requesting again a response to the two previous emails. Such email is attached as Exhibit "D".

a). As noted in the email, "Many of the responses state 'and other records will be used' (see responses to Requests Nos. 2, 3, 4, 6, 7, 8, 10, 17, 18, 19, 20, 21, 23, 24, 25, 26, and 27). Please supplement your production and produce all of the records referred to in those responses as the 'other records' that will be used." Defendant is entitled to know what the "other records" are and Plaintiff should be ordered to produce them.

b). The email specifically addressed Request No. 22, which states, "Please produce all documents or tangible things concerning any communications with any potential party to this lawsuit, including any of the 16 persons who have filed consents to opt-in." Plaintiff's response was, "Plaintiff objects to this request as over broad in scope and in time, lacking limitation, and to be so globally worded as to not specifically apprise Plaintiff of the information being sought beyond tangible evidence. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. **Subject to, after Plaintiff conducted a diligent search, no responsive documents were found**." (Emphasis added.)

c). Not only were "documents" defined and the time period specified (from January 1, 2014) in the Definitions section of the Request for Production, rendering the objections to Request No. 22 without merit, but Plaintiff's assertion that he had made a diligent search and no responsive records were found is false. In addition to the authorized Notice and Consent Opt-in forms sent on August 22, 2016 to the potential collective class, Plaintiff's attorney also surreptitiously sent letters to the potential class on March 24, 2016, August 22, 2016, September 2, 2016, October 14, 2016 and on October 18, 2016, all of which are attached to Defendant's Motion to Void Opt-in Consents (Doc 69), and which are attached hereto as Exhibits "E" through "I". None of these letters were produced in response to Request No. 22, and all are specifically responsive. Not only is the failure to produce the aforementioned documents that were specifically responsive troubling and a failure to comply with the discovery process, apparently there have been additional communications from Plaintiff's counsel that have not been produced. We know that because at the hearing before the Court on January 25, 2017, Plaintiff's counsel presented two letters to the Court dated September 2 and October 5, 2016, which were sent to the potential collective class, and Plaintiff has failed to produce such letters. Defendant is entitled to know and Plaintiff should be ordered to produce all documents, which would include letters, emails, text messages and any other form of document whatsoever, including recorded conversations, communicating with any potential party, including, but not limited to, all of the 67 persons listed on the list of present or past dispatchers for Defendant, which Defendant produced to Plaintiff as ordered by the Court.

d). All of the responsive documents which Plaintiff has failed to produce should be ordered by the Court to be produced within two (2) days of the Court's order, given that the discovery deadline in this case is March 1, 2017.

6. Plaintiff's counsel's conduct is egregious, and constitutes a failure to respond and properly respond to discovery, and this Court should and is requested to sanction Plaintiff and his attorney as provided under FRCP 37(c) and (d). Defendant's counsel's email of January 26, 2017 specifically notified Plaintiff's attorney that if the failure to respond to the discovery

continued, a Motion to Compel would be filed, and Plaintiff's attorney has failed to respond. Not only should Plaintiff and his attorney be ordered to pay Defendant's attorney's fees for such failure as provided by FRCP 37(a)(5), including the attorney's fees for following up with Plaintiff's attorney to obtain the discovery and the attorney's fees for filing this motion in the amount of at least $2,500.00, additional sanctions authorized by FRCP 37(b)(2)(A)(i)-(vi) should be ordered.

7. Defendant prays that this motion be granted as requested and that Plaintiff produce all responsive documents within two (2) days of the Court's order, for sanctions including attorney fees and for all other and appropriate relief.

Respectfully submitted,

KEY HARRINGTON BARNES, PC

BY: /s/ Stephen C. Key

STEPHEN C. KEY
State Bar No. 00791022
JOHN L. FREEMAN
State Bar No. 07425500
3710 Rawlins Street, Suite 950
Dallas, Texas 75219
214/615-7929 (Key)
214/615-7923 (Freeman)
214/615-7926 (Facsimile)
skey@keyharrington.com
jfreeman@keyharrington.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure, on the 2nd day of February, 2017.

/s/ John L. Freeman

# PONCIO LAW OFFICES

A PROFESSIONAL CORPORATION

**ADAM PONCIO***
ATTORNEY AT LAW
salaw@msn.com
*BOARD CERTIFIED - CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
*BOARD CERTIFIED - LABOR AND EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**THOMAS N. CAMMACK, III****
ATTORNEY AT LAW
**NOT CERTIFIED BY THE TEXAS BOARD OF LEGAL SPECIALIZATION
tcammack@ponciolaw.com

**ALAN BRAUN****
ATTORNEY AT LAW
**NOT CERTIFIED BY THE TEXAS BOARD OF LEGAL SPECIALIZATION
abraun@ponciolaw.com

5410 Fredericksburg Rd., Suite 109
San Antonio, Texas 78229-3550
Telephone: (210) 212-7979
Toll Free: (888) 212-7979
Facsimile: (210) 212-5880
Alt. Facsimile: (210) 298-9465
www.ponciolaw.com

December 1, 2016

**VIA FACSIMILE and**
**FIRST CLASS MAIL**
Stephen C. Key
John L. Freeman
Key Harrington Barnes, PC
3710 Rawlins St., Suite 950
Dallas, TX 75219

**RE: Civil Action No. 5:15-CV-00879; *Michael Espinosa v. Stevens Tanker Division, LLC*; In the United States Western District of Texas, San Antonio Division.**

Dear Counselors:

Please find attached the following:

1) Plaintiff's Objections and Responses to Defendant's First Request for Production

2) Documents Bates Stamped P000001-P000017

3) CD with Bates Stamped P000001-P000019 (2 audio files included)

If you have any questions or concerns, please feel free to contact me directly.

Respectfully,
**PONCIO LAW OFFICES, P.C.**

Angela Maldonado

**Angela M. Maldonado**
**Paralegal to Adam Poncio,**
**Thomas N. Cammack, III and**
**Alan Braun**

EXHIBIT
tabbies
A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MICHAEL ESPINOSA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:15-CV-879-XR** |
| | § | |
| | § | |
| **STEVENS TANKER DIVISION, LLC,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

TO: **DEFENDANT STEVENS TANKER**
by and through its attorneys of record

Stephen C. Key
John L. Freeman
Key Harrington Barnes, PC
3710 Rawlins St., Suite 950
Dallas, TX 75219
(214) 615-7923 Telephone
(214) 615-7926 Facsimile

COMES NOW Michael Espinosa, Plaintiff, and pursuant to the Texas Rules of Civil Procedure, submits these his Objections and Responses to Defendant, Stevens Tanker, LLC's First Requests for Production.

Respectfully Submitted,

By: /s/Adam Poncio

ADAM PONCIO
State Bar No. 16109800
THOMAS N. CAMMACK, III
State Bar No. 24073762
ALAN BRAUN
State Bar No. 24054488

PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Road #109
San Antonio, Texas 78229-3550
Telephone: (210) 212-7979
Facsimile: (210) 212-5880

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record by email on this the 1st day of December, 2016, as follows:

Stephen C. Key
John L. Freeman
Key Harrington Barnes, PC
3710 Rawlins St., Suite 950
Dallas, TX 75219
(214) 615-7923 Telephone
(214) 615-7926 Facsimile

/s/ Adam Poncio
**ADAM PONCIO**

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Please produce all photographs, pictures, diagrams, charts, videotapes, television films or movie films which are in any way related to Tanker Division and your claims that you were misclassified as exempt.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation, and to be so globally worded as to not specifically apprise Plaintiff of the information being sought beyond tangible evidence. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Subject to, after Plaintiff conducted a diligent search, no responsive documents were found.

**REQUEST NO. 2:**

Please identify and attach any and all documents, records, reports or memoranda that you may or expect to introduce at trial whether in direct or rebuttal evidence.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Subject to, Plaintiff has attached those in his possession. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 3:**

Please produce for inspection all models, prototypes, displays or other exhibits which may be used at the time of trial.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 4:**

Please produce all documents, films, statements and other tangible items generated or obtained by or on behalf of Plaintiff which are relevant or contain information relevant to the issues or that

support Plaintiff's claims (as stated in Request No. 1 above) against Tanker Division.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation, and to be so globally worded as to not specifically apprise Plaintiff of the information being sought beyond tangible evidence. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 5:**

Please produce copies of any and all Compromise Settlement Agreements, covenants not to sue, "hold harmless agreements," indemnity agreements, "Mary-Carter Agreements," or any other similar type arrangement agreements or understandings with any other parties to this suit or anyone not a party to this suit concerning this litigation.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required under the rules. Such documents would be in the possession of third parties or in Defendant's possession. Subject to, Plaintiff does not have any such documents in his possession.

**REQUEST NO. 6:**

Please produce all relevant, non-privileged tangible evidence which support your allegations against Tanker Division that you are owed overtime and were misclassified as exempt.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required under the rules. Such documents would be in the possession of third parties or in Defendant's possession. Subject to, Plaintiff does not have such documents in his possession.Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 7:**

Please produce any an all documents which would reflect or substantiate any of Plaintiff's alleged damages.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required under the rules. Plaintiff further objects to this request as it is an invasion of work

product and/or attorney/client privilege. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 8:**

Please produce any invoices, bills, statements, records or other documents in your possession, custody or control which would indicate any cost or expense which you are or will be alleging as damages to be asserted against Tanker Division.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects as it is an invasion of Plaintiff's privacy. Subject to, Plaintiff has attached those in his possession. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 9:**

Please produce any physical models, video tapes, motion pictures, photographs, facsimiles or copies thereof, or other demonstrative or other type of evidence which may be used by you in this lawsuit which is in your possession, custody or control.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation, and to be so globally worded as to not specifically apprise Plaintiff of the information being sought beyond tangible evidence. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Subject to, Plaintiff has attached those in his possession.

**REQUEST NO. 10:**

Please produce all documents evidencing any communication between Plaintiff and Tanker Division.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Such documents would be in the possession of the defendant. Subject to, Plaintiff has attached those in his possession. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 11:**

Please produce all documents evidencing any communication between Plaintiff and Sabrina Watts.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of privacy, work product and/or attorney/client privilege. Subject to, Plaintiff does not have such documents in his possession.

**REQUEST NO. 12:**

Please produce all text messages that mention, relate to or reference Tanker Division.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Subject to, Plaintiff does not have such documents in his possession.

**REQUEST NO. 13:**

Please produce all text messages that mention, relate to or reference Tanker Division between Plaintiff and Sabrina Watts.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Subject to, Plaintiff does not have any such documents in his possession.

**REQUEST NO. 14:**

Please produce all text messages that mention, relate to or reference Tanker Division between Plaintiff and any of the 16 persons who have filed consents to opt-in.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege and/or party communication privilege. Subject to, after Plaintiff conducted a diligent search, no responsive documents were found.

**REQUEST NO. 15:**

Please produce all communications to any witness or potential witness that relates to your claims against Tanker Division. This Request includes communications with opt-ins but the Request is limited to the time period prior to the opt-in's notice of consent to join the lawsuit being received by Plaintiff's attorney.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Subject to, after Plaintiff conducted a diligent search, no responsive documents were found.

**REQUEST NO. 16:**

Please produce all documents or tangible things you have sent to or received from any potential witness that might be called at trial to support your claims against Tanker Division. This Request includes communications with opt-ins but the Request is limited to the time period prior to the opt-ins notice of consent to join the lawsuit being received by Plaintiff's attorney.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Subject to, after Plaintiff conducted a diligent search, no responsive documents were found.

**REQUEST NO. 17:**

Please produce all documents or tangible things, including text messages and emails, concerning, evidencing or describing your duties as a dispatcher while employed by Tanker Division.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Such documents would be in the possession of third parties or in the Defendant's possession. Subject to, Plaintiff has attached those in his possession. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 18:**

Please produce all documents or tangible things, including text messages and emails, concerning, evidencing or describing the execution of your duties as a dispatcher while employed by Tanker Division.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Such documents would be in the possession of third parties or in the Defendant's possession. Subject to, Plaintiff has attached those in his possession. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 19:**

Please produce any document that shows you and Tanker Division understood that your position as a dispatcher at Tanker division was to be paid hourly.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Subject to, Plaintiff does not have such documents in his possession. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 20:**

Please produce any document that shows you and Tanker Division understood that your position as a dispatcher at Tanker Division was based on a salary and exempt from overtime.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Subject to, Plaintiff has attached those in his possession. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 21:**

Please produce any document that shows any and all decisions you made as a dispatcher at Tanker Division that had to be approved by a supervisor.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Such documents would be in the possession of third parties or in Defendant's possession. Subject to, Plaintiff does not have such documents in his possession.

Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 22:**

Please produce all documents or tangible things concerning any communications with any potential party to this lawsuit, including any of the 16 persons who have filed consents to opt-in.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation, and to be so globally worded as to not specifically apprise Plaintiff of the information being sought beyond tangible evidence. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Subject to, after Plaintiff conducted a diligent search, no responsive documents were found.

**REQUEST NO. 23:**

Please produce all documents or other tangible evidence concerning or evidencing all hours that you worked at Tanker Division.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Such documents would be in the possession of third parties or in Defendant's possession. Subject to, Plaintiff does not have such documents in his possession. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 24:**

Please produce all documents or other tangible evidence concerning or evidencing all hours that you requested off or that you did not work when you were scheduled to work, for any reason while working at Tanker Division.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Such documents would be in the possession of the Defendant. Subject to, Plaintiff has attached those in his possession. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 25:**

Please produce all documents or tangible things that support your claims as set forth In paragraph 2 of Plaintiff's Original Complaint.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Such documents would be in the possession of the Defendant. Subject to, Plaintiff has attached those in his possession. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 26:**

Please produce all documents or tangible things that support your claims as set forth in paragraph 12 of Plaintiff's Original Complaint.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Such documents would be in the possession of the Defendant. Subject to, Plaintiff has attached those in his possession. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 27:**

Please produce all documents or tangible things that support your claims as set forth in paragraph 14 of Plaintiff's Original Complaint.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Such documents would be in the possession of the Defendant. Subject to, Plaintiff has attached those in his possession. Documents produced by Defendant such as time records and other records will be used.

**REQUEST NO. 28:**

Please produce all documents or tangible things that support your claim for attorney fees, including the terms of your engagement with the attorney's representing you in this action.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Plaintiff's counsel will produce any such documents in the event that plaintiff prevails in this matter.

**REQUEST NO. 29:**

Please produce all documents or tangible things that show the amount of money you have paid to Adam Poncio or any other lawyer representing your interest in this case charged or is charging you.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Plaintiff's counsel will produce any such documents in the event that plaintiff prevails in this matter.

**REQUEST NO. 30:**

Please produce all documents or tangible things that show the hourly rate Adam Poncio or any lawyer representing your interest in this case charged or is charging you.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation and specificity as required by the rules. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege. Plaintiff's counsel will produce any such documents in the event that plaintiff prevails in this matter.

**REQUEST NO. 31:**

Please produce all documents or tangible things that you received from Adam Poncio or any Texas lawyer that solicited you as a client.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation, and to be so globally worded as to not specifically apprise Plaintiff of the information being sought beyond tangible evidence. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege.

**REQUEST NO. 32:**

Please produce all documents or tangible things that you received from Adam Poncio or any Texas

lawyer that solicited other Tanker Division dispatchers as clients.

**RESPONSE:**

Plaintiff objects to this request as over broad in scope and in time, lacking limitation, and to be so globally worded as to not specifically apprise Plaintiff of the information being sought beyond tangible evidence. Plaintiff further objects to this request as it is an invasion of work product and/or attorney/client privilege.

**REQUEST NO. 33:**

Please produce all documents or other tangible evidence reflecting your pursuit of employment following your employment with the Defendant.

**RESPONSE:**

Plaintiff objects to this request as vague, over broad and not relevant or reasonable calculated to lead to the discovery of admissible evidence. The request lacks specificity, and is not properly limited in time or scope, and is nothing more than an impermissible fishing expedition. Subject to, Plaintiff has attached those in his possession.

**REQUEST NO. 34:**

Please produce copies of the resume(s) you submitted to IBEX and to Coastal Carriers as discussed on page 174 of your deposition.

**RESPONSE:**

Plaintiff has attached.






# TANKER DIVISION

February 24th, 2014

Michael Espinosa
592 Hummingbird Hill
Canyon Lake, Texas 78133

Dear Michael,

Welcome to Stevens Tanker Division, LLC. We are pleased to offer you the following position of employment. If you are in agreement with the terms of this offer, please fax a signed copy to me at (214) 647-5139. On your first day of employment, please bring the signed original copy of this letter with you when you report to work. As with all employees and officers of Stevens, your employment will be "at-will" and nothing in this letter is intended to modify the nature of that relationship.

| | |
|---|---|
| POSITION: | Night Dispatcher (7/7 schedule) |
| REPORTS TO: | William Hayes |
| LOCATION: | Stockdale, Texas |
| START DATE: | 2/26/14 |
| COMPENSATION: | $50,000 annually |
| VACATION: | One (1) weeks after one (1) full year of employment |
| INSURANCE: | You may be eligible for our group health, life, disability and dental plans, effective the first day of the month immediately following 90 consecutive days of employment, if you choose to elect coverage. |




# MEDICAL EXCUSE

To Whom It May Concern: DATE: June 30, 14

This is to certify that Michael Espinosa

Has been under my professional care and was seen in our office on June 30, 14.

REMARKS: please excuse Michael from work beginning June 21, 2014 thru June 29, 2014. Patient may return to work on July 7, 2014. Must be non-weight bearing until further notice.

Please feel free to contact our office if further information is necessary.

Steven Beito DPM

New Braunfels Podiatry Associates, LLC
1524 North Walnut
New Braunfels, TX 78130
(830) 625-1642

- Rocker Bottom Foot

- CROW Boot




## MEDICAL EXCUSE

**To Whom It May Concern:** DATE: JULY 28 14

This is to certify that Michael Espinosa

Has been under my professional care and was seen in our office on JULY 28 14

REMARKS: please excuse patient from work JULY 24 – JULY 27 2014. May return to work JULY 29, 14

Please feel free to contact our office if further information is necessary.

Steven Beito DPM

New Braunfels Podiatry Associates, LLC
1524 North Walnut
New Braunfels, TX 78130
(830) 625-1642



Smithson Valley Family Medicine, L.L.P.
"Quality Healthcare in the heart of the Hill Country"

6098 FM 311
Spring Branch, TX 78070
(830)885-5541 • Fax (830)885-5542

www.mysvdoctor.com

13201 FM 306
Canyon Lake, TX 78133
(830)964-5575 • Fax (830)964-5574

# WORK / SCHOOL EXCUSE

Patient Name: Michael Espinosa

Date of Exam: 9/3/14

The above patient is under my medical care. Please excuse this patient from work / school/ physical activities for the following dates:

9/2/14 - 9/7/14

If you have any further questions, please call my office.

Sincerely,

Matthew W. Nicola, M.D.

Stephen J. Vreeke, M.D.

Jose A. Martinez, PA - C

Andrea M. Morris, PA – C

Ronald Mandrell, PA – C

Robbie Locklear, PA - C

P000004




## MEDICAL EXCUSE

To Whom It May Concern: DATE: Jun 2, 2014

This is to certify that Michael Espinosa

Has been under my professional care and was seen in our office on ______.

REMARKS: please allow patient to remain off work until July 21, 2014. Patient is scheduled for follow up w/ us on July 14, 14.

Please feel free to contact our office if further information is necessary.

Steven Beitz DPM

New Braunfels Podiatry Associates, LLC
1524 North Walnut
New Braunfels, TX 78130
(830) 625-1642

Sale

MASTERCARD Entry Method: Swiped

Total: $ 30.00

10/06/14 11:20:11
Inv #: 000018 Appr Code: 681134
Transaction ID: 1006MPLFFRCCK
Apprvd: Online Batch#: 000071



Smithson Valley Family Medicine, L.L.P.
"Quality Healthcare in the heart of the Hill Country"

www.mysvdoctor.com

13201 FM 306
Canyon Lake, TX 78133
(830)964-5575 • Fax (830)964-5574

## WORK / SCHOOL EXCUSE

Name: Michael Espinosa

Date of Exam: 10/6/14

The above patient is under my medical care. Please excuse this patient from work / school/ physical activities for the following dates:

10/5/14

If you have any further questions, please call my office.

Sincerely,

Matthew W. Nicola, M.D. Stephen J. Vreeke, M.D.

Jose A. Martinez, PA - C Andrea M. Morris, PA – C

Ronald Mandrell, PA – C Robbie Locklear, PA – C

P000006

REPRINT

Sale

XXXXXXXXXXXX1254
MASTERCARD Entry Method: Swiped

Total: $ 30.00

08/08/14 15:32.51
Inv #: 000029 Appr Code: 257108
Transaction ID: 0308P0JJ00M
Apprvd: Online Batch#: 000029

I agree to pay above total amount according to card issuer agreement (Merchant agreement if credit voucher)

X
ESPINOSA MICHAEL



Smithson Valley Family Medicine, L.L.P.
"Quality Healthcare in the heart of the Hill Country"

www.mysvdoctor.com

13201 FM 306
Canyon Lake, TX 78133
(830)964-5575 • Fax (830)964-5574

# WORK / SCHOOL EXCUSE

Name: Michael Espinosa

Exam: 8/8/14

is under my medical care. Please excuse this patient from work / activities for the following dates:

8/8/14

If you have any further questions, please call my office.

Sincerely,

Matthew W. Nicola, M.D. | Stephen J. Vreeke, M.D.

Jose A. Martinez, PA - C | Andrea M. Morris, PA – C

Ronald Mandrell, PA – C | Robbie Locklear, PA - C

P000007

Sale

XXXXXXXXXXXX4995
MASTERCARD Entry Method: Swiped

Total: $ 30.00

09/29/14 17:40.35
Inv #: 000001 Appr Code: 603570
Transaction ID: 0929MPLBH365I
Apprvd: Online Batch#: 000065

Smithson Valley Family Medicine, L.L.P.
"Quality Healthcare in the heart of the Hill Country"

www.mysvdoctor.com

13201 FM 306
Canyon Lake, TX 78133
(830)964-5575 • Fax (830)964-5574

# WORK / SCHOOL EXCUSE

ame: Michael Espinosa

Date of Exam: Sept. 29, 2014

The above patient is under my medical care. Please excuse this patient from (work) school/ physical activities for the following dates:

9/29-10/1

If you have any further questions, please call my office.

Sincerely,

Matthew W. Nicola, M.D.

Stephen J. Vreeke, M.D.

Jose A. Martinez, PA - C

Andrea M. Morris, PA - C

Ronald Mandrell, PA - C

Robbie Locklear, PA - C

P000008

Sale

XXXXXXXXXXXX1254
MASTERCARD Entry Method: Swiped

Total: $ 30.00

10/29/14 10:41:01
Inv #: 000016 Appr Code: 163429
Transaction ID: 10291…
Apprvd: Online Batch#: 000…

Smithson Valley Family Medicine, L.L.P.
"Quality Healthcare in the heart of the Hill Country"

www.mysvdoctor.com

13201 FM 306
Canyon Lake, TX 78133
(830)964-5575 • Fax (830)964-5574

# WORK / SCHOOL EXCUSE

Name: Michael Espinosa

Date of Exam: 10/29/14

The above patient is under my medical care. Please excuse this patient from work / school/ physical activities for the following dates:

10/29 Return date is 11/3/14

If you have any further questions, please call my office.

Sincerely,

Matthew W. Nicola, M.D.

Stephen J. Vreeke, M.D.

Jose A. Martinez, PA - C

Andrea M. Morris, PA – C

Ronald Mandrell, PA – C

Robbie Locklear, PA - C

P000009

# Daily Duties

| East Dispatch | | | West Dispatch | | |
|---|---|---|---|---|---|
| Approximate Time | | Task | Approximate Time | | Task |
| Day | Night | | Day | Night | |
| 0345 | 1545 | Report for duty. | 0345 | 1545 | Report for duty. |
| 0400 | 1600 | Receive and understand briefing from previous shift. | 0400 | 1600 | Receive and understand briefing from previous shift. |
| 0400 | 1600 | Continue to monitor and dispatch previous shift's drivers for productivity. | 0400 | 1600 | Continue to monitor and dispatch previous shift's drivers for productivity. |
| 0410 | 1610 | Review email and notes to prepare for shift. | 0410 | 1610 | Review email and notes to prepare for shift. |
| 0430 | 1630 | Inventory vehicles/trailers. Verify possesion of keys. Compare inventory to out of service (OOS) report. | 0420 | 1620 | Continue tracking for previous shift. |
| 0500 | 1700 | Update out of service report with assistance of mechanics. | 0530 | 1730 | Update water level tracking sheet. |
| 0510 | 1710 | Begin planning dispatch assignments. Prepare any required maps, information for drivers. | 0600 | 1800 | Complete and submit tracking for previous shift. |
| 0600 | 1800 | Begin dispatching drivers. | 0600 | 1800 | Assist dispatching process by providing maps/directions. |
| 0700 | 1900 | Initiate tracking of east-side drivers. | 0600 | 1800 | Maintain control/tracking of field supervisor vehicles and line gauges. |
| 1000 | 2200 | Complete and submit daily tracking. | 0700 | 1900 | Initiate tracking of west-side drivers. |
| 1200 | 2400 | Send attendance list. | 1000 | 2200 | Complete and submit daily tracking. |
| 1400 | 0200 | Complete and submit daily tracking. | 1000 | 2200 | Update water level tracking sheet. |
| 1500 | 0300 | Begin preparing turnover briefing for next shift (update status board, prepare daily recap email, straighten desk). | 1200 | 2400 | Prepare and submit the open truck status (OTTS) report. |
| 1550 | 0350 | Brief next shift of ongoing jobs, relief, upcomming jobs and any other pertinent information | 1300 | 0100 | Update water level tracking sheet. |
| | | | 1400 | 0200 | Complete and submit daily tracking. |
| | | | 1500 | 0300 | Update water level tracking sheet. |
| | | | 1500 | 0300 | Begin preparing turnover briefing for next shift. |
| | | | 1550 | 0350 | Brief next shift of ongoing jobs, relief, upcomming jobs and any other pertinent information |

THE STATE OF TEXAS §
§
COUNTY OF BEXAR §

**POWER OF ATTORNEY AND FEE CONTRACT WITH RETAINER**

**THIS AGREEMENT** is made at San Antonio, Texas, between the undersigned client(s) and the PONCIO LAW OFFICES, P.C., Attorneys-at-Law, 5410 Fredericksburg Road, Suite 109, San Antonio, Texas 78229-3550, hereinafter referred to as Law Firm or Attorneys.

In consideration of the mutual promises herein contained, client(s) and the Law Firm agree as follows:

## I.
## PURPOSE OF REPRESENTATION

**1.01** Each Client hereby retains the PONCIO LAW OFFICES, P.C. to fully prosecute all claims against all necessary defendants arising out of her/his claims regarding discrimination, wrongful termination, constructive discharge, retaliation and/ or unpaid wages which occurred involving Michael Espinosa and Stevens Tanker Division in Wilson County, Stockdale, Texas, and to litigate or compromise and settle all claims accruing out of said event(s).

## II.
## ATTORNEY'S FEES AND LITIGATION EXPENSES

**2.01** In consideration of services rendered by the Law Firm, the Client hereby agrees to pay the Law Firm thirty-three and one-third percent (33 1/3%) of the gross amount of any settlement or judgment collected herein, in addition to ~~the client's~~ agreement to pay an initial non-refundable cash retainer of ~~$750.00~~ $50.00 per mo and a non-refundable cash filing fee of ~~$500.00~~ $200.00 per mo, for the evaluation and preparation of the suit and file in the matter.

**2.02** In consideration of services rendered by the Law Firm, the Client hereby agrees to pay the Law Firm forty (40%) of the gross amount of any settlement or judgment collected herein in the event that it becomes necessary to file a lawsuit or arbitration on Client's behalf.

**2.03** Any decision to represent Client in a post-trial or post-judgment appeal shall be within the

sole discretion of counsel, and the inclusion of this provision shall not be interpreted as any agreement that counsel will represent you, or has agreed to represent you, in connection with any appeal. The percentage interests assigned to counsel are based on gross settlement funds or the gross amount of judgment. This would include all amounts recovered, including, but not limited to all actual and/or compensatory damages, punitive and/or exemplary damages, interest and any attorney's fees awarded by the court or agreed to be paid by the Defendant(s). It is understood and agreed that in the event that attorney's fees are awarded by the court by judgment or otherwise, the compensation granted to counsel shall be greater of the following: 1. The attorney's fees awarded by the Court (or arbitrator); or 2. The amount of attorney's fees the Defendant(s) agree(s) to pay on your behalf; or 3. The percentages set forth above, in addition to case related expenses..

INITIALS

**2.04** Client(s) hereby further agrees to reimburse the Law Firm for any and all expenses incurred by said Law Firm for expenses, including, but not limited to, court costs, bonds, deposition fees, transcript fees, reprographic fees, expert witness fees, structured settlement specialists, subpoena fees, travel expenses, investigation fees, telephone expenses, medical record fees, medical consultation fees, expert consultation fees, photography costs, witness fees, graphics artists fees, demonstrative evidence costs, and any other expenses which the Attorney, in his/her professional judgment determines to be necessary in the proper prosecution of this case. Client understands that for purposes of this Agreement, the Firm will be reimbursed as an expense any and all "Amounts advanced by this firm to pay the costs of prosecuting or defending a claim or action or otherwise protecting or promoting the client's interests and said advance will bear interest at the lesser of (i) the Bank Rate Monitor National Index for personal loans effective on the date of the initial advance and (ii) the highest lawful rate allowed by applicable law." Such expenses will be paid by client and/or client agrees to forward funds to attorneys for said expenses within fourteen days of the

request for payment or reimbursement of said expenses. Client agrees to immediately provide a non-refundable payment of ~~$750.00~~ $50.00 to cover the initial meeting, evaluation and preparation of the file in the matter.

INITIALS

**2.05** It is expressly understood that the Client(s) shall not be liable nor responsible for any attorney fee of litigation in the event no monetary recovery is realized. Client understands that the initial non-refundable retainer is considered earned at the first meeting and will be immediately deposited and used by the attorney in the matter and is non-refundable.

INITIALS

## III.
## ASSIGNMENT OF INTEREST

**3.01** In consideration of Attorneys' services, the Client(s) hereby sells, conveys, and assigns to the Law Firm an interest, to the extent herein indicated in Section 2, to the Client's claim and cause of action, and in any action, compromise, settlement, judgment, payment of services, profits or recovery by whatever means thereon.

**3.02** All sums due and to become due are payable at the Law Firm's office in Bexar County, Texas.

## IV.
## APPROVAL NECESSARY FOR SETTLEMENT

**4.01** No settlement of any nature shall be made for any of the aforesaid claims or profits of the Client(s) without the complete approval of the Client(s), nor shall the Client(s) obtain any settlement on the aforesaid claims without the complete approval of the Attorney.

**4.02** Attorney is hereby granted a limited power of attorney so that he/she may have full authority to prepare, fully execute, sign and file all legal instruments, pleadings, drafts, authorizations and papers as shall be reasonably necessary to conclude this representation, including settlement and/or reduce to possession any and all monies or other things of value due to the Client under this claim

as fully as the Client could do so in person.

## V.
## REPRESENTATIONS

**5.01** It is understood and agreed that the Attorney cannot warrant or guarantee the outcome of the case and the Attorney has not represented to the Client(s) that the Client(s) will recover all or any of the funds so desired. The Client(s) has also been informed that obtaining a judgment does not guarantee that the opposing party will satisfy the judgment.

## VI.
## WITHDRAWAL OF REPRESENTATION

**6.01** The Attorney may, at his/her discretion, withdraw from the case and cease to represent the Client(s) for any reason, including without limitation for the following reasons:

(a) client(s) failure to follow Attorney's advice concerning settlement, (b) a conflict of interest develops between the Client and the Attorney, and/or (c) the Attorney determines that in his/her judgment the case has small probability of success.

The Attorney shall retain a lien on client's cause of action for the attorney fees and litigation expenses: (a) when Client(s) fails to follow Attorney's advice concerning settlement, and (b) in the event Client(s) were to terminate the services of the Attorney without just cause.

## VII.
## ASSOCIATION OF OTHER ATTORNEYS

**7.01** The Attorney may, at his/her sole discretion, associate any other Attorney(s) in the representation of the aforesaid claims of the Client(s) and/or assign this case to another attorney for preparation and litigation. Client(s) understand and agree that the cased will be handled, developed and litigated by the PONCIO LAW OFFICES, P.C., and the client fully accepts and consents to same.

## VIII.
## TEXAS LAW TO APPLY

**8.01** This Agreement shall be construed under and in accordance with the laws of the State of Texas, and all obligations of the parties created hereunder are performable in Bexar County, Texas.

INITIALS

## IX.
## PARTIES BOUND

**9.01** This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns where permitted by this Agreement.

## X.
## LEGAL CONSTRUCTION

**10.01** In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

**I certify and acknowledge that I have had the opportunity to read this agreement and/or confer with counsel of my choosing regarding the agreement. I further state that I have voluntarily entered into this agreement fully aware of its terms and conditions and fully agree with said terms and conditions.**

SIGNED and ACCEPTED this 12th day of August, 2015.

Client

Client

Law Firm



P000015

# Michael Espinosa

592 Hummingbird Hill, Canyon Lake, TX 78133
Cell: 936-714-3414
Email: M_espinosa69@yahoo.com


## Education

**Sam Houston State University**, Huntsville, TX / *Bachelor Business Administration.*
***Graduation Date:*** May 2002

## Qualifications

- 15 years of management experience combined with customer service, also promoted safety awareness through meetings and enforcing compliance,
- 9 years of dispatching.
- 9 months of direct human resource experience.
- Customized relationships with account representatives to ensure repeat service,
- Team oriented and excellent ability to achieve set goals, and very detailed orientated,
- Computer skills: Microsoft Word, Excel, AS 400, PowerPoint and Transportation tracking software.
- Moderately fluent in Spanish language (written and verbal),
- Proficient at maintaining equipment and records to comply with State and Federal regulations.

## Experience

**Dispatcher w/ Southern Tank Transport, New Braunfels, TX**

- Maintained and helped expand current accounts and grow new accounts and opportunities.
- Troubleshooting and resolving delivery delays, also aided in restructuring the terminal.
- Did the billing and scanned paperwork to corporate, also aided with account billing issues.

**Dispatcher w/ Stevens Tanker, Stockdale, TX**

- Maintained and grew current accounts to ensure repeat sales.
- Took and covered orders for the same day and entered future orders.

**Dispatcher w/ Lattimore Ready Mix, Schertz, TX**

- Maintained and grew current accounts to ensure repeat sales.
- Took and covered orders for the same day and entered future orders.
- Aided in safety awareness for consistent implementations of S.O.P.'s and DOT regulations.

**Dispatcher w/ Thomas Petroleum, San Antonio, TX**

- Frac and Petroleum dispatcher for the night operations.
- Aided with billing, processing paperwork and order entry for current and future accounts.
- Informed crews for jobs and different assignments, also troubleshooting any delivery delays.
- Promoted safety awareness, responsible for consistent implementations of S.O.P.'s and DOT regulations for the drivers.

**Dispatch Coordinator (Frac) w/ Weatherford, San Antonio, TX.**

- Reviewed/ verified truck reports, time cards, and DOT logs turned in by employees.
- Called out crews for jobs and different assignments as instructed by the Operations Supervisor or his designee..

**Transportation and Shipping Manager w/ AHI Supply, Buda, TX**

- Performed transportation/ logistic analysis.
- Maintained yard inventory, along with plant inventory
- Prepared shipping and receiving paperwork.
- Enforced safety through write ups and meetings.

**Dispatcher w/Transwood Inc, Channelview, TX**

- Took the role of human resource representative covering files and benefits.
- Helped in billing and order entry for future orders,
- Assisted the Operations Manager in problem resolution relating to production.

**Traffic Supervisor w/Trimac Transportation, Pasadena, TX**

- Identified and proactively resolved transportation customer complaints and delivery conflicts,
- Did the billing and order entry for future orders.
- Assisted the Operations Manager in problem resolution relating to production, standard operating procedures, safety and quality,
- Built and maintained a customer base to ensure repeat sales and services.

**References Upon Request**

Currently unemployed

**Meineke Total Car Care**
**1474 S. Seguin Ave**
**New Braunfels, TX 78130**
**Phone = 830-312-4822**
**(03/2016 – 09/2016)**

**Coastal Transport**
**1603 Ackerman Rd**
**San Antonio, TX 78219**
**Phone =210-661-4131**
**(01/11/2016 to 02/29/2016)**

**EZ Pawn**
**485 Landa**
**New Braunfels, TX 78130**
**Phone = 830-643-1055**
**(08/2015 – 11/2015)**

**Southern Tank Transport Inc**
**1870 Wald Road**
**New Braunfels, Tx 78132**
**Phone = 830-609-1130 / Fax 830-625-3131**
**(11/2014 -06/2015)**

**Steven's Tanker**
**972 Hwy 123 North**
**Stockdale, Tx 78160**
**Phone = 972-342-0228 / 830-996-0046**
**(02/2014 – 11/2014)**

**Misty Eubanks**

| | |
|---|---|
| **From:** | John Freeman |
| **Sent:** | Tuesday, December 13, 2016 5:33 PM |
| **To:** | Adam Poncio |
| **Cc:** | Angela Maldonado; Stephen Key; Bruce Dean; Misty Eubanks |
| **Attachments:** | Plaintiff's Objections and Responses to Defendant's First Request for Production with docs P1-P17.pdf |

Adam,

In the attached responses, almost all of the responses include objections based on the work product, attorney client, and party communication privileges or on an invasion of privacy. Moreover, many of the responses state that "subject to" those objections, either responsive documents have been produced or there are no responsive documents in plaintiff's possession.
Please let us know whether or not any documents are being withheld for any reason from the production to the attached requests and responses, and if any documents are being withheld, please provide a privilege/objection log.

Although the documents produced with the responses are bates numbered, the responses do not state which numbered document is responsive to which request. Please provide an amended response indicating which numbered document or documents are responsive to which specific request as required by FRCP 34(b)(2)(E)(i).

John

*John L. Freeman*
*Key Harrington Barnes, PC*
*3710 Rawlins Street Suite 950*
*Dallas, Texas 75219*
*(214) 615-7925 switchboard or (214) 615-7923 direct dial*
*(214) 615-7926 facsimile and visit our web site: www.keyharrington.com*

A Worklaw®Network member. www.worklaw.com

*CONFIDENTIALITY NOTICE: The information in this e-mail transmission is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and Key Harrington Barnes, PC bears no responsibility for any loss or damage arising in any way from its use.*

*IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].*



**Misty Eubanks**

**From:** John Freeman
**Sent:** Wednesday, December 21, 2016 10:51 AM
**To:** Adam Poncio
**Cc:** Angela Maldonado; Stephen Key; Bruce Dean; Misty Eubanks
**Subject:** RE:

Adam,

We haven't had a response to the below email, and would appreciate a response. Thanks.

John

*John L. Freeman*
*Key Harrington Barnes, PC*
*3710 Rawlins Street Suite 950*
*Dallas, Texas 75219*
*(214) 615-7925 switchboard or (214) 615-7923 direct dial*
*(214) 615-7926 facsimile and visit our web site: www.keyharrington.com*

A Worklaw®Network member. www.worklaw.com

*CONFIDENTIALITY NOTICE: The information in this e-mail transmission is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and Key Harrington Barnes, PC bears no responsibility for any loss or damage arising in any way from its use.*

*IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].*

---

**From:** John Freeman
**Sent:** Tuesday, December 13, 2016 5:33 PM
**To:** Adam Poncio
**Cc:** Angela Maldonado; Stephen Key; Bruce Dean; Misty Eubanks
**Subject:**

Adam,

In the attached responses, almost all of the responses include objections based on the work product, attorney client, and party communication privileges or on an invasion of privacy. Moreover, many of the responses state that "subject to" those objections, either responsive documents have been produced or there are no responsive documents in plaintiff's possession.
Please let us know whether or not any documents are being withheld for any reason from the production to the attached requests and responses, and if any documents are being withheld, please provide a privilege/objection log.

Although the documents produced with the responses are bates numbered, the responses do not state which numbered document is responsive to which request. Please provide an amended response indicating which numbered document or documents are responsive to which specific request as required by FRCP 34(b)(2)(E)(i).

EXHIBIT C

John

*John L. Freeman*
*Key Harrington Barnes, PC*
*3710 Rawlins Street Suite 950*
*Dallas, Texas 75219*
*(214) 615-7925 switchboard or (214) 615-7923 direct dial*
*(214) 615-7926 facsimile and visit our web site: www.keyharrington.com*

A Worklaw®Network member. www.worklaw.com

*CONFIDENTIALITY NOTICE: The information in this e-mail transmission is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and Key Harrington Barnes, PC bears no responsibility for any loss or damage arising in any way from its use.*

*IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].*

**Misty Eubanks**

**From:** John Freeman
**Sent:** Thursday, January 26, 2017 2:15 PM
**To:** aponcio@ponciolaw.com; Chris McJunkin
**Cc:** Angela Maldonado; Stephen Key; Misty Eubanks
**Subject:** FW: Espinosa/Responses to TD's Request/Prod

Adam,

On December 13, 2016, we sent an email to you regarding Plaintiff's responses to Defendant's First Request for Production. Since no response was received, we sent an additional email on December 21, 2016. Both of those emails are below, and we have received no response to either. We are again asking for a complete response to the December 13, 2016 email, and the matters addressed in that email.

Many of the responses state "and other records will be used" (see responses to Requests Nos. 2, 3, 4, 6, 7, 8, 10, 17, 18, 19, 20, 21, 23, 24, 25, 26, and 27). Please supplement your production and produce all of the records referred to in those responses as the "other records" that will be used.

Request No. 22 requested "all documents or tangible things concerning any communications with any potential party to this lawsuit, including any of the 16 persons who have filed consents to opt-in." The objections asserted do not have merit as "documents" was defined and the time period was stated as from January 1, 2014 to the present time. The response "Subject to, after Plaintiff conducted a diligent search, no responsive documents were found" is particularly troubling since, in addition to the Notice and Consent sent on August 22, you sent letters in March, August, September and October 2016 to the potential class, and additional Notices and Consents, but failed to produce those responsive letters, or Notices and Consents, in response to this particular request.

Just to be clear, Request No. 22 seeks all documents (as defined, but would include letters [including the September 2 and October 5, 2016 letters presented to the Court yesterday], emails, text messages and any other form of document whatsoever, including form of Notices or Consents sent) communicating with any potential party to the lawsuit, including but not limited to any of the 67 persons listed on the list of present or past dispatchers for Tanker Division and any of the opt-ins.

Given the present time constraints, please address the matters in our December 13, 2016 email and this email, and supplement your responses and produce the additional responsive documents no later than by next Wednesday, February 1, 2017, so that a Motion to Compel will not be necessary. Let us know if there are any questions about the above.

John

*John L. Freeman*
*Key Harrington Barnes, PC*
*3710 Rawlins Street Suite 950*
*Dallas, Texas 75219*
*(214) 615-7925 switchboard or (214) 615-7923 direct dial*
*(214) 615-7926 facsimile and visit our web site: www.keyharrington.com*

A Worklaw®Network member. www.worklaw.com



*CONFIDENTIALITY NOTICE: The information in this e-mail transmission is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and Key Harrington Barnes, PC bears no responsibility for any loss or damage arising in any way from its use.*

*IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].*

---

**From:** John Freeman
**Sent:** Wednesday, December 21, 2016 10:51 AM
**To:** 'Adam Poncio'
**Cc:** 'Angela Maldonado'; Stephen Key; 'Bruce Dean'; Misty Eubanks
**Subject:** RE:

Adam,

We haven't had a response to the below email, and would appreciate a response. Thanks.

John

*John L. Freeman*
*Key Harrington Barnes, PC*
*3710 Rawlins Street Suite 950*
*Dallas, Texas 75219*
*(214) 615-7925 switchboard or (214) 615-7923 direct dial*
*(214) 615-7926 facsimile and visit our web site: www.keyharrington.com*

A Worklaw®Network member. www.worklaw.com

*CONFIDENTIALITY NOTICE: The information in this e-mail transmission is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and Key Harrington Barnes, PC bears no responsibility for any loss or damage arising in any way from its use.*

*IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].*

---

**From:** John Freeman
**Sent:** Tuesday, December 13, 2016 5:33 PM
**To:** Adam Poncio
**Cc:** Angela Maldonado; Stephen Key; Bruce Dean; Misty Eubanks
**Subject:**

Adam,

In the attached responses, almost all of the responses include objections based on the work product, attorney client, and party communication privileges or on an invasion of privacy. Moreover, many of the responses state that "subject

to" those objections, either responsive documents have been produced or there are no responsive documents in plaintiff's possession.
Please let us know whether or not any documents are being withheld for any reason from the production to the attached requests and responses, and if any documents are being withheld, please provide a privilege/objection log.

Although the documents produced with the responses are bates numbered, the responses do not state which numbered document is responsive to which request. Please provide an amended response indicating which numbered document or documents are responsive to which specific request as required by FRCP 34(b)(2)(E)(i).

John

*John L. Freeman*
*Key Harrington Barnes, PC*
*3710 Rawlins Street Suite 950*
*Dallas, Texas 75219*
*(214) 615-7925 switchboard or (214) 615-7923 direct dial*
*(214) 615-7926 facsimile and visit our web site: www.keyharrington.com*

A Worklaw®Network member. www.worklaw.com

*CONFIDENTIALITY NOTICE: The information in this e-mail transmission is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and Key Harrington Barnes, PC bears no responsibility for any loss or damage arising in any way from its use.*

*IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].*

PONCIO LAW OFFICES
A PROFESSIONAL CORPORATION

ADAM PONCIO*
ATTORNEY AT LAW
*BOARD CERTIFIED - CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
*BOARD CERTIFIED - LABOR AND EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

THOMAS N. CAMMACK, III**
ATTORNEY AT LAW
**NOT CERTIFIED BY THE TEXAS BOARD OF LEGAL SPECIALIZATION

5410 Fredericksburg Rd., Suite 109
San Antonio, Texas 78229-3550
Telephone: (210) 212-7979
Facsimile: (210) 212-5880

tcammack@ponciolaw.com

March 24, 2016

**VIA FIRST CLASS MAIL**
Dustin Tinney
3804 Greenwood Rd.
Weatherford, Tx 76088

**RE: Cause No.: 5:15-CV-00879-XR; *Michael Espinosa vs. Stevens Tanker Division, LLC*; In the United States District court-Western District of Texas.**

Dear Sir/Madam:

A case was recently filed against Stevens Tanker Division, LLC for unpaid time and wages owed to Michael Espinosa, a former dispatcher for Stevens Tanker. As we know, dispatchers were generally paid for one week on and one week off but were not paid for all time worked over forty hours for the weeks that they were on duty. Mr. Espinosa estimates he worked 80 to 100 hours during the work week and would be due unpaid overtime for all the hours worked in excess of 40 hours. As a result, we are asserting a claim for any potential unpaid overtime owed to its present and former employees. You have been identified as a present or former employee.

I would like to discuss your employment with Steven Tanker and your work schedule and work performed and job duties. Under the Fair Labor Standards Act, an employee would be entitled to recovery of unpaid overtime worked in excess of 40 hours during a week and also would be entitled to an equal amount in liquidated damages. In other words, whatever overtime is owed is doubled under the law. The employee would be entitled to recovery of two years of unpaid overtime and liquidated damages and three years of recovery if the court finds that the conduct is willful, in addition to attorney's fees.

We would like to discuss the employment and work practices of Stevens Tanker. Please contact me at your convenience by phone or by email at salaw@msn.com or Chris McJunkin at cmcjunkin@stx.rr.com and identify yourself as a present or former Stevens Tanker employee. My firm or attorney Chris McJunkin will contact you. If you have any questions, please do not hesitate to contact me.




Very Truly yours,

**PONCIO LAW OFFICES
A Professional Corporation**

# PONCIO LAW OFFICES

A PROFESSIONAL CORPORATION

ADAM PONCIO*
ATTORNEY AT LAW
*BOARD CERTIFIED - CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
*BOARD CERTIFIED - LABOR AND EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

salaw@msn.com

5410 Fredericksburg Rd., Suite 109
San Antonio, Texas 78229-3550
Telephone: (210) 212-7979
Facsimile: (210) 212-5880

THOMAS N. CAMMACK, III**
ATTORNEY AT LAW
**NOT CERTIFIED BY THE TEXAS BOARD OF LEGAL SPECIALIZATION

tcammack@ponciolaw.com

ALAN BRAUN**
ATTORNEY AT LAW
**NOT CERTIFIED BY THE TEXAS BOARD OF LEGAL SPECIALIZATION

abraun@ponciolaw.com

August 22, 2016

**VIA FIRST CLASS MAIL**
Floyd Tinsley
P. O. Box 866
Stockdale, TX 78160

RE: **Cause No.: 5:15-CV-00879-XR; *Michael Espinosa vs. Stevens Tanker Division, LLC*; In the United States District court-Western District of Texas.**

Dear Sir/Madam:

A case was recently filed in federal court against Stevens Tanker Division, LLC for unpaid overtime and wages allegedly owed to its present and former employees. The allegation is the company did not pay dispatch employees for all time and overtime worked and you may be owed unpaid wages. Please read the attached court ordered "Notice to Potential Class Members" and "Consent Form".

Once you have made your decision, all you need to do to participate in the case is to sign and date the consent form. Please feel free to mail the enclosed signed consent form to the firm in the enclosed self-addressed stamped envelope or feel free to fax or email it to the firm. Fill out the information on the form.

As indicated by the form, retaliation by the company against present or former employees is illegal. If you have any questions concerning this matter, please contact the firm at (210) 212-7979 and ask for the Unpaid Wage Department.

Very Truly yours,

**PONCIO LAW OFFICES**
**A Professional Corporation**

**ADAM PONCIO**

EXHIBIT
tabbies
F

AP/am
Enclosures

# PONCIO LAW OFFICES

A PROFESSIONAL CORPORATION

**ADAM PONCIO***
ATTORNEY AT LAW
*BOARD CERTIFIED - CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
*BOARD CERTIFIED - LABOR AND EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**THOMAS N. CAMMACK, III****
ATTORNEY AT LAW
**NOT CERTIFIED BY THE TEXAS BOARD OF LEGAL SPECIALIZATION

**ALAN BRAUN****
ATTORNEY AT LAW
**NOT CERTIFIED BY THE TEXAS BOARD OF LEGAL SPECIALIZATION

salaw@msn.com

5410 Fredericksburg Rd., Suite 109
San Antonio, Texas 78229-3550
Telephone: (210) 212-7979
Facsimile: (210) 212-5880

tcammack@ponciolaw.com

abraun@ponciolaw.com

September 2, 2016

**VIA FIRST CLASS MAIL**
Michael Regalado
2303 Goliad Apt 1304
San Antonio, TX 78223

RE: **Cause No.: 5:15-CV-00879-XR; *Michael Espinosa vs. Stevens Tanker Division, LLC*; In the United States District court-Western District of Texas.**

**COURT SET DEADLINE TO RESPOND**

Dear Sir/Madam:

As you may already know, a case was filed in federal court against Stevens Tanker Division, LLC for unpaid overtime and wages allegedly owed to its present and former employees. The allegation is the company did not pay dispatch employees for all time and overtime worked and you may be owed unpaid wages. Please read the attached court ordered "Notice to Potential Class Members" and "Consent Form". There is a deadline for responding.

We sent out the first notice letter on August 22, 2016. However, we have not received a response from you, although others have decided to opt in to the class. The absolute deadline to respond is October 21, 2016 but please respond immediately so we can begin processing the claim.

Once you have made your decision, all you need to do to participate in the case is to sign and date the consent form. Please feel free to mail the enclosed signed consent form to the firm in the enclosed self addressed stamped envelope or feel free to fax to 210-212-5880 or email it to the firm at FLSA@ponciolaw.com. Please fill out the contact information on the form.

As indicated by the form, retaliation by the company against present or former employees is illegal. If you have any questions concerning this matter, please contact the firm at (210) 212-7979 and ask for the Unpaid Wage Department.

Very Truly yours,

PONCIO LAW OFFICES
A Professional Corporation

[signature]
ADAM PONCIO

EXHIBIT
tabbies
G

AP/am
Enclosures

# PONCIO LAW OFFICES

A PROFESSIONAL CORPORATION

ADAM PONCIO*
ATTORNEY AT LAW
*BOARD CERTIFIED - CIVIL APPELLATE LAW

TEXAS BOARD OF LEGAL SPECIALIZATION
*BOARD CERTIFIED - LABOR AND EMPLOYMENT LAW
7979
TEXAS BOARD OF LEGAL SPECIALIZATION

THOMAS N. CAMMACK, III**
ATTORNEY AT LAW
**NOT CERTIFIED BY THE TEXAS BOARD OF LEGAL SPECIALIZATION

ALAN BRAUN**
ATTORNEY AT LAW
**NOT CERTIFIED BY THE TEXAS BOARD OF LEGAL SPECIALIZATION

salaw@msn.com

5410 Fredericksburg Rd., Suite 109
San Antonio, Texas 78229-3550
Telephone: (210) 212-

Facsimile: (210) 212-5880

tcammack@ponciolaw.com

abraun@ponciolaw.com

October 14, 2016

**VIA FIRST CLASS MAIL**
Michael Reglado
2303 Goliad, Apt 1304
San Antonio, Tx 78223

**RE: Cause No.: 5:15-CV-00879-XR; *Michael Espinosa vs. Stevens Tanker Division, LLC*; In the United States District court-Western District of Texas.**

**COURT SET DEADLINE TO RESPOND**

Dear Sir/Madam:

As you may already know, a case was filed in federal court against Stevens Tanker Division, LLC for unpaid overtime and wages allegedly owed to its present and former employees. The allegation is the company did not pay dispatch employees for all time and overtime worked and you may be owed unpaid wages. Please read the attached court ordered "Notice to Potential Class Members" and "Consent Form". There is a deadline for responding.

We sent out previous notice letters, but may have been provided an incorrect address for you. We have not received a response from you, although others have decided to opt in to the class. The absolute deadline to respond is October 21, 2016 but please respond immediately so we can begin processing the claim..

Once you have made your decision, all you need to do to participate in the case is to sign and date the consent form. Please feel free to mail the enclosed signed consent form to the firm in the enclosed self addressed stamped envelope or feel free to fax to 210-212-5880 or email it to the firm at FLSA@ponciolaw.com. Please fill out the contact information on the form.

As indicated by the form, retaliation by the company against present or former employees is illegal. If you have any questions concerning this matter, please contact the firm at (210) 212-7979 and ask for the Unpaid Wage Department.

Very Truly yours,

PONCIO LAW OFFICES
A Professional Corporation

EXHIBIT
tabbies
H

ADAM PONCIO

AP/am

**From:** Ashleigh Magaña [mailto:ashleighmagana@icloud.com]
**Sent:** Wednesday, October 19, 2016 4:47 AM
**To:** whayes@stevenstanker.com
**Cc:** rford@stevenstanker.com
**Subject:** Fwd: URGENT/REPLY REQUESTED: Notice to Present and Former Salaried Dispatchers of Stevens Tanker Division LLC

This was sent to my personal email yesterday, just wanted to make y'all aware. I don't know how they obtained my personal email address.

-Ashleigh

Begin forwarded message:

**From:** Angela Maldonado <amaldonado@ponciolaw.com>
**Date:** October 18, 2016 at 16:43:10 CDT
**To:** Angela Maldonado <amaldonado@ponciolaw.com>
**Subject: URGENT/REPLY REQUESTED: Notice to Present and Former Salaried Dispatchers of Stevens Tanker Division LLC**

Dear Sir/Madam:

As you may already know, a case was filed in federal court against Stevens Tanker Division, LLC for unpaid overtime and wages allegedly owed to its present and former employees. The allegation is the company did not pay dispatch employees for all time and overtime worked and you may be owed unpaid wages. Please read the attached court ordered "Notice to Potential Class Members" and "Consent Form". There is a deadline for responding.

We sent out previous notice letters, but may have been provided an incorrect address for you. We have not received a response from you, although others have decided to opt in to the class. The absolute deadline to respond is October 21, 2016 but please respond immediately so we can begin processing the claim..

Once you have made your decision, all you need to do to participate in the case is to sign and date the consent form. Please feel free to mail the enclosed signed consent form to the firm or feel free to fax to 210-212-5880 or you can also scan and email it back to me. Please fill out the contact information on the form.

EXHIBIT
tabbies
I

As indicated by the form, retaliation by the company against present or former employees is illegal. If you have any questions concerning this matter, please contact the firm at (210) 212-7979 and ask for Angela Maldonado.

Very Truly Yours,

Angela Maldonado

Poncio Law Offices, P.C.

5410 Fredericksburg Rd., Suite 109

San Antonio, TX 78229

(210) 212-7979 Telephone

(210) 212-5880 Facsimile

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to which they are addressed. If you have received this email in error please destroy and notify the sender immediately. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company.