IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL ESPINOZA, ET AL. § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | Civil Action No.  SA-15-CV-879 |
| § | |
| STEVENS TANKER DIVISION, LLC § | |
| § | |
| *Defendant* § | |

**ORDER**

On this day came on to be considered the status of this case.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Michael Espinosa filed his Complaint on October 12, 2015, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. Docket no. 1 at 1. Espinosa was employed as a dispatcher for Defendant Stevens Tanker Division, LLC ("Stevens"). He claims his duties included answering phone calls, informing drivers of dispatch sites, recording information from drivers who were present at job sites, and other office tasks. Docket no. 20 at 2. He alleges he worked a schedule of "one week on and one week off" and that during the "on" weeks he regularly worked approximately 84 hours a week. Docket no. 1 at 3. He claims he was improperly classified as an exempt employee and did not receive overtime pay for the hours he worked in excess of forty hours. Id. The Complaint states that Espinosa brings his claim "on behalf of all similarly situated present and former employees of Defendant who were either misclassified and/or not properly paid for all overtime due and/or not paid for all hours worked." *Id*.

On August 5, 2016, this Court entered an Order granting in part and denying in part Plaintiff's Motion for Conditional Class Certification. The Court granted initial conditional certification of a class composed of all past or present salaried dispatchers who worked for Defendant any time since October 12, 2012, at any of Defendant's locations, who were not paid overtime compensation. The Court also ordered Stevens to produce a list—in electronic format—of the name, last known physical address, last known email address, and last four digits of social security number of all current and former employees in the class as granted above within fourteen days of the Order. Upon receipt of the list, Plaintiff was ordered to send a notice to potential class members with a date-specific deadline for opting-in that is sixty days from the date of the mailing of the notices. Counsel for both parties were ordered to confer regarding the content of the notice and notify the Court in the case of any disputes.

Stevens argues that it conferred as ordered and that the parties reached an agreement as to the form of the notice. Notwithstanding the agreements reached regarding notice, Defendant asserts that class counsel engaged in the following acts: (1) Class counsel included an unapproved "cover letter" to the notice that omitted terms agreed upon in the Notice; (2) Class counsel improperly sent a non-agreed upon "reminder notice" to members of the class that included a misleading heading that stated: COURT DEADLINE TO RESPOND and further stated they had "not received a response … although others have decided to opt in to the class." A "sign here" sticker was also affixed next to the signature block of the opt-in form; (3) Class counsel sent a third notice to members of the Class claiming that Defendant "may have provided an incorrect address for you." This Notice (as well as the previous Notice) also changed the agreed upon introduction. The agreed upon introduction stated: "This is a Court-approved notice by the Judge assigned to this case and the Parties' Lawyers. This approval is not a comment on the validity of the Claims or Defenses in this action." The Notice sent stated that this "is a court-ordered notice, not an advertisement from a lawyer"; and (4) Class Counsel sent a fourth notice with the same defects in mid-October, 2016.

At least nine class members signed opt-in consents after the improper second, third and fourth notices were sent. Stevens argues that all individuals who signed opt-in forms after receiving the unauthorized second notice should be stricken.

**Analysis**

In "a FLSA action, the court has 'a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.' *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71, 110 S. Ct. 482, 107 L.Ed.2d 480 (1989). One of the primary ways the court ensures that notice is 'timely, accurate, and informative' is by monitoring preparation and distribution of the notice as early in the case as is practicable. *Id*. at 171, 110 S. Ct. 482. Court-approved notice ensures that putative class members receive 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.' *Id*. at 170, 110 S. Ct. 482. Further, it limits any 'opportunities for abuse[,]' including misleading communications, in the class action process." *Howard v. Securitas Sec. Servs., USA Inc.*, 630 F. Supp. 2d 905, 907 (N.D. Ill. 2009).

Whether to require that notices are sent is within the discretion of the court. *See e.g. Roberts v. S.B. Southern Welding, L.L.C.*, 140 F. Supp. 3d 601 (N.D. Tex. 2015). Exercising this discretion this Court ordered the parties to confer and reach agreement on the form of the Notice. In the Court's Order it was clear that the Court was contemplating that only one notice was to be sent. *See* Docket No. 40. Despite the Court's Order and the parties' agreement, Class counsel issued four notices. Further, as indicated above, Class Counsel deviated from the agreed upon language of the Notice and included statements that would mislead the recipient to infer that the Court was mandating that they join the lawsuit, or that the Defendant was providing incorrect addresses in an effort to dissuade them from joining the lawsuit. Just as importantly Class counsel violated his duty as an officer of the Court to be

candid and cooperative when possible.  The Court needs parties to engage in cooperative behavior when possible to achieve a "just, speedy, and inexpensive determination" of the case.  See Fed. R. Civ. P. 1.

This Court does not sanction Class counsel for violation of Rule 1.[1]  Nor does the Court grant Stevens' request to strike the opt-in members.  This remedy would serve only to sanction innocent individuals who were not aware of the parties' agreed upon notice.  The Court, however, does sanction Class counsel under the Court's inherent authority for acting in bad faith.  "It is well-settled that a federal court, acting under its inherent authority, may impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct. "  *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008).

Class counsel was aware of the Court's Order authorizing one notice, never sought clarification of the Order, reached an agreement with counsel for Defendant as to the form of the Notice, and then proceeded to issue four notices that deviated from the agreed upon form.  The last two notices proceeded to give the reader the impression that the Court had an opinion as to the merits of the case.  The Court advised Class counsel it was taking under consideration what, if any, sanctions should be imposed, offered Class counsel an opportunity to explain his conduct, and no satisfactory explanations were given.

It is **ORDERED** that should Class counsel be successful in recovering a settlement or judgment in this case, neither he nor his law firm may recover any attorney's fees for the prosecution of any of the opt-in plaintiffs who signed their opt-in forms after receiving the second, third or fourth notice.  It is further **ORDERED** that Class Counsel pay the reasonable attorney's fees incurred by Defendant for their filing of its Motion to Void Opt-In Consents (docket no. 69).

---

[1] See Fed. R. Civ. P. Committee's Note to 2015 amendment ("This amendment does not create a new or independent source of sanctions.").

The Court notes that there are two outstanding motions pending – Plaintiffs' motion to extend the scheduling order (docket no. 72) because the parties have been unable to agree to deposition dates and Defendant's motion to compel documents and overrule objections Plaintiffs have asserted to various requests for production (docket no. 73).  The Court advised the parties to work together to complete discovery during the last hearing held on January 25, 2017.  If the parties cannot agree within five days on deposition dates and modifications to the scheduling order, the Court will convene another hearing and unilaterally set dates.  As to Plaintiff's objections to the Defendant's requests for production of documents, it is apparent that Class counsel has not fully understood new Federal Rule of Civil Procedure 34(b)(2).  Rule 34(b)(2)(B) was "amended to require that objections to Rule 34 requests be stated with specificity."[2]  "The specificity of the objection ties to the new provision in Rule 34(b)(2)(C) directing that an objection must state whether any responsive materials are being withheld on the basis of that objection. An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad."[3] Rule 34(b)(2)(C)was also "amended to provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection. "[4]  This amendment was adopted to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections."  Defendant's motion is not yet ripe for a ruling, but Class counsel would be wise in taking the above statements to heart.

## Conclusion

Pursuant to the Court's inherent authority Class counsel is sanctioned as stated above.  Counsel for both parties are ordered to meet and confer regarding the two pending motions.  If an agreement is

---

[2] Fed. R. Civ. P. 34 Committee Note to 2015 amendment.
[3] Id.
[4] Id.

reached, the parties are directed to notify the Court that the motions are now moot and no hearing is necessary.  If no agreement is announced within five days, the Court will set a hearing.

    SIGNED this 7th day of February, 2017.

                                                             _____
                                                             XAVIER RODRIGUEZ
                                                             UNITED STATES DISTRICT JUDGE