**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MICHAEL ESPINOSA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:15-cv-879-XR |
| | § | |
| STEVENS TANKER DIVISION, LLC, | § | |
| | § | |
| Defendant. | § | |

<u>DEFENDANT STEVENS TANKER DIVISION, LLC'S MOTION FOR FEES</u>

Comes now, Defendant Stevens Tanker Division, LLC ("Defendant" or "Tanker Division") and files this Motion for Fees. In support hereof, Defendant would respectfully show the Court as follows:

1.      Defendant filed its Motion To Void Opt-in Consents (Doc 69) ("Motion to Void"). By its Order (Doc 74) of February 7, 2017, the Court ordered that Class Counsel pay the reasonable attorney's fees incurred by Defendant for the filing of its Motion to Void. *Id.* at 4. This motion presents evidence and support for the recovery by Defendant of the attorney's fees and expenses incurred in the preparation, filing and presentation of the Motion To Void. Pursuant to Local Rule CV-7(i), the Court is advised that Plaintiff's counsel opposes this motion.

2.      The affidavit of Stephen C. Key is attached as Exhibit "A" ("Key Affidavit"). Attached as Exhibits "1"—"4" to the Key Affidavit are copies of actual billing statements to Defendant by Key Harrington Barnes, PC which have been redacted to reflect services rendered and charges to Defendant solely in connection with the Motion to Void. Exhibits "1"—"4" to the Key Affidavit show the specific task performed, the date and the person who performed that task, and the time spent and the charge incurred in performing only that task. While Exhibits

"1"—"4" to the Key Affidavit reveal that other tasks may have been performed and charges incurred on the same date, those tasks and charges have been redacted so that only the time spent and the amount of the charges in connection with the Motion to Void is shown. Likewise, only the expenses incurred in connection with the Motion to Void are shown in Exhibits "1"—"4".

3.      As the Key Affidavit shows, the reasonable attorney's fees and expenses incurred by Defendant to Key Harrington Barnes, PC for the Motion to Void is $24,087.50 in attorney's fees and $1,026.74 in expenses.

4.      The Affidavit of Bruce L. Dean is attached as Exhibit "B" ("Dean Affidavit"). Exhibit "3" to the Dean Affidavit shows the services rendered and charges by Bruce L. Dean to Defendant in connection with the Motion to Void. As the Dean Affidavit shows, the reasonable attorney's fees incurred by Defendant to Bruce L. Dean for the Motion to Void is $16,540.00.

5.      Defendant requests that the Court grant this Motion for Fees and order Plaintiff's counsel to pay the amount of $40,627,50 in attorney's fees plus the amount of $1,026.74 in expenses to Defendant within fifteen (15) days of the Order granting this motion and that the Court award all other and appropriate relief.

Respectfully submitted,

KEY HARRINGTON BARNES, PC

BY:      _____/s/ Stephen C. Key_____
          STEPHEN C. KEY
          State Bar No. 00791022
          JOHN L. FREEMAN
          State Bar No. 07425500

          3710 Rawlins Street, Suite 950
          Dallas, Texas 75219
          214/615-7929 (Key)
          214/615-7923 (Freeman)
          214/615-7926 (Facsimile)
          skey@keyharrington.com

jfreeman@keyharrington.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify that a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure, on the 27th day of March, 2017.

_____/s/ John L. Freeman_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL ESPINOSA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:15-cv-879-XR |
| | § | |
| STEVENS TANKER DIVISION, LLC, | § | |
| | § | |
| Defendant. | § | |

## AFFIDAVIT OF STEPHEN C. KEY

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME the undersigned authority, on this day personally appeared Stephen C. Key, who is personally known by me and who, after being duly sworn, upon his oath, deposed and stated as follows:

1.    "My name is Stephen C. Key. I am an attorney licensed to practice law in the State of Texas and before the United States Court of Appeals for the 5th and 10th Circuits and the United States District Courts for the Northern, Western, Eastern and Southern Districts of Texas. I was licensed to practice law in Texas in 1994 and have practiced law in Dallas, Texas from that time to the present. I am certified by the Texas Board of Legal Specialization in Labor and Employment Law. The statements contained in this Affidavit are within my personal knowledge and are true and correct.

2.    "I have practiced law in the Dallas/Fort Worth area for over 23 years and am generally familiar with the customary charges for legal representation in labor and employment matters in the federal and state courts in Texas.

**EXHIBIT**

"A"

tabbies

3.    "I am a shareholder with the firm of Key Harrington Barnes, P.C., with offices at 3710 Rawlins, Suite 950, Dallas, Texas 75219.

4.    "I and our law firm were retained by Stevens Tanker Division, LLC to represent it in the action filed by Michael Espinosa on October 12, 2015 in the United States District Court, Western District of Texas in Civil Action Number 5:15-cv-879-XR.

5.    "As counsel for Stevens Tanker Division, LLC, I have been responsible for the overall conduct of this litigation. Since that time, I have had responsibility for preparation or supervision of preparation and/or review of all pleadings filed in this matter on behalf of Stevens Tanker Division, LLC and to review and respond to all pleadings filed. Additionally, I, with the assistance of another attorney in our firm, John L. Freeman, and other personnel in our office, have conducted conferences, reviewed documents, conducted research and prepared or supervised the preparation of the Motion to Void Opt-In Consents ("Motion to Void") and appeared at the hearing. Mr. Freeman was licensed to practice law in Texas in 1973 and is also licensed to practice law in the United States District Courts for the Northern, Western and Eastern Districts of Texas, and the United States Court of Appeals for the 5th Circuit, and has been engaged in trial and appellate practice in both federal and state courts. All of such activities by me and Mr. Freeman as stated in Exhibits "1" – "4" were, in my opinion, necessary, reasonable and appropriate in order to properly present to the Court, on behalf of Stevens Tanker Division, LLC, the inappropriate conduct of class counsel.

6.    Attached are Exhibits "1"—"4," which are copies of actual billing statements from Key Harrington Barnes, PC to Defendant Stevens Tanker Division, LLC. These billing statements have been redacted to reflect services rendered and charges, including expenses, incurred by Stevens Tanker Division, LLC to Key Harrington Barnes, PC solely in connection with the preparation, filing and presentation of the Motion to Void. Exhibits "1"—"4" show the specific task performed, the

date and the person who performed that task, and the time spent and the charge incurred in performing only that task. While Exhibits "1"—"4" reveal that other tasks may have been performed and charges incurred on the same date, those tasks and charges have been redacted so that only the amount of the time spent and charges incurred in connection with the Motion to Void is shown. Similarly, only the actual expenses incurred solely in connection with the Motion to Void are shown. Additional time was spent and additional attorney fee charges in the amount of $2,100.00 were incurred performing tasks in connection with the Motion to Void, but as a matter of billing judgment and in recognition of the long term relationship with our client, those charges, although reasonable and necessary, were not included in the billing statements.

7.      "Fees of $24,087.50 and expenses of $1,026.74 have been incurred by Stevens Tanker Division, LLC to Key Harrington Barnes, PC in the preparation, filing and presentation of the Motion to Void.

8.      "In reviewing the services that were provided by this law firm regarding the Motion to Void, I have formulated an opinion as to a reasonable fee to this law firm for the attorneys' time and energy expended. My opinion is based upon, among other factors, the time and labor required, the novelty and difficulty of the questions involved, the interest of Stevens Tanker Division, LLC that was at stake, and the skill requisite to perform the legal services properly. In formulating my opinion, I am also cognizant of the fees customarily charged for similar services, the amount involved and the results to be obtained. I am also cognizant of the experience, reputation and ability of other lawyers and legal assistants performing services under my direction.

9.      "With these and other considerations in mind, I reviewed the file and all fee statements in formulating my opinion of what a reasonable fee to Key Harrington Barnes, PC for attorneys' fees and expenses would be in connection with the Motion to Void. Based upon the

foregoing, it is my opinion that $24,087.50 is a reasonable fee for attorneys' fees and $1,026.74 for expenses for the preparation, filing and presentation of the Motion to Void.

FURTHER AFFIANT SAITH NOT.

_____
Stephen C. Key, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on this **23** day of March, 2017 to certify which witness my hand and official seal.



MISTY D EUBANKS
NOTARY PUBLIC-STATE OF TEXAS
COMM. EXP. 12-17-2017
NOTARY ID 4814516

_____
Notary Public in and for
the State of Texas

_____
My Commission Expires

3710 Rawlins Street
Suite 950
Dallas, TX 75219
214-615-7925
**Tax ID: 16-1677578**



09-27-2016

Stevens Tanker Division, LLC
Attn: Bruce Dean
9757 Military Parkway
Dallas, TX 75227

**Invoice Number: 26299**
Invoice Period: 08-22-2016 - 09-20-2016

**RE: Espinosa (466-2)**

## Professional Services

| Date | Professional | Description | Hours | Amount |
|------|--------------|-------------|-------|--------|
| 08-22-2016 | John L. Freeman | ███████████████████ | ██ | ██ |
| 08-23-2016 | John L. Freeman | research on ████████ opt-in consents. | 1.00 | 300.00 |
| 08-24-2016 | John L. Freeman | ███████████████ email from client regarding receipt of counsel's letter to dispatchers; obtain case law regarding cancelling consents obtained inappropriately. | 2.00 | 600.00 |
| 08-25-2016 | John L. Freeman | Research regarding voiding opt-in consent forms based on communications by counsel to potential opt-ins. | 2.000 | 600.00 |
| 08-26-2016 | John L. Freeman | Additional research on voiding consents ██████████████████ | 1.00 | 300.00 |
| 08-27-2016 | Stephen C. Key | ████████████████████ | ██ | ██ |
| 08-29-2016 | John L. Freeman | ████████████ | ██ | ██ |
| 08-30-2016 | John L. Freeman | ████████████ | ██ | ██ |
| 08-31-2016 | John L. Freeman | ██████████████ | ██ | ██ |
| 09-02-2016 | John L. Freeman | █████████████ | ██ | ██ |
| 09-06-2016 | John L. Freeman | analysis of opposing counsel's letter sent with consents and effect on consents; receive and review second letter sent by counsel on September 2nd and compare letters and notices; email to Stephen Key | 1.50 | 450.00 |

We appreciate your business



EXHIBIT

| Date | Professional | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| | | regarding same. | | |
| 09-07-2016 | John L. Freeman | Email exchanges with Stephen Key regarding counsel's letters to dispatchers; ███████ ███████ review of cases of counsel's communication with putative class members outside of notice. | 2.25 ███ | 675.00 ███ |
| 09-08-2016 | John L. Freeman | ███████████████ | ███ | ███ |
| 09-12-2016 | John L. Freeman | Complete draft of email memo to Stephen Key regarding potential voiding of consents. | 1.750 | 525.00 |
| 09-13-2016 | John L. Freeman | ███████████████ | ███ | ███ |
| 09-14-2016 | John L. Freeman | ███████████████ | ███ | ███ |
| 09-15-2016 | John L. Freeman | ███████████████ | ███ | ███ |
| 09-16-2016 | Stephen C. Key | ███████ multiple email exchanges with Bruce and John regarding inappropriate class notices and appropriate response to same. | 1.25 ███ | 437.50 ███ |
| 09-16-2016 | Misty D. Eubanks | ███████████████ | ███ | ███ |
| 09-16-2016 | John L. Freeman | ███████████████ | ███ | ███ |
| 09-19-2016 | John L. Freeman | ███████████████ | ███ | ███ |
| 09-19-2016 | Stephen C. Key | ███████████████ | ███ | ███ |
| 09-20-2016 | John L. Freeman | ███████████████ | ███ | ███ |

| Date | Professional | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| | | ██████████████████ | | |
| | | **Total Fees** | | 3,887.50 |
| | | | | ███████ |

## Timekeeper Summary

| Professional | Hours | Rate | Amount |
|-------------|-------|------|--------|
| John L. Freeman | 11.50 ███ | 300.00 | 3,450.00 |
| Misty D. Eubanks | ████████████ | | ████ |
| Stephen C. Key | 1.25 ███ | 350.00 | 437.50 |
| **Total Fees** | | | 3,887.50 |
| | | | ████████ |

## Expenses

| Date | Expense | Description | Amount |
|------|---------|-------------|--------|
| 08-30-2016 | Legal Research - Westlaw | Legal Research | 291.11 |
| 09-20-2016 | None | PACER | ████ |
| | | **Total Expenses** | 291.11 |
| | | **Total for this Invoice** | 4,178.61 |
| | | | ████████ |

3710 Rawlins Street
Suite 950
Dallas, TX 75219
214-615-7925
**Tax ID: 16-1677578**



11-30-2016

Stevens Tanker Division, LLC
Attn: Bruce Dean
9757 Military Parkway
Dallas, TX 75227

**Invoice Number: 26455**
Invoice Period: 09-14-2016 - 11-20-2016

**RE: Espinosa (466-2)**

## Professional Services

| Date | Professional | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| 09-22-2016 | John L. Freeman | ██████████████ | ██ | ██ |
| 09-23-2016 | John L. Freeman | ██████████████ | ██ | ██ |
| 09-26-2016 | John L. Freeman | ██████████████ | ██ | ██ |
| 09-27-2016 | John L. Freeman | ██████████████ | ██ | ██ |
| 09-28-2016 | John L. Freeman | ██████████████ | ██ | ██ |
| 09-29-2016 | John L. Freeman | ██████████████ | ██ | ██ |
| 09-30-2016 | John L. Freeman | ██████████████ | ██ | ██ |
| 10-03-2016 | John L. Freeman | ██████████████ | ██ | ██ |
| 10-04-2016 | John L. Freeman | ██████████████ | ██ | ██ |
| 10-05-2016 | John L. Freeman | ██████████████ | ██ | ██ |
| 10-05-2016 | Stephen C. Key | ██████████████ | ██ | ██ |
| 10-06-2016 | Stephen C. Key | ██████████████ | ██ | ██ |

We appreciate your business

Page 1 of 4

**EXHIBIT**
" 2 "
tabbles'

| Date | Professional | Description | Hours | Amount |
|---|---|---|---|---|
| 10-06-2016 | John L. Freeman | | | |
| 10-07-2016 | Stephen C. Key | | | |
| 10-17-2016 | John L. Freeman | | | |
| 10-18-2016 | John L. Freeman | | | |
| 10-19-2016 | John L. Freeman | Draft motion to void consents and for sanctions; | 5.00 | 1,500.00 |
| 10-20-2016 | John L. Freeman | Additional drafting and revision of motion to void consents; receive additional letter and notice sent by plaintiff's counsel and incorporate such into motion; review and research regarding potential motion for sanctions. | 6.000 | 1,800.00 |
| 10-21-2016 | John L. Freeman | Finalize draft of motion to void consents and edit to include 4 additional consents; forward motion to void consents to Stephen Key; research regarding motion for sanctions, requirements in 5th Circuit and application to facts of case. | 6.250 | 1,875.00 |
| 10-24-2016 | John L. Freeman | Additional revision to motion to void consents to add language regarding effect of counsel's letters; additional research regarding sanctions and begin email to Stephen Key; | 6.25 | 1,875.00 |
| 10-24-2016 | Stephen C. Key | | | |
| 10-25-2016 | Stephen C. Key | | | |
| 10-25-2016 | Stephen C. Key | | | |
| 10-25-2016 | John L. Freeman | additional revision to motion to void consents; additional research on sanctions and email memo to Stephen Key. | 3.50 | 1,050.00 |
| 10-26-2016 | John L. Freeman | Email to Stephen Key regarding motion to void consents and local rules; | .25 | 75.00 |
| 10-27-2016 | Stephen C. Key | Review of draft motion to void consents and forward of same to Bruce Dean. | 0.500 | 175.00 |
| 10-28-2016 | Stephen C. Key | | | |
| 10-28-2016 | Stephen C. Key | | | |
| 10-31-2016 | John L. Freeman | Conference with Stephen Key regarding motion to void consents and forward same to Bruce Dean as requested; | 1.00 | 300.00 |

| Date | Professional | Description | Hours | Amount |
|---|---|---|---|---|
| | | ████████████ email to Bruce Dean with additional case support for motion to void consents; ████████████ | | |
| 11-01-2016 | John L. Freeman | ████████████ | ███ | ███ |
| 11-02-2016 | John L. Freeman | ████████████ | ███ | ███ |
| 11-02-2016 | Stephen C. Key | ████████████ | ███ | ███ |
| 11-04-2016 | John L. Freeman | ████████████ | ███ | ███ |
| 11-09-2016 | Stephen C. Key | ████████████ | ███ | ███ |
| 11-10-2016 | Stephen C. Key | ████████████ | ███ | ███ |
| 11-11-2016 | Stephen C. Key | ████████████ | ███ | ███ |
| 11-14-2016 | Stephen C. Key | ████████████ | ███ | ███ |
| | | **Total Fees** | | 8,650.00 ███ |

## Timekeeper Summary

| Professional | Hours | Rate | Amount |
|---|---|---|---|
| John L. Freeman | 28.25 ███ | 300.00 | 8,475.00 |
| Stephen C. Key | .50 ███ | 350.00 | 175.00 |
| | **Total Fees** | | 8,650.00 ███ |

## Expenses

| Date | Expense | Description | Amount |
|---|---|---|---|
| 09-14-2016 | Legal Research - Westlaw | Legal Research | 186.00 |
| ███ | ███ | ███ | |

We appreciate your business



**Total Expenses** 186.00

**Total for this Invoice** 8,836.00

3710 Rawlins Street
Suite 950
Dallas, TX 75219
214-615-7925
**Tax ID: 16-1677578**



01-30-2017

Stevens Tanker Division, LLC
Attn: Bruce Dean
9757 Military Parkway
Dallas, TX 75227

**Invoice Number: 26594**
Invoice Period: 11-21-2016 - 01-20-2017

**RE: Espinosa (466-2)**

## Professional Services

| Date | Professional | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| 11-21-2016 | Stephen C. Key | ████████████████████ ███████ | ██ | ██ |
| 11-22-2016 | Stephen C. Key | ████████████ | ██ | ██ |
| 11-22-2016 | Misty D. Eubanks | ███████████ | ██ | ██ |
| 11-22-2016 | John L. Freeman | ████████████ | ██ | ██ |
| 11-23-2016 | John L. Freeman | ███████ | ██ | ██ |
| 11-28-2016 | John L. Freeman | Email to Bruce Dean and Stephen Key regarding ████ motion to void consents; | .25 ██ | 75.00 |
| 11-29-2016 | John L. Freeman | ███████████ review draft of motion to void consents and review additional cases in preparation for meeting with Bruce Dean. | 2.00 | 600.00 |
| 11-30-2016 | John L. Freeman | Additional emails from Bruce Dean regarding voiding consents; conference with Bruce Dean and Stephen Key regarding motion to void consents ██████ ████████████ | 1.50 | 450.00 |
| 11-30-2016 | Stephen C. Key | Meeting with Bruce and John to formulate optimal | .75 | 262.50 |

We appreciate your business

EXHIBIT
" 3 "
tabbies

| Date | Professional | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| | | strategy for motion to strike opt-in consents; ███ | | |
| 12-01-2016 | John L. Freeman | ████████████████████████ ████████████████████████ ████████████████████████ ██████ forward documents to Bruce Dean for use in motion to void consents. | .50 | 150.00 |
| 12-02-2016 | John L. Freeman | ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ | ███ | ███ |
| 12-02-2016 | Stephen C. Key | ████████████████████████ ████████████████████████ | ███ | ███ |
| 12-05-2016 | John L. Freeman | ████████████████████████ ████████████████████████ | ███ | ███ |
| 12-06-2016 | John L. Freeman | ████████████████████████ ██████████ | ███ | ███ |
| 12-08-2016 | John L. Freeman | Receive and review Bruce Dean's revised motion to void consents and email in response. | 1.000 | 300.00 |
| 12-08-2016 | Stephen C. Key | Review of Motion to Void Opt-in Consents and substantial revision of same. | 2.500 | 875.00 |
| 12-09-2016 | Stephen C. Key | Review and edit of Bruce's draft motion to strike consents. | 1.000 | 350.00 |
| 12-09-2016 | John L. Freeman | Email from Bruce Dean and respond regarding motion to void consents; receive revised motion to void consents and begin review. | 0.750 | 225.00 |
| 12-12-2016 | John L. Freeman | Continue review of Bruce Dean's 12-9-16 redline of motion to void consents and email to Bruce, Stephen Key and Misty Eubanks with comments and changes; receive response from Bruce Dean. | 2.750 | 825.00 |
| 12-13-2016 | John L. Freeman | Conference with Misty Eubanks regarding exhibits to motion to void consents and sort and compile same; ████████████████████████ ████████████████████████ | .75 | 225.00 |
| 12-14-2016 | John L. Freeman | Receive Stephen Key's redlined changes to motion to void consents with Bruce Dean's November 4th redline received December 8th and coordinate Stephen's changes to Bruce's December 9th redline and subsequent changes; begin review and editing of new document; ██████████ | 1.50 | 450.00 |
| 12-14-2016 | Stephen C. Key | ████████████████████████ ████████████████████████ | ███ | ███ |
| 12-15-2016 | John L. Freeman | Continue assimilation of versions of motion to void consents and editing of same. | 4.250 | 1,275.00 |
| 12-16-2016 | John L. Freeman | Additional editing to motion to void consents; draft | 1.500 | 450.00 |

| Date | Professional | Description | Hours | Amount |
|---|---|---|---|---|
| | | proposed order. | | |
| 12-19-2016 | John L. Freeman | Conference with Misty Eubanks to review and answer questions regarding changes to motion to void consents for additional redline/clean version that incorporates all changes by Bruce Dean, Stephen Key and John Freeman; review and edit new versions. | 1.500 | 450.00 |
| 12-20-2016 | John L. Freeman | ███████████████████ | ███ | ███ |
| 12-21-2016 | John L. Freeman | ███████████████ receive and review Bruce Dean's 12-21-16 redline of motion to void consents and respond with questions and changes; ███████████ | 1.00 | 300.00 |
| 12-21-2016 | Stephen C. Key | ████████████████ revision of motion to void opt-in consents. | .25 | 87.50 |
| 12-22-2016 | John L. Freeman | ██████████████████ | ███ | ███ |
| 12-23-2016 | John L. Freeman | ██████████████████ | ███ | ███ |
| 12-27-2016 | John L. Freeman | ██████████████████ | ███ | ███ |
| 12-28-2016 | John L. Freeman | ██████████████████ | ███ | ███ |
| 12-29-2016 | John L. Freeman | ██████████████████ | ███ | ███ |
| 12-30-2016 | John L. Freeman | ██████████████████ | ███ | ███ |
| 01-03-2017 | John L. Freeman | ██████████████████ | ███ | ███ |

| Date | Professional | Description | Hours | Amount |
|------|--------------|-------------|-------|--------|
| | | | | |
| 01-04-2017 | John L. Freeman | | ▮ | ▮ |
| 01-05-2017 | John L. Freeman | | ▮ | ▮ |
| 01-06-2017 | John L. Freeman | Add Bruce Dean's 12-21-16 changes and additional changes to motion to void consents to prepare for filing; | 2.00 | 600.00 |
| 01-09-2017 | John L. Freeman | Review of Bruce Dean's email and additional changes to 1-7-17 motion to void; conference with Stephen Key regarding same ▮▮▮▮; telephone conference with Bruce Dean and Stephen Key regarding ▮▮, motion to void ▮▮▮ | 2.75 | 825.00 |
| 01-09-2017 | Stephen C. Key | | ▮ | ▮ |
| 01-10-2017 | Stephen C. Key | | ▮ | |
| 01-10-2017 | John L. Freeman | incorporate Bruce Dean's 1-7-16 changes to motion to void; forward latest version of motion to void to Bruce Dean and Stephen Key; | 2.50 | 750.00 |
| 01-11-2017 | John L. Freeman | Receive email from Bruce Dean regarding motion to void and respond; | .50 | 150.00 |
| 01-12-2017 | John L. Freeman | Email exchange with Bruce Dean regarding finalizing motion to void; | .50 | 150.00 |
| 01-13-2017 | John L. Freeman | | ▮ | ▮ |
| 01-13-2017 | Stephen C. Key | | ▮ | ▮ |
| 01-14-2017 | John L. Freeman | | ▮ | ▮ |
| 01-15-2017 | John L. Freeman | | ▮ | ▮ |

| Date | Professional | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| 01-16-2017 | John L. Freeman | █████████████████ | ██ | ██ |
| 01-16-2017 | Stephen C. Key | █████████████████ | ██ | ██ |
| 01-17-2017 | Stephen C. Key | ████████ | ██ | ██ |
| 01-17-2017 | John L. Freeman | █████████████████ | ██ | ██ |
| 01-18-2017 | John L. Freeman | Email to counsel to confer on motion to void consents; check and finalize motion to void consents for filing; ████████████ | .50 | 150.00 |
| 01-18-2017 | Stephen C. Key | █████████████████ | ██ | ██ |
| 01-19-2017 | John L. Freeman | █████████████████ | ██ | ██ |
| 01-20-2017 | John L. Freeman | ██████████ review final compilation of motion to void consents and file. | .50 | 150.00 |
| 01-20-2017 | Stephen C. Key | ██████████ | ██ | ██ |

**Total Fees** 10,125.00 ████

## Timekeeper Summary

| Professional | Hours | Rate | Amount |
|--------------|-------|------|--------|
| John L. Freeman | 28.50 ██ | 300.00 | 8,550.00 |
| Misty D. Eubanks | ██ | | ██ |
| Stephen C. Key | 4.50 ██ | 350.00 | 1,575.00 |
| | | **Total Fees** | 10,125.00 ██ |

## Expenses

| Date | Expense | Description | Amount |
|------|---------|-------------|--------|
| ████ | ████ | ████ | ██ |
| ████ | ██████ | ██████████ | ██ |
| ████ | ████ | ██████ | ██ |

| Date | Expense | Description | Amount |
|------|---------|-------------|--------|
| ▮▮▮▮ | ▮▮ | ▮▮▮▮▮▮ | ▮▮ |
| ▮▮▮▮ | ▮▮ | ▮▮ | ▮▮ |

| | |
|---|---|
| **Total Expenses** | ▮▮ |
| **Total for this Invoice** | <u>10,125.00</u> |

3710 Rawlins Street
Suite 950
Dallas, TX 75219
214-615-7925
**Tax ID: 16-1677578**



02-28-2017

Stevens Tanker Division, LLC
Attn: Bruce Dean
9757 Military Parkway
Dallas, TX 75227

**Invoice Number: 26670**
Invoice Period: 01-18-2017 - 02-20-2017

**RE: Espinosa (466-2)**

## Professional Services

| Date | Professional | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| 01-18-2017 | Stephen C. Key | ███████████████████████ | ██ | ██ |
| 01-23-2017 | John L. Freeman | ██████████████████ | ██ | ██ |
| 01-24-2017 | Stephen C. Key | Preparation for hearing | 0.750 | 281.25 |
| 01-24-2017 | John L. Freeman | █████████████████████ | | |
| 01-25-2017 | Stephen C. Key | Court Appearance for Hearing ████ preparation for same; | 2.25 | 787.50 |
| 01-25-2017 | John L. Freeman | Telephone conference with Stephen Key regarding ████ cases on consents being struck; emails to Stephen Key █████ | 1.00 | 300.00 |
| 01-26-2017 | John L. Freeman | ████████████████████ | ██ | ██ |

We appreciate your business

EXHIBIT
"4"
tabbies

| Date | Professional | Description | Hours | Amount |
|------|--------------|-------------|-------|--------|
| 01-26-2017 | Stephen C. Key | ███████████ | ███ | ███ |
| 01-27-2017 | John L. Freeman | ███████████ | ███ | ███ |
| 01-30-2017 | John L. Freeman | ███████████ | ███ | ███ |
| 01-31-2017 | John L. Freeman | ███████████ | ███ | ███ |
| 02-01-2017 | Misty D. Eubanks | ███████████ | ███ | ███ |
| 02-01-2017 | Stephen C. Key | ███████████ | ███ | ███ |
| 02-01-2017 | John L. Freeman | ███████████ | ███ | ███ |
| 02-02-2017 | John L. Freeman | ███████████ | ███ | ███ |
| 02-03-2017 | John L. Freeman | ███████████ | ███ | ███ |
| 02-06-2017 | John L. Freeman | ███████████ | ███ | ███ |
| 02-07-2017 | John L. Freeman | ███████████ | ███ | ███ |
| 02-07-2017 | Stephen C. Key | ███████████ | ███ | ███ |
| 02-08-2017 | John L. Freeman | ███████████ | ███ | ███ |
| 02-09-2017 | John L. Freeman | ███████████ | ███ | ███ |
| 02-09-2017 | Stephen C. Key | ███████████ | ███ | ███ |

| Date | Professional | Description | Hours | Amount |
|------|-------------|-------------|-------|--------|
| 02-10-2017 | Stephen C. Key | ████████████████████ | ██ | ██ |
| 02-10-2017 | John L. Freeman | ████████████████████ | ██ | ██ |
| 02-13-2017 | John L. Freeman | ████████████████████ | ██ | ██ |
| 02-13-2017 | Stephen C. Key | ████████████████████ | ██ | ██ |
| 02-14-2017 | Stephen C. Key | ████████████████████ | ██ | ██ |
| 02-14-2017 | John L. Freeman | ████████████████████ | ██ | ██ |
| 02-15-2017 | John L. Freeman | ████████████████████ | ██ | ██ |
| 02-15-2017 | Stephen C. Key | ████████████████████ | ██ | ██ |
| 02-16-2017 | Stephen C. Key | ████████████████████ | ██ | ██ |
| 02-16-2017 | John L. Freeman | ████████████████████ | ██ | ██ |



| Date | Name | | | |
|------|------|--|--|--|
| 02-17-2017 | John L. Freeman | ████ | ██ | ██ |
| 02-17-2017 | Stephen C. Key | ████ | ██ | ██ |
| 02-20-2017 | Stephen C. Key | ████ | ██ | ██ |
| 02-20-2017 | John L. Freeman | ████ | ██ | ██ |

|  | **Total Fees** | 1,425.00 | ████ |
|--|--|--|--|

## Timekeeper Summary

| Professional | Hours | | Rate | Amount |
|--------------|-------|--|------|--------|
| John L. Freeman | 1.00 | ██ | 300.00 | 300.00 |
|  |  |  |  | ████ |
| Misty D. Eubanks |  | ██ | 75.00 |  |
| Stephen C. Key | 3.00 | ██ | 375.00 | 1,125.00 |
|  |  | **Total Fees** |  | 1,425.00 |
|  |  |  |  | ████ |

## Expenses

| Date | Expense | Description | Amount |
|------|---------|-------------|--------|
| 01-20-2017 | ██ | ████ | ██ |
| 01-20-2017 | ██ | ████ | ██ |
| 01-26-2017 | Travel Expense | Travel Expense - Meals | 18.78 |
| 01-26-2017 | Travel Expense | Travel Expense - Uber | 14.03 |
| 01-27-2017 | Travel Expense | Travel Expense | 17.00 |
| 01-27-2017 | Travel Expense | Travel Expense - Meals | 9.74 |
| 01-27-2017 | ██ | ██ | ██ |
| 01-31-2017 | ██████ | ████████ | ██ |
| 02-02-2017 | Travel Expense | Travel Expense - Southwest Airlines Airfare | 490.08 |
| 02-14-2017 | ████ | ████ | ██ |
| 02-14-2017 | ████ | ██████ | ██ |
| 02-15-2017 | ████ | ████ | ██ |
| 02-16-2017 | ████ | ███████ | ██ |
| 02-17-2017 | ████ | █████ | ██ |
| 02-20-2017 | ████ | ████ | ██ |
| 02-20-2017 | ████ | █████ | ██ |
| 02-20-2017 | ████ | ████ | ██ |

We appreciate your business

| Total Expenses | 549.63 |
| --- | --- |
| **Total for this Invoice** | 1,974.63 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MICHAEL ESPINOSA,                    §
                                     §
         Plaintiff,                  §
                                     §
v.                                   §          Civil Action No. 5:15-cv-879-XR
                                     §
STEVENS TANKER DIVISION, LLC,        §
                                     §
         Defendant.                  §

### AFFIDAVIT OF BRUCE L. DEAN

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

  BEFORE ME the undersigned authority, on this day personally appeared Bruce L. Dean,

who is known by me and who, after being duly sworn, upon his oath, deposed and stated as

follows:

  1. "My name is Bruce L. Dean. I am an attorney licensed to practice law in the State

of Texas and before the United States Court of Appeals for the Fifth Circuit and the United

States District Courts for the Northern, Western, Eastern and Southern Districts of Texas. I was

licensed to practice law in Texas in 1989 and have practiced law in Dallas, Texas from that time

to the present. The statements contained in this Affidavit are within my personal knowledge

and are true and correct.

  2. I am familiar with the customary charges for legal representation in labor and

employment matters in the federal and state courts in Texas. I have tried numerous commercial

and employment law matters to judges and juries in the courts in which I am licensed.

AFFIDAVIT OF BRUCE L. DEAN                     Page 1



EXHIBIT
"B"

3.     I am General Counsel for Stevens Transport, Inc., the majority shareholder in Stevens Tanker Division, LLC ("Tanker Division"). I also continue as the principal of Bruce L. Dean & Associates, P.C. providing legal services to clients.

4.     Tanker Division has been involved in two lawsuits which allege the same general facts. In January 2015, I initiated a lawsuit styled *Stevens Tanker Division, LLC v. Sabrina Watts* in Bexar County district court to prevent a former employee from disparaging Tanker Division and to honor her confidentiality agreement. After obtaining a temporary restraining order and a temporary injunction, Watts' attorney Adam Poncio filed a counterclaim alleging violation of the Fair Labor Standards Act and an EEOC claim based on race. Poncio later filed this lawsuit in October, 2015 as Civil Action Number 5:15-cv-879-XR styled *Michael Espinosa v. Stevens Tanker Division, LLC* in the United States District Court for the Western District of Texas urging the same FLSA claim and an EEOC claim based on discrimination due to diabetes. I am intimately familiar with both lawsuits and Mr. Poncio's litigation tactics that led to the filing of Defendant's Motion to Void Opt-In Consents (the "Motion to Void").

5.     I charge clients $300.00 per hour of work performed. I have had several published cases in state and federal courts,[1] published articles on a variety of topics[2] and have

---

1  Some of my published cases include:
   - *Third Party Advantage Administrators, Inc. v. J.P. Farley, Corp.*, 2006 WL 2795610 (N.D. Tex. 2006) (compelled arbitration under Federal Arbitration Act);
   - *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3128284 (N.D. Tex. 2005 (Fitzwater, J.) (breach of contract); and
   - *St. Paul Guardian Ins. Co. v. Centrum GS Ltd.*, 2003 WL 22038321 (N.D. Tex. 2003) (case of first impression, court required insurer to prove prejudice on late notice denial of coverage).

2  Some my published articles include:
   - Author - *Handguns in the Workplace as of 1/1/2016 – A Shorty for the Employer*, Texas Lawbook, January 8, 2016, http://texaslawbook.net/.
   - Author – *Investigation of Discrimination Claims*, Counsel on Education and Management, October 2006.
   - Author – *Internal Investigations: Developing Solid Information to Base Future Employment Actions*, Counsel on Education and Management, December 2001.
   - Author - *Hello Partner: Lender Liability and Equitable Subordination*, 1992 PLI Advanced Bankruptcy Workshop.

conducted numerous trials over my career. I believe my hourly rate of $300.00 per hour is very reasonable for attorneys of similar experience and skill in any of Texas' metropolitan areas. For example, in 2015 there are attorneys of equal experience in Dallas, Texas who charge their clients $1,000.00 per hour.[3] Attorneys with similar litigation experience at large Dallas firms charge regularly bill between $600.00 - $750.00 per hour and attorneys with only 3 years of experience at those firms are billed at $400.00 per hour.[4]

6.     I have considered the nature and extent of the services rendered in this cause, the factors set forth in § 1.04 of the Texas Rules of Professional Conduct, and such other factors I considered necessary to reach an opinion regarding what amount would be a reasonable attorney's fee for such services.

7.     Based upon my 25+ years of experience in commercial litigation, employment law, consumer law, numerous articles published in professional journals, jury and bench trials in Texas and federal courts in Texas and the professional factors as set forth in the previous paragraph, it is my opinion that an hourly rate of $300.00 per hour for the services rendered is a reasonable fee for the legal services rendered in this litigation.

8.     As General Counsel for Stevens Transport, Inc. and supplying legal services to Stevens Tanker Division, LLC, I am the primary contact with outside counsel Stephen Key of Key Harrington, P.C. in Dallas, Texas, whom I hired in both *Watts* and *Espinosa*. I have reviewed

---

- Author – *Rule-Making in Texas: Clarifying the Judiciary's Power to Promulgate Rules of Civil Procedure*, St. Mary's Law Journal, 1988.

3 Mark Curriden, "*Meet the Texas lawyers whose rate now exceeds $1,000 an hour*," DALLAS MORNING NEWS," June 3, 2015. A true and correct copy of this article is attached hereto as **Exhibit No. 1.** A true and correct copy of the longer article published in the *Texas Lawbook*, "Lawyer Rates in Texas Rocket Up - $1,000 an Hour is in the Rear-View Mirror, is attached hereto as **Exhibit No. 2.**

4 *Id.*

pleadings filed on behalf of Tanker Division, provided documents to Key Harrington on each of Espinosa's four (4) requests for production, provided answers to class interrogatories, provided answers to class request for admissions, reviewed two (2) motions to compel by Poncio and prepared numerous witnesses who were noticed for deposition only to have Poncio call them off or terminate them prematurely. I provided to Key Harrington six (6) examples of Adam Poncio soliciting potential class members outside the Court's August 2016 Order of Conditional Certification that allowed for one (1) joint communication to potential class members. I have conducted conferences, reviewed documents, conducted research, reviewed and edited Tanker Division's Motion to Void. All of my activities in relation to the Motion to Void were, in my opinion, reasonable, necessary and appropriate in order to properly present to the Court, on behalf of Tanker Division, class counsel's inappropriate conduct.

9.  Attached as **Exhibit No. "3,"** is my time sheet spent in reviewing, editing and commenting on Tanker Division's Motion to Void. From November 15, 2016 to January 6, 2017, I spent 51.8 hours on the Motion to Void incurring fees of $16,540.00. I believe that this fee is reasonable in light of the experience of counsel, the prevailing rate in Dallas County, Texas for litigation attorneys with 25+ years of practice in the state and federal courts in this state. My opinion is based upon the time and labor required, the novelty and difficulty of the questions involved, Tanker Division's interests, and the skill requisite to perform the legal services properly. In formulating my opinion, I am cognizant of the fees customarily charged for similar services in Bexar County, Texas,[5] the amount involved and the results to be obtained."

---

5 For example, Adam Poncio seeks $450/hour for his work in this case as shown in Class Admission No. 13, a true

FURTHER AFFIANT SAITH NOT.



Bruce L. Dean, Affiant

     SUBSCRIBED AND SWORN TO BEFORE ME on this 24ᵗʰ day of March, 2017 to certify which witness my hand and official seal.

Notary Public in and for
the State of Texas

11-11-2020

My Commission Expires

JOSEPHINE GARZA
Notary Public, State of Texas
Comm. Expires 11-11-2020
Notary ID 130898821

and correct copy of which is attached as **Exhibit "4."**

EXHIBIT NO. 1



≡ **BUSINESS**                                                                TOPICS ▾





Texas lawyers this year notified hundreds of corporate clients that their hourly rates were going up.

Junior partners at many large law firms now charge $650 an hour. Associates only three years out of law school bill $400 an hour.

And dozens of senior lawyers — those who handle the most complex, bet-the-company legal matters — now charge their business clients in excess of $1,000 an hour.

It's a rate that was almost unheard of only a few years ago.

Two lawyers — Steve Susman in Houston and Bill Brewer in Dallas — post their hourly rate at $1,400 an hour.

"Putting a lawyer at $1,000 an hour or more is a way for a law firm to state that the lawyer is the best at what they do," said Tom Melsheimer, managing principal at Fish & Richardson in Dallas, whose hourly rate is $1,105.

"Companies doing a $50 billion merger or involved in a $1 billion lawsuit are not going to quibble over whether the lawyer's rate is $950 an hour or $1,100," Melsheimer said. "I've rarely had any pushback on my rate."

Just three years ago, the number of Texas lawyers with four-digit hourly rates was few — even though corporate attorneys in New York, Chicago, Los Angeles and Washington blew past $1,000 an hour years earlier.

Today, at least 70 lawyers based in Dallas and Houston alone charge their business clients $1,000 or more per hour, according to research and interviews conducted by The Texas Lawbook.

More than 200 other Texas business lawyers charge an hourly rate between $900 and $995.

The Texas Lawbook obtained the lawyer fees data through the examination of bankruptcy records, litigation fee applications and interviews with law firm leaders and corporate in-house counsel.

"If my mother knew that I charge $950 an hour, she would never talk to me," said Tim Powers, managing partner at Haynes and Boone in Dallas.

Haynes and Boone has 25 lawyers who bill between $850 and $975 an hour. While none of the firm's Texas-based lawyers charge $1,000, it does have attorneys in its New York office charging four figures.

Legal industry analysts and corporate general counsel say that rates were flat or stagnant from 2008 through 2012 but that law firms steadily raised their fees between 2 percent and 5 percent each of the past three years.

As a result, Texas law firms reported record revenue and profit in 2014.

The biggest rate increases came from lawyers in the Texas offices of large out-of-state law firms. Also, large Texas corporate law practices that represent less price-sensitive clients, including private equity firms, hit $1,000, according to legal industry consultants.

Elite firms

A handful of elite out-of-state law firms — Gibson Dunn, Sidley Austin, and Weil Gotshal in Dallas, and King & Spalding, Kirkland & Ellis, Latham & Watkins, Simpson Thacher & Bartlett and Skadden Arps in Houston — employ the large majority of lawyers in the state who charge $1,000 or more per hour. Many of those were with Texas-based law firms only three or four years ago and charged $200 or so less per hour than they do now.

"National law firms moving into Texas allowed the market to recognize and accept the higher national rates," said Bret Baccus, senior director at the consulting firm Huron Legal in Houston.

Some say the infusion of national law firms is actually the cause of the rate increases.

"Law firms moved into Texas, buying lawyers with $4 million profits per partner. ... With those salaries come New York rates," said Thompson & Knight managing partner Emily Parker, who is widely considered one of the best tax lawyers in the Southwest and charges business clients $995 an hour.

Two Houston-based law firms, Baker Botts and Vinson & Elkins, have more than a dozen $1,000-an-hour lawyers, by far the most among the Texas law firms.

Independent legal industry analysts say corporations care more about results than cost.

"The No. 1 reason that a business engages outside counsel is not money, but subject matter expertise," Baccus said, citing his firm's recent research.

The client's relationship with outside counsel is the second reason behind most decisions to hire a specific lawyer, while cost came in third, he said.

"Hourly rates don't mean a lot to the corporate general counsel, who cares much more about getting a good value for the bottom-line, total bill," said Jeff Chapman, a corporate lawyer at Gibson Dunn in Dallas who charges an hourly rate of $1,065.

## 10 minutes, $50,000

Powers recalls a Middle Eastern client who had a significant regulatory issue in Washington, D.C. Haynes and Boone contacted famed lawyer Robert Strauss, who was able to resolve the client's problem in one 10-minute phone call.

Strauss billed the client $50,000, which the client paid without hesitation, Powers said.

"That's value billing," he said.

Houston lawyer Mark Lanier, who normally represents plaintiffs on a contingency fee basis, said he charges $1,250 to clients who choose to hire him by the hour.

"It's about the opportunity lost," Lanier said. "This is time that I am not spending doing something else. It is about a stewardship of my time."

Chapman and others say there would be even more lawyers in the $1,000 club, but many older partners with rates in the upper $900s are resisting the jump into four digits.

"$1,000 an hour is a lot of money — there should be some resistance," said Mike McKool, founding partner of McKool Smith, who charges $1,050 an hour.

"These escalating legal costs ought to make lawyers go way beyond what is ethically required in service to their clients," he said.

*For a longer version of this article, visit TexasLawbook.net.*

○ VIEW COMMENTS

BUSINESS      BUSINESS

## Get the most important stories right in stream

Don't miss out on the conversation. Stay connected with Dallas News on Facebook.

EXHIBIT NO. 2

# Lawyer Rates in Texas Rocket Up -- $1,000 an Hour is in the Rear-view Mirror

© 2015 *The Texas Lawbook.*

*By Mark Curriden*

(June 3) -- Move over *Texas Super Lawyers.* There's a new way to identify the elite lawyers in the state. It's the $1,000 club and it is expanding rapidly.

Hundreds of Texas corporations received notices earlier this year from the lawyers who represent them that their hourly rates were going up. Junior partners at many large law firms now charge $650 an hour. Associates only three years out of law school bill $400 an hour.

Dozens of senior lawyers who handle the most complex, bet-the-company legal matters now openly charge their business clients in excess of $1,000 an hour -- a rate that was unheard of only a few years ago.

Two lawyers -- Steve Susman in Houston and Bill Brewer in Dallas -- post their hourly fare at $1,400 an hour.

"Putting a lawyer at $1,000 an hour or more is a way for a law firm to state that the lawyer is the best at what they do," said Tom Melsheimer, managing principle at Fish & Richardson in Dallas, whose hourly rate is $1,105.

"Companies doing a $50 billion merger or involved in a $1 billion lawsuit are not going to quibble over whether the lawyer's rate is $950 an hour or $1,100," Melsheimer said. "We get a lot of push back from clients regarding litigation, but I've rarely had any push back on my rate.

"I can give the client a faster, more thoughtful answer in a much shorter amount of time than two or three more junior partners," he said.



Tom Melsheimer and Jeff Chapman

Just three years ago, the number of lawyers who had four-digit hourly rates could be counted on two hands -- even as corporate attorneys in New York, Chicago, Los Angeles and Washington, D.C. blew past the $1,000 an hour mark years earlier.

Multiple law firm finance studies show that Texas corporate law firms charged clients about 15 percent less than their East Coast brethren. But that is changing.

"The high-end rate gap has closed significantly," said Jeff Grossman, senior advisor for the legal specialty group at Wells Fargo Private Bank. "The Texas market has become less regionalized."

Today, there are at least 70 lawyers based in Dallas and Houston charging their business clients $1,000 or more per hour, according to research and interviews conducted by *The Texas Lawbook.*

There are more than 200 other Texas business lawyers who tout an hourly rate between $900 and $995.

*The Texas Lawbook* obtained the lawyer fees data through the examination of bankruptcy records, litigation fee applications and interviews with law firm leaders and corporate in-house counsel.

"If my mother knew that I charge $950 an hour, she would never talk to me," said Tim Powers, managing partner at Haynes and Boone in Dallas.

Haynes and Boone, which has the reputation of being one of the more transparent law firms in Texas, has 25 lawyers who bill between $850 and $975 an hour. While none of the firm's Texas-based lawyers charge $1,000, it does have attorneys in its New York office charging four-figures.

Legal industry analysts and corporate general counsel say that rates were flat or stagnant from 2008 through 2012, but that law firms steadily raised their fees between two percent and five percent during each of the past three years.

As a result of the increased rates, Texas law firms reported record revenues and profits in 2014.

### Sampling of Lawyer Rates in Texas

| Name | City | Rate |
| --- | --- | --- |
| Steve Susman | Houston | $1,460 |
| Bill Brewer | Dallas | $1,460 |
| Mark Lanier | Houston | $1,250 |
| Andrew Calder | Houston | $1,245 |
| Michael Rosenthal | Dallas | $1,175 |
| Charles Schwartz | Houston | $1,125 |
| Tom Melsheimer | Dallas | $1,105 |
| David Sinak | Dallas | $1,065 |
| Mark Kelly | Houston | $1,050 |
| Emily Parker | Dallas | $995 |
| Mike Boone | Dallas | $975 |
| Ron Kirk | Dallas | $955 |

Source: Court records and interviews

The biggest rate increases came from lawyers in the Texas offices of large out-of-state law firms and large Texas corporate law practices that represent less price-sensitive clients, including private equity firms and oil and gas upstream and midstream companies, according to legal industry consultants.

A handful of elite out-of state law firms – Gibson Dunn, Sidley Austin, and Weil Gotshal in Dallas, and King & Spalding, Kirkland & Ellis, Latham & Watkins, Simpson Thacher & Bartlett and Skadden Arps in Houston – employ the large majority of lawyers in the state who charge $1,000 or more per hour. Many of those lawyers were with Texas-based law firms only three or four years ago charging $200 or so less per hour than they do now.

"National law firms moving into Texas allowed the market to recognize and accept the higher national rates," said Bret Bacons, senior director at the consulting firm Huron Legal in Houston.

Other lawyers say the infusion of national law firms is actually the cause of the rate increases.

"Law firms moved into Texas, buying lawyers with $4 million profits per partner… with those salaries come New York rates," said Thompson & Knight Managing Partner Emily Parker, who is widely considered one of the best tax lawyers in the southwest and charges business clients $995 an hour for her services.

Two Houston-based law firms, Baker Botts and Vinson & Elkins, have by far the most $1,000-an-hour lawyers of the Texas law firms, according to court records and interviews. Both firms have more than twenty lawyers charging four figures.

"Clients are sensitive to rates, but I think clients are more interested in the total bill," said V&E Chairman *Mark Kelly*, who is one of the firm's capital market partners charging four figures. "Clients are more concerned about surprises."

Independent legal industry analysts agree.



Mark Kelly

"The number one reason that a business engages outside counsel is not money, but subject matter expertise," Bacons said. "Expertise ranked 2.9 of 3.0."

The client's relationship with outside counsel is the second reason behind most decisions to hire a specific lawyer, while cost only came in third, he said.

"Hourly rates don't mean a lot to the corporate general counsel, who cares much more about getting a good value for the bottom line, total bill," said Jeff Chapman, a corporate lawyer at Gibson Dunn in Dallas who sports an hourly rate of $1,065.

As a case in point, Powers recalls a Middle Eastern client who had a significant regulatory issue in Washington, D.C. Haynes and Boone contacted famed lawyer Robert Strauss, who was able to resolve the client's problem in one 10-minute phone call.

Strauss billed the client $50,000, which the client paid without hesitation, Powers said.

"That's value billing," he said.



Mark Lanier

Houston lawyer Mark Lanier, who normally represents plaintiffs on a contingency fee basis, said he charges $1,250 to those clients who choose to hire him on an hourly basis.

"It's about the opportunity lost," Lanier said. "This is time that I am not spending doing something else. It is about a stewardship of my time."

Chapman and others say there would be even more lawyers in the $1,000 club, but many older partners with rates in the upper $900s are resisting the jump into four digits.

"$1,000 an hour is a lot of money – there should be some resistance," said Mike McKool, founding partner of McKool Smith, who charges $1,050 an hour.

"These escalating legal costs ought to make lawyers go way beyond what is ethically required in service to their clients," he said.

© 2015 The Texas Lawbook. Content of The Texas Lawbook is controlled and protected by specific licensing agreements with our subscribers and under federal copyright laws. Any distribution of this content without the consent of The Texas Lawbook is prohibited.

If you see any inaccuracy in any article in *The Texas Lawbook*, please contact us. Our goal is content that is 100% true and accurate. Thank you.

EXHIBIT NO. 3

Attorney: Bruce L. Dean          Case Name: Espinosa v. Stevens Tanker Division, LLC

| Date | DESCRIPTION | HRS | TIME VALUE |
|------|-------------|-----|------------|
| 11/15/16 | Reviewed Mtn. to Void Consents. | 1.2 | 360.00 |
| 11/17/16 | Reviewed applicable cases supplied by outside counsel on remedies (2.1); updated research for other instances of courts striking opt-in consents or sanctioning counsel for unilaterally contacting potential class members without contacting or involving opposing counsel (3.1). | 5.2 | 1560.00 |
| 11/30/16 | Meet with outside counsel concerning Mtn. to Void Consents. | 2.5 | 750.00 |
| 12/1/16 | Redrafted Summary of the Motion and Relief Sought (4.0); redrafted background facts to place in a chronological chart with columns for whether Class Counsel notified Tanker Division before taking the action with the potential class and the defect in the notice (4.4). | 8.4 | 2520.00 |
| 12/2/16 | Added footnotes in chart that tied Class Counsel's illicit unilateral communications with the timing of opt-ins filing a consent to join class action. | 4.5 | 1350.00 |
| 12/5/16 | Worked on Argument of Mtn. to Strike Consents rewriting it to correspond to the chart in the background facts. | 8.2 | 2460.00 |
| 12/6/16 | Continued rewriting second half of Argument section of Mtn. to Strike. | 6.4 | 1920.00 |
| 12/7/16 | Added text boxes with quotes from controlling cases (3.7); reviewed and revised entire motion (5.4) | 9.1 | 2730.00 |
| 12/8/16 | Sent Mtn. to Strike to outside counsel. | 0.2 | 60.00 |
| 12/16/16 | Reviewed outside counsel's comments on Mtn. to Strike (.3); made changes to Motion (2.3). | 2.6 | 780.00 |
| 12/19/16 | Added additional text boxes to brief with controlling case authority (1.5); send Mtn. to outside counsel (.1) | 1.6 | 480.00 |
| 12/21/16 | Reviewed outside counsel's changes to Mtn. to Strike and respond by email (.8). | 0.8 | 240.00 |
| 1/6/17 | Review outside counsel's additional changes to Mtn. to Strike and make comments | 1.1 | 330.00 |
|  | TOTALS | 51.8 | $16,540.00 |

EXHIBIT NO. 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL ESPINOSA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:15-cv-879-XR |
| | § | |
| STEVENS TANKER DIVISION, LLC, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF MICHAEL ESPINOSA'S FIRST REQUEST FOR ADMISSIONS ON BEHALF OF THE CLASS

TO:  Plaintiff, Michael Espinosa, by and through his attorney of record, Adam Poncio, Poncio Law Offices, 5410 Fredericksburg Road, Suite 109, San Antonio, Texas 78229-3550.

Comes now, Stevens Tanker Division, LLC, Defendant, and objects to and responds to Plaintiff Michael Espinosa's First Request for Admissions on Behalf of the Class as follows:

I.

## GENERAL OBJECTIONS

As to each Request for Admissions, Defendant asserts its attorney-client privilege, the work product privilege, the party communications and investigative privilege and all privileges contained or documents and information protected from discovery in the Federal Rules of Civil Procedure, Federal Rules of Evidence and pertinent case law.

II.

## RESPONSES

1.  Admit or deny that Defendant is a business which engages in interstate commerce.

RESPONSE:  Admitted.

2.  Admit or deny that Defendant is a business which engages in the production of goods for commerce.

RESPONSE: Admitted.

3.  Admit or deny that Defendant is a business which has employees handling goods or materials that have been moved in commerce.

RESPONSE: Admitted.

4.  Admit or deny that Defendant is a business which has employees selling goods or materials that have been moved in commerce.

RESPONSE: Admitted.

5.  Admit or deny that Defendant ant is a business that has employees working on goods or materials that have been moved in commerce.

RESPONSE: Admitted.

6.  Admit or deny that Defendant is a business which has employees handling goods or materials that have been produced for commerce.

RESPONSE: Admitted.

7.  Admit or deny that Defendant is a business which has employees selling goods or materials that have been produced for commerce.

RESPONSE: Admitted.

8.  Admit or deny that Defendant is a business that has employees working on goods or materials that have been produced for commerce.

RESPONSE: Admitted.

9.  Admit or deny Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

RESPONSE: Admitted.

10. Admit or deny Defendant has been found by the Department of Labor, in prior investigations, to have violated the Fair Labor Standards Act for not paying employees for all overtime worked.

RESPONSE: Denied.

11. Admit or deny as to each Opt-In Plaintiff that such Plaintiff worked for Defendant at any time during the time period of three years prior to suit in this matter to the present (suit was filed on October 12, 2015).

RESPONSE: Denied as to Opt-in Carly Powell, who worked from 12/21/15 to 4/13/16, but admitted as to all other Opt-Ins.

12. Admit or deny as to each Opt-In Plaintiff that such Plaintiff was an hourly employee and entitled to be paid overtime for hours worked for the Defendant in excess of 40 hours per week pursuant to the Fair Labor Standards Act, 29 USC Sec. 201 et seq. during his employment with Defendant.

RESPONSE: Denied.

13. Admit or deny that an hourly rate of $450 per hour is a reasonable and necessary fee for attorney Adam Poncio for his representation of Plaintiff in this case.

RESPONSE: Denied.

14. Admit or deny that an hourly rate of $350 per hour is a reasonable and necessary fee for attorney Adam Poncio for his representation of Plaintiff in this case.

RESPONSE: Denied.

15. Admit or deny as to each Opt-in Plaintiff that deductions for time periods of four hours or less were deducted for absences or arriving late during any period during their employment for Defendant.

RESPONSE: Denied.

16. Admit or deny as to each Opt-In Plaintiff that they worked at any time during their employment as a dispatcher under the supervision of a lead dispatcher.

RESPONSE: Defendant objects to the phrase "under the supervision of" as undefined, vague, and ambiguous and denies the request as worded. Defendant denies that there was a position of lead dispatcher.

17. Admit or deny as to each Opt-In Plaintiff that they worked at any time during their employment as a dispatcher under the supervision of a supervisor.

RESPONSE: Defendant objects to the phrase "under the supervision of" as undefined, vague, and ambiguous and denies the request as worded.

18.  Admit or deny as to each Opt-In Plaintiff that they worked at any time during their employment as a dispatcher under the supervision of a dispatcher supervisor.

RESPONSE:  Defendant objects to the phrase "under the supervision of" as undefined, vague, and ambiguous and denies the request as worded.

19.  Admit or deny as to each Opt-In Plaintiff that they worked at any time during their employment as a dispatcher under the supervision of a dispatcher mamager [*sic*].

RESPONSE:  Defendant objects to the phrase "under the supervision of" as undefined, vague, and ambiguous and denies the request as worded.

20.  Admit or deny as to each Opt-In Plaintiff that they worked at any time during their employment as a dispatcher under the supervision of Barbara Moore.

RESPONSE:  Defendant objects to the phrase "under the supervision of" as undefined, vague, and ambiguous and denies the request as worded. Defendant admits that each Opt-in worked as a dispatcher at times during their employment with Defendant and admits that Barbara Moore was a dispatcher supervisor during some of the time that some of the Opt-ins were employed by Defendant.

21.  Admit or deny as to each Opt-In Plaintiff that they worked at any time during their employment as a dispatcher under the supervision of Hilton Ayala.

RESPONSE:  Defendant objects to the phrase "under the supervision of" as undefined, vague, and ambiguous and denies the request as worded. Defendant admits that each Opt-in worked as a dispatcher at times during their employment with Defendant and admits that Hilton Ayala was a dispatcher supervisor during some of the time that some of the Opt-ins were employed by Defendant.

22.  Admit or deny as to each Opt-In Plaintiff that they worked at any time during their employment in training under a senior dispatcher.

RESPONSE:  Defendant objects to the phrase "in training under" as undefined, vague and ambiguous and denies the request as worded.

23.  Admit or deny as to each Opt-In Plaintiff that they worked at any time during their employment in training under a lead dispatcher.

RESPONSE:  Defendant objects to the phrase "in training under" as undefined, vague and ambiguous and denies the request as worded.

24.    Admit or deny as to each Opt-In Plaintiff that they worked at any time during their employment in a position other than dispatcher.

RESPONSE:  Defendant objects to this request as the phrase "worked at any time during their employment" is undefined, vague and ambiguous.  Defendant admits that some of the Opt-In Plaintiffs were employed, at times, in positions other than a dispatcher.

25.    Admit or deny as to each Opt-In Plaintiff that they worked at any time during their employment in a position performing manual labor.

RESPONSE:  Defendant objects to this request as the phrase "worked at any time during their employment" is undefined, vague and ambiguous.  Defendant denies that the dispatcher position required manual labor.  Defendant admits that some Opt-In Plaintiffs were, at times, employed in other positions that required manual labor.

KEY HARRINGTON BARNES, PC

BY:    _____/s/ Stephen C. Key_____
STEPHEN C. KEY
State Bar No. 00791022
JOHN L. FREEMAN
State Bar No. 07425500

3710 Rawlins Street, Suite 950
Dallas, Texas 75219
214/615-7923
214/615-7926 (Facsimile)

ATTORNEYS FOR DEFENDANT
STEVENS TANKER DIVISION, LLC

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure, on the 27th day of February, 2017.

_____/s/ John L. Freeman_____