IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL ESPINOSA, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 5:15-cv-00879-XR |
| STEVENS TANKER DIVISION, LLC, | § | |
| Defendant. | § | |

**PLAINTIFFS' MOTION TO RECONSIDER ORDER REGARDING DEFENDANT'S MOTION TO VOID OPT-IN CONSENTS (Dkt 69) AND ORDER REGARDING ATTORNEYS' FEES (Dkt 81) AND RESPONSE TO MOTION REGARDING ATTORNEYS' FEES (Dkt 94)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Michael Espinosa, Individually, and As Representative of And on Behalf of the Opt-In Class, and files this Motion to Reconsider The Court's Ruling and Order (Dkt 81) Regarding Defendant's Motion to Void Opt-In Consents (Dkt 69) and Response to Motion Regarding Attorneys' Fees (Dkt 94) and respectfully would show:

**INTRODUCTION**

1. This has been a hotly contested case between Defendant and Plaintiffs. Defendant has made every effort to create roadblocks for Plaintiffs to develop their case, including delaying in responding to discovery, delaying in production of documents, and in delaying in providing deposition dates (up to the point that Defendant failed to provide deposition dates for key witnesses and a corporate representative; Fortunately, the court

1

allowed for Plaintiffs to unilaterally notice the depositions if Defendant did not provide available dates by April 4, 2017 -- Defendant did not provide deposition dates and Plaintiffs have unilaterally noticed the dates as allowed by this court's text order). Now, Defendant has filed its motion to void opt-ins, which the court denied. Defendant filed its motion on January 20, 2017, contending:

> Plaintiff's counsel entered into "surreptitious unilateral communications scheme by Plaintiff's counsel to recruit potential class members to join this lawsuit for personal gain. The Court ordered a single notice to potential class members in a form agreed to by counsel. Plaintiff's counsel sent five communications to potential class members: (5) letters (one stand-alone) and four (4) cover letters that accompanied the notice and opt-in forms and four (4) notice and opt-in forms (two in the form negotiated between counsel and two authored solely by Plaintiff's counsel which Tanker Division's counsel rejected prior to the form negotiated between counsel). All five letters contained false, misleading or intimidating information which Tanker Division's counsel were never alerted to and were never agreed upon.

**THE MOTION ALLEGING MISLEADING INFORMATION**

2. The facts asserted by Defendant are simply untrue. However, Plaintiff's counsel was never given the opportunity to respond. The date for responding would have been January 27, 2017. However, when a status conference hearing was held on January 25, 2017, the court considered the motion, when Plaintiff's counsel was clearly unprepared to address the motion at that time. As a result, the Court further entered an order on or about, ruling that the Plaintiffs' counsel should not be allowed to recover fees related to opt-ins who opted in after the date that the second notice was sent out AND ordered that Defendant could seek its attorneys' fees related to its motion. Defendant is now attempting to cause substantial damage to Plaintiff's counsel by seeking over $40,000.00

in fees and costs for both its retained attorneys in charge of the case and the company's general counsel. The fee amount of over $40,000.00, if awarded, would certainly work toward precluding Plaintiffs' counsel from continuing to prosecute this case and bears no true relation to the motion itself and the overall litigation. The conduct by Defendant should not be rewarded, as it is clear that the effort by Defendant is to make a preclusive effort to prevent Plaintiffs' counsel, a small firm and solo practitioner, from being able to afford this litigation after expending well over a hundred hours to prepare this case, in addition to extensive expense incurred because of Defendant's conduct.

3. Plaintiffs' counsel only sent out three notices to all potential opt-ins on August 22, 2016, September 2, 2016 and October 14, 2016. Each letter had attached the Court approved notice attached; there were no revisions to the notice nor was there any misrepresentation or misleading information provided. The initial conditional certification order (Dkt 40) provided that Plaintiff should send out an order regarding opt-in. There were no provisions regarding further contact or notice. In fact, the notice provided information for potential opt-ins to contact Plaintiffs' or Defendant's counsel for further information. Allen Tinsley, a management employee of Defendant spoke with numerous present or former employees of Defendant and represented, contrary to the Court's notice and order, that the Plaintiffs' claims had no merit. This information was clear misinformation and was misleading based on the court's certification order.

4. Plaintiffs' counsel paralegal was contacted by potential claimants and resent the information and letter because it was requested by these potential claimants that the information be resent; this was the reason that there were other letters; it may have been Defendant invited these requests in order to make these arguments regarding the motion

to void. Plaintiffs' counsel should be allowed to conduct discovery from Defendant on how it obtained these letters allegedly sent by Plaintiffs' counsel.

**ADDITIONAL INFORMATION SENT BASED ON DEFENDANT's MISINFORMATION**

5. In addition, the evidence demonstrates Plaintiffs' counsel sent notice to Defendant's counsel by repeated emails that Defendant had provided improper or outdated addresses for potential opt ins by email on August 18, 2017, August 19, 2017, September 18, 2017, and at least two other occasions. New addresses were sought and sent out based on new information; there was no effort to provide misinformation or to mislead and, indeed, it never occurred. Plaintiffs' counsel should have not been sanctioned in any manner.

**COURTS HAVE NOT PRECLUDED CONTACT WITH POTENTIAL OPT-INS**

6. If a court grants conditional certification, litigants have generally not disputed the proposition that once collective action members have filed their consent-to-join forms, (1) plaintiffs' counsel may communicate freely with those members and (2) defense counsel may not communicate with such individuals about the substance of the collective action. However, to what extent may plaintiffs' counsel and defense counsel communicate with putative collective action members before they join a collective action and, thus, become party plaintiffs. Indeed, the notice in this case provided the contact information for defense counsel and plaintiffs' counsel to allow contact for information. Plaintiffs' counsel did not violate any order by the court. In fact, courts generally support an open dialogue between plaintiff's and defendant's counsel and putative collective action members, so long as "there is no evidence of misleading or coercive communications." There was no misleading or coercive information by Plaintiffs' counsel in this case; to the

contrary, Defendant providing misleading information by asserting to present or former employees that the case had no merit.

7. In *Hoffmann-La Roche v. Sperling*, 493 U.S. 165 (1989), the Supreme Court did not reach the question of whether it was inappropriate for plaintiffs' counsel to initiate communications with putative collective action members without the court's approval. *Id.* at 171 n. 2. In that case, prior to the district court's approval of notice and conditional certification, plaintiffs' counsel had unilaterally sent letters to some 600 putative collective action member employees and, as a result, received and filed with the court over 400 opt-in consent forms. *Id.* at 168. The defendants moved for the district court to sanction plaintiffs' counsel for sending the letter and "to invalidate the consents already filed on the ground that the solicitation had been misleading" and requested that a "corrective notice" be sent to those who filed the consents. *Id.* at 168. The district court refused to sanction plaintiffs' counsel or invalidate the opt-in consent forms already filed by the plaintiffs and additionally ordered that a notice and consent form approved by the court be sent to all employees who had not opted into the action. *Id.* On appeal, the Supreme Court affirmed the district court's actions with respect to plaintiffs' letter and refused to sanction plaintiffs' counsel. It found that under the collective action procedures in 29 U.S.C. Section 216(b), the district court had discretion to "prescrib[e] the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought*." Id.* at 169-70. Because the Supreme Court in *Hoffmann-La Roche* did not resolve whether plaintiffs' counsel's contact with putative collective action members was appropriate, lower courts have

looked to other Supreme Court decisions regarding communications with potential clients outside of the collective action context.

8. Two such decisions, *Shapero v. Kentucky Bar Association*, 486 U.S. 466 (1988) and *Gulf Oil Co. v. Bernard*, 452 US. 89 (1981) have provided some guidance for lower courts. In *Shapero*, the Court held that the First Amendment prohibited a complete ban on written solicitations to potential clients where the communications were truthful and nondeceptive. 486 U.S. at 473-77. The court evaluated the actual letter at issue finding that it was not deceptive or misleading and rejecting Defendant's contention that subjective predictions of client satisfaction were misleading. *Id.* at 479. Similarly, in this case, the additional notices simply provided copies of the original notice and were not precluded by any order of the court.

9. In *Gulf Oil*, the Court held that while Rule 23 of the Federal Rules of Civil Procedure grants courts broad authority to control the conduct of counsel and parties with regard to class actions, it allows courts to restrict counsel's written contact with putative class members only where it is necessary to prevent abuse, such as misleading statements about the litigation. *Id.* at 452 U.S.325. The court's order precluded such contact and, as indicated, the approved notice provided contact information and allowed contact with **both** Plaintiffs' counsel and Defendant's counsel. Moreover, Defendant nor Plaintiff ever moved for an order preventing contact or other notice.

10. The majority of lower courts have used *Shapero* and *Gulf Oil* as a starting point for analyzing what restrictions apply to the communications by plaintiffs' counsel with putative FLSA collective action members. In light of these Supreme Court decisions, courts generally have refused to restrict communications by plaintiffs' counsel that are not

6

misleading. *West v. Mando Am. Corp.*, 2008 U.S. Dist. LEXIS 81296 at 5-10 (M.D. Ala., Oct. 8, 2008)(refusing to prevent plaintiffs' counsel from running non-misleading ads soliciting putative class members); *Carlson v. Leprino Foods Co.*, 2006 WL 3231266 at 1 (W.D. Mich. Nov 7, 2006) (denying defendant's motiofor contempt or sanctions because the court's prior order did not preclude did not prohibit such communications, a contempt order would constitute prior restraint in violation of the First Amendment).

11. One court observed that Section 16(b) of the FLSA "does not require parties to obtain judicial approval before seeking to locate other 'similarly situated' persons" and that "it is not the court's role to prohibit plaintiffs from attempting to gather these consents." Garner v. G.D Searle Pharms. & Co., 802 F. SUpp. 418, 421 (M.D. Ala. 1991); see also Ferry v. SGS Control Servs., Inc. 2007 WL 2005549 at 3-4 (S.D.N.Y. 2007) (denying motion for protective order where court found that Plaintiffs' counsel's website was not misleading); *MacKenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1220 n. 6 (M.D. Fla. 2003) (noting that plaintiff had "not been precluded from communicating with potential plaintiffs" had ample time to solicit other opt-ins, and could not point to local rule prohibiting solicitation).

12. There was no basis for sanctioning Plaintiffs' counsel in any manner and the court should reconsider its ruling to eliminate any sanction and to eliminate any attorney fee award. To the extent necessary, it may be an option to send a corrective order to the opt-ins and allow them to determine whether they want to choose to opt out and explaining any alleged misinformation. However, with the re-mailing of the original notice, there was no misrepresentation or misleading information.

**REQUEST THAT THE COURT HOLD RULING UNDER ADVISEMENT UNTIL FINAL RESOLUTION OF THIS LAWSUIT**

13. Espinosa v Stevens Tanker Division, LLC is set for trial on October 16, 2017. The suit includes Plaintiffs' Counsel's claim for attorneys' fees. Poncio operates a small law office and McJunkin is a one person solo practitioner. Defendant has submitted an excessive attorney's fees request for the one motion at issueand requested the Court to order Plaintiff's Counsel to pay a total of $41,754.24 to Defendant within 15 days of entry. Counsel submits that the timing and amount is intended to prejudice Plaintiffs' Counsel's ability to proceed in this matter. Defendant's request for payment of attorney's fees prior to the outcome of the trial prejudices Plaintiffs' Counsel's resources and ability to prosecute Plaintiffs' unpaid overtime claims. Plaintiffs' Counsel request that the Court hold this matter under advisement and not issue a final order in this matter until after the final resolution on the underlying lawsuit to avoid undue prejudice to Plaintiffs' Counsel's ability to represent Plaintiffs. Alternatively, any award may be carried as costs to be offset by any award to Plaintiffs for attorneys fees should Plaintiffs prevail.

**PLAINTIFF'S COUNSEL OBJECTS TO DEFENDANT'S ATTORNEY'S FEES REQUESTED AS UNREASONABLE, DUPLICATIVE, EXCESSIVE AND/OR PADDED HOURS**

14. In the Court's February 7, 2017, Order, the Court ordered that Class Counsel pay the reasonable attorney's fees incurred by Defendant for their filing of its Motion to Void Opt-In Consents (Dkt 69). The Court is within its discretion in reducing hours that are duplicative, padded, spent on unrelated matters, or not "reasonably expended." *Hines v. Secretary of Health and Human Service*s, 22 Cl. Ct. 750, 754 (1991), citing *Griffin & Dickson v. United States,* 21 Cl. Ct. 1, 11 (1990) (citing *Hensley v. Eckerhart,* 461 U.S.

424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1883)). In assessing the number of hours reasonably expended, the court must exclude those "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in practice ethically is obligated to exclude such hours from his fee submission." *Hines v. Secretary of Health and Human Services,* 22 Cl. Ct. 750, 754 (1991); Hensley, 461 U.S. at 434.

15. Defendant's Brief for the Motion to Void Opt-In Consents is 18 pages (not including signature page which would be the 19th page). Defendant Stevens' Tanker Division, LLC's Motion for Fees for the 18 page Motion to Void Consents brief requests:

1. A total of 130.30 attorney fees hours totaling $40,6275.50.

    a. Key Harrington Barnes:     78.5 hours - $24,087.50

    b. Bruce Dean (in-house counsel):   51.8 hours - $16,540.00

Defendant's Requests for Costs

2. A total of $1,026.74 in costs for legal research and travel/meals.

    a. Travel:   meals / uber / airfare: $549.63

    b. Legal Research:

        (1) Aug 30, 2016:   $291.11

        (2) Sept 14, 2016:   $186

16. In a prior request for attorney's fees, this Court approved 23 hours of a Plaintiff's attorney time to write his response to a Defendant's First Motion for Summary Judgment and 18 hours of Plaintiff's attorney time to write a response to the Defendant's Second Motion for Summary Judgment. *Lewis v. Hurst Orthodontics, PA,* 292 F. Supp. 2d 908, 910 (W.D. Tex. San Antonio 2003).

17. Plaintiffs' Counsel submits that that these are reasonable hours to write a pleading (Response to a Motion for Summary Judgment) that is more complicated than this Defendant's Motion to Void Consents. The total number of attorney's fees hours Defendant requests for writing the Motion to Void Consents is well beyond unreasonable and should be reduced from 130.30 hours requested to a reasonable number of 23 hours. This would reduce the amount to:

>  Keys: 9.5 hours x $350 / hr    = $3,325
>  <u>Remaining 13.5 hours x $300/hr = $4,050</u>
>  Total:    $7,375

**SUMMARY OF DEFENDANT'S BILLING AND REQUESTS FOR FEES TO WRITING THE 18 PAGE MOTION TO VOID CONSENTS**

18. Defendant hired Key Harrington Barnes, an alleged specialty law firm that specializes in unpaid overtime lawsuits and unpaid overtime class action lawsuits, to handle this unpaid overtime class action lawsuit. Bruce Dean is Defendant's in-house counsel. By September 14, 2016, Key Harrington Barnes had completed its research for the Motion to Void Consents: (Ex. 4: costs: p.1,2 only legal research).

19. In October 2016, Key Harrington Barnes writes the Motion to Void Consents and submits 28.5 hours as attorney costs. However, from November – December 2016, Mr. Dean, who does not appear as counsel in this case, rewrites Key Harrington Barnes' Motion to Void Consents and submits 51.8 hours as additional attorney costs. How general counsel takes twice the time to rewrite a motion by his hired counsel is unfathomable and unbelievable. Then, in December of 2016: Key Harrington Barnes rewrites Mr.Dean's rewrite of the Motion to Void Consents and submits 24.25 hours as additional attorney costs, probably rewriting the information to its original form.

**PLAINTIFF'S COUNSEL OBJECTIONS TO BRUCE DEAN'S FEES**

20. Defendant Stevens hired the Dallas Law Firm of Key Harrington Barnes to represent Stevens and litigate this overtime class action lawsuit. Key Harrington Barnes allegedly specializes in unpaid overtime employment litigation, unpaid overtime class actions, classification of exempt employees and unpaid overtime legal issues. (Ex.2) Bruce Dean is Defendant Stevens' in-house counsel. Despite Defendant hiring a law firm that specializes in class action employment litigation to handle this lawsuit, Mr. Dean has submitted a request for fees in the amount of $16,540 asserting 51.8 hours worked by Dean to rewrite Key Harrington Barnes' Motion to Void Opt-In Consents. Mr. Dean's 51.8 hours are attached hereto as Exhibit 1. Mr. Dean's hours include:

| | | |
|---|---|---|
| Nov 15, 2016: | Review Motion | 1.2 hrs. |
| Nov 17, 2016 | Review outside counsels research | 5.2 |
| Nov 30, 2016 | Meet outside counsel | 2.5 |
| | | 8.9 |
| | | |
| Dec. 1, 2016: | writing facts in chronological order | 8.4 |
| Dec. 2, 2016: | adding footnotes | 4.5 |
| Dec. 5, 2016: | writing on chronological order | 8.2 |
| Dec 6, 2016 | continued rewriting | 6.4 |
| Dec. 7, 2016: | wrote text boxes with quotes; Revised entire motion | 9.1 |
| Dec. 12, 2016: | revised motion | 2.6 |
| Dec. 19, 2016 | revise text boxes | 1.6 |
| | | 40.8 |
| | TOTAL: | 49.7 hrs. |

**DEAN'S MOTIVE TO ADD HOURS ----**

21. Plaintiff's Counsel objects to all hours submitted by Mr.Dean asserting and based on Mr.Dean re-doing Key Harrington Barnes' Motion to Void Consents as unreasonable, duplicative, excessive and/or padded and therefore do not support a recovery of attorney's

11

fees for these hours. This totals 49.7 hours at a rate  billed at $300 per hour to equal a reduction of  $14,910.  Moreover, there is no indication of the basis for an opinion that this rate or the time expended is reasonable and necessary fro Bexar County Texas or this Western District.

**PLAINTIFFS' COUNSEL'S OBJECTIONS TO KEY HARRINGTON BARNES ATTORNEYS FEES**

22. Key Harrington Barnes specializes in overtime employment law/litigation, and thereby, is familiar with all related overtime issues. Key Harrington Barnes' records indicate that they conducted modest research and was finished with researching issues by September 14, 2016.

    Legal Research Needed for the Motion to Void Consents: (Ex.4: p1, 2 : costs)

  Legal Research - Westlaw:

    Aug 30, 2016: $291.11
    Sept 14, 2016: $186

  Legal Research Attorney Time:  (Ex. 5: 3 att times)

| Aug 22, 2016: | researched | 1 hr |
|---|---|---|
| Aug 24, 2016: | researched | 2 hr |
| Aug 26, 2016 | researched | 1 hr |
| Sept 7, 2016: | research / review | 2.25 |
| | | 6.25 |

  ***no expenses for legal research submitted after Sept 14, 2016: (Ex.4)

<u>John Freeman</u>

 Defendant's request for fees for  Mr.Freeman includes the following times:

Research the Motion to Void Consents:

12

| | | |
|---|---|---|
| Aug 22, 2016: | researched | 1 |
| Aug 24, 2016: | researched | 2 |
| Aug 26, 2016 | researched | 1 |
| Sept 7, 2016: | research / review | 2.25 |
| | | 6.25 |

Write the Motion to Void Consents

| | | |
|---|---|---|
| Oct 19, 2016: | write motion to void consents | 5 |
| Oct 20, 2016: | write motion to void consents | 6 |
| Oct 21, 2016: | Finalize Motion to Void Consents | 6.25 |
| Oct 24, 2016: | Revise Motion to Void Consents | 6.25 |
| Oct 25, 2016 | Revise Motion to Void Consents | 3.5 |
| Oct 27, 2016: | Review Motion to Void Consents | .5 |
| Oct 31, 2016: | Review Motion with S.Key | 1.0 |
| | | 28.50 |

Duplicative Hours – Re-rewriting after Dean's Rewriting

| | | |
|---|---|---|
| Dec 8, 2016: | Review Motion to Void Consents | 1 |
| Dec. 8, 2016: | Review Motion to Void Consents | 2.5 |
| Dec. 9, 2016: | Review Motion to Void Consents | 1 |
| Dec 12, 2016: | Review Motion to Void Consents | 2.75 |
| Dec. 14, 2016: | Review Motion to Void Consents | 1.5 |
| Dec. 15, 2016: | Review Motion to Void Consents | 4.25 |
| Dec. 16, 2016: | Review Motion to Void Consents | 1.5 |
| Dec. 19, 2016 | Review Motion to Void Consents | 1.5 |
| Dec. 21, 2016: | Review Motion to Void Consents | 1 |
| Jan 6, 2017: | Review Motion to Void Consents | 2 |
| Jan 9, 2017 | Review Motion to Void Consents | 2.75 |
| Jan 10, 2017 | Review Motion to Void Consents | 2.5 |
| | | 24.25 |

23. Plaintiff's Counsel objects to all Mr. Freeman's hours in December and January for time re-rewriting the Motion to Void Consents as unreasonable, duplicative, excessive and/or padded and which do not support a recovery for reasonable attorney's fees. <u>This totals 24.25 hours at a rate billed at $300 per hour to equal a reduction of $7,275.</u>

**OBJECTION TO KEY HARRINGTON BARNES ATTORNEYS' FEES EVIDENCE**

13

24. Mr. Freeman's and Mr. Key's records are incomplete and redact the complete explanations for the work done on the dates which Mr. Freeman asserts attorney fee time based on working on the Motion to Void Consents. Plaintiff's Counsel asserts that Mr. Freeman's billing records are unacceptable to support the request for Mr. Freeman's fees. *Leroy v. City of Houston,* 831 F.2d 576, 585 (5th Cir.), cert. denied, *486 U.S. 1008, 100 L. Ed. 2d 199, 108 S.Ct. 1735 (1988)* (stating that billing records that are scanty or lack explanatory detail are unacceptable). Mr. Freeman submits attorney's fees work on the Motion to Void Consents in support of Defendant's Requests for Fees which marks out all the work done by Mr. Freeman on the days that Mr. Freeman submits time requesting fees for the Motion to Void Consents. It is not possible to determine the amount of time spent on working on the Motion to Void Consents and the amount of time Mr. Freeman actually spent time working on work not related to the Motion to Void Consents. Moreover, he does not demonstrate a basis for establishing knowledge of reasonable and necessary fees in Bexar County or the Western District. Mr. Freeman has 41.5 hours with redacted information.

## COSTS- Plaintiff's Counsel Objects to Defendant's Requests for Costs as not Allowed

25. Defendant requests $1,026.74 in costs for legal research and travel/meals.

 Travel: meals / uber / airfare: $549.63

 Legal Research:

   Aug 30, 2016: $291.11
   Sept 14, 2016: $186

The Court's February 7, 2017, Order: the Court ordered that Class Counsel pay the *reasonable* attorney's fees incurred. Costs were not included.

26. Additionally, Plaintiffs object to travel expenses and meals ($549.63) as not proper costs. *Lewis v. Hurst Orthodontics, PA,* 292 F. Supp. 2d 908, 913-914 (W.D. Tex. 2003) (The Court notes that parking fees, postage, fax, and lodging are not permitted by *28 U.S.C. § 1920, c*iting *Wehr v. Burroughs Corp., 477 F. Supp. 1012, 1022 n. 8 (E.D. Pa.1979)*, *aff'd, 619 F.2d 276 (3d Cir. 1980)*, where the Court found that many of the costs requested were not "costs", but were in fact out-of-pocket expenses and the prevailing plaintiff was denied travel expenses and costs of meals.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the court reconsider its prior ruling and again deny the motion to void opt-ins, deny any request for attorneys' fees, set aside its prior rulings with regard to attorneys' fees and/or sanctions regarding Defendant's motion and/or deny the request for fees and/or costs, in whole or in part.

**Respectfully Submitted,**

**By: /s/ Adam Poncio**
**Adam Poncio**
**Southern District No. 194847**
**State Bar No. 16109800**
**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., # 109**
**San Antonio, Texas 78229-3550**
**Telephone:   (210) 212-7979**
**Facsimile:    (210) 212-5880**

**Chris McJunkin**
**Southern District No.23548**
**State Bar #13686525**
**2842 Lawnview**
**Corpus Christi, Tx. 78404**
**Tel: (361) 882-5747**
**Fax: (361) 882-8926**

## CERTIFICATE OF SERVICE

      A copy of the foregoing was served on all parties via the Court's ECF system on April 10, 2017.


      **/S/ Adam Poncio**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MICHAEL ESPINOSA,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 5:15-cv-00879-XR |
| **STEVENS TANKER DIVISION, LLC,** | § § | |
| **Defendant.** | § § § | |

## ORDER

Be it remembered that on this day came on to be heard **Plaintiffs' Motion To Reconsider Order Regarding Defendant's Motion To Void Opt-In Consents (Dkt 69) And Order Regarding Attorneys' Fees (Dkt 81) And Response To Motion Regarding Attorneys' Fees (Dkt 94).**

IT IS HEREBY ORDERED that said motion be, and it is hereby GRANTED. The Court's prior order awarding attorneys' fees and sanctions against Plaintiffs' counsel is set aside and Defendant's request for attorneys' fees is denied.

SIGNED AND ENTERED on this the _____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE