# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL ESPINOSA, ET AL., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. SA-15-CV-879-XR |
| STEVENS TANKER DIVISION, LLC, | § § § | |
| Defendant. | § | |

## ORDER

On this date, the Court considered Defendant Stevens Tanker Division LLC's Motion for Protective Order (Docket no. 100) and the corresponding response and reply. After careful consideration, the Court DENIES the motion.

## BACKGROUND

This case is an FLSA collective action. Defendant Stevens is or was the employer of the named plaintiff and the opt-ins. The plaintiffs are a conditionally certified class consisting of "[a]ll past or present salaried dispatchers who worked for [Stevens] any time since October 12, 2012, at any of [Stevens'] locations, who were not paid overtime compensation." Docket no. 40 at 6.

Discovery in this case has had a contentious history, some of which is relevant to the present discovery fight. Previously, the discovery deadline was March 1, 2017. Docket no. 53 at 1. With that deadline approaching, Plaintiffs noticed the deposition of Stevens' corporate representative via Federal Rule of Civil Procedure 30(b)(6) for March 1 in San Antonio (where Class Counsel is located and where this lawsuit is pending). Docket no. 82 at 5. Defendant was planning to offer Scott Mellman as its corporate representative, but filed its first motion for

1

protective order, seeking to have the deposition moved from San Antonio to Dallas (where Stevens is headquartered and where Mellman resides). *See generally id*.

The Court took up Stevens' first motion for protective order (and five other motions) at a hearing on February 27. Docket no. 86. There, Stevens withdrew its first motion for protective order. *Id*. at 2–3. As Stevens' counsel explained, Mellman's wife unexpectedly went into labor, thus rendering Mellman unavailable for the deposition. *Id*. at 2. Stevens decided to substitute a different corporate representative who resides in San Antonio, mooting its first motion for protective order. *Id*. at 2–3. Also at the February 27 hearing, the Court granted Plaintiffs' request to extend the discovery period to May 1 (partly to allow Plaintiffs to take more depositions). *Id*. at 26. Due to the extension of the discovery period, Stevens asserts that Class Counsel cancelled the 30(b)(6) deposition that was set for March 1. Docket no. 102 at 1.

Less than a month later, a new discovery fight arose. Plaintiffs filed a Motion to Set Deadline for Compliance and to Compel Depositions, requesting in relevant part that the Court "order Defendant to provide multiple dates to consider for the depositions requested so that mutually agreeable dates may be selected." Docket no. 92 at 2. In a March 29 text order, the Court stated "As to Plaintiffs request that Defendant provide deposition dates for the witnesses identified at the February 27 hearing, Plaintiffs are authorized to notice depositions of these witnesses on a date convenient for Plaintiffs' counsel if Defendant does not provide dates by April 4, 2017."

On April 5, acting pursuant to this text order, Plaintiffs noticed the deposition of Stevens' corporate representative for May 1 in San Antonio. Docket no. 100 at 5, 21. On April 14, 2017, Stevens filed its second motion for protective order that is now before the Court. Docket no. 100.

By this motion, Stevens seeks to ensure that Mellman's 30(b)(6) deposition occurs in Dallas rather than San Antonio. *Id*.

Plaintiffs oppose this request. Docket no. 102. They point out that Stevens previously withdrew a similar objection, and further that Stevens' waited too long to request Class Counsel's cooperation in relocating the deposition. *Id*. at 2. Plaintiffs argue that between April 5 (when they noticed the deposition) and April 13 (when Stevens reached out to relocate the deposition), Class Counsel scheduled a pretrial conference in another matter in Brownsville on May 2 and two depositions in another matter in San Antonio on May 3. *Id*.

## DISCUSSION

"It is well settled that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when . . . the corporation is the defendant." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (internal quotations and alterations omitted). District courts in the Fifth Circuit have treated this as a presumption that can be overcome when the plaintiff seeking the deposition shows good cause for allowing the deposition to be held in a location other than the corporation's principal place of business. *E.g., West v. Velo Enter. Co.*, Ltd, SA-13-CV-024-OLG, 2014 WL 12480008, at *1 (W.D. Tex. June 9, 2014). Some district courts have required "peculiar circumstances" to overcome this presumption. *Tailift USA, Inc. v. Tailift Co., Ltd.*, CIV.A.3:03-CV-0196-M, 2004 WL 722244, at *2 (N.D. Tex. Mar. 26, 2004). In either event, whether the plaintiff has overcome this presumption depends on the following factors: (1) whether counsel for the parties are located in the forum district; (2) whether the deposing party is seeking to depose only one corporate representative; (3) whether the corporation chose a corporate representative that resides outside the location of the principal place of business and the forum district; (4) whether significant

discovery disputes may arise and there is an anticipated necessity of resolution by the forum court; and (5) whether the claim's nature and the parties' relationship is such that an appropriate adjustment of the equities favors a deposition site in the forum district. *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992), *aff'd sub nom. Resolution Trust v. Worldwide*, 992 F.2d 325 (5th Cir. 1993).[1]

Neither party lists these factors and explicitly addresses them, but the Court finds that Plaintiffs have overcome the presumption and Stevens' motion should be denied. The first factor is neutral because Class Counsel is located in San Antonio while Stevens' counsel is located in Dallas. The second factor favors Plaintiffs because they only seek to depose one corporate representative, and Stevens will not be repeatedly subject to this hardship. The third factor also favors Plaintiffs because Stevens has chosen Mellman as its corporate representative, even though it could have chosen a corporate representative who lives in San Antonio; indeed, Stevens resolved the parties' first iteration of this dispute by offering its San Antonio-based corporate representative in Mellman's place. The fourth factor heavily favors Plaintiffs given the contentious history of this case, the numerous discovery disputes that have already arisen, and the likelihood that still more will arise. Finally, the fifth factor favors Stevens based on the disparity of depositions that have been taken in San Antonio as opposed to Dallas, but this factor favors Stevens only slightly because San Antonio is the forum for this litigation. On balance, these factors show good cause for conducting the deposition in San Antonio, even though Stevens' corporate headquarters is in Dallas.

---

[1] *West*, which requires "good cause," and *Tailift*, which requires "peculiar circumstances," both cite *Resolution Trust Corp.* and analyze its five factors to determine whether the presumption has been overcome.

## CONCLUSION

For the foregoing reasons, Defendant Stevens Tanker Division LLC's Motion for Protective Order (Docket no. 100) is DENIED.

It is so ORDERED.

SIGNED this 20th day of April, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE