IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |  |
|---|---|---|
| MICHAEL ESPINOSA, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 5:15-cv-879 |
| STEVENS TANKER DIVISION, LLC, | § § § | |
| Defendant. | § | |

### DEFENDANT'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATIONS

Defendant Stevens Tanker Division, LLC, ("Tanker Division"), files its objections to the Magistrate's Report and Recommendations (Doc 135) and shows the Court as follows:

### Summary of Objections

1. Defendant objects to the Magistrate's Recommendations: a) to deny Defendant's Motion for Summary Judgment (Doc 114); b) to grant in part the Class and Espinosa's Motions for Partial Summary Judgment (Doc 118 and 119) that the administrative exemption is inapplicable during the training period and that Plaintiffs should recover overtime damages for such period; and c) to grant in part Espinosa's Motion for Partial Summary Judgment (Doc 119) that his case should proceed on his individual claim. (Doc 135, at 1 and 18).  The reasons for the objections to the Magistrate's recommendations and Tanker Division's objections to the Magistrate's findings and conclusions are stated below.

### The Cited Evidence Establishes Prong Two of the Administrative Exemption.

2.  Tanker Division objects to the Magistrate's conclusion that "there is a genuine dispute of material fact with regard to prong two of the administrative exemption" and that "summary judgment must be denied" (Doc 135, at 10.).

A. The Magistrate found that many of the dispatchers' duties are uncontested. (Doc 135, at 2-3). The Magistrate set forth both Tanker Division's evidence of those duties (Doc 135, at 7-8) and Plaintiffs' evidence of those duties (Doc 135, at 9). Significantly, Tanker Division's evidence and Plaintiffs' evidence cited by the Magistrate regarding the dispatchers' duties are consistent and undisputed. The Magistrate's finding is also consistent with this Court's finding in the order denying decertification that all of the Plaintiffs' job duties did not differ. (Doc 111, at 8). The Magistrate's finding and the uncontested and undisputed evidence he cited regarding what constitutes the primary duties shows that those were "directly related to [Tanker Division's] general business operations" as required in 29 C.F.R. 541.200-201. Tanker Division's evidence cited by the Magistrate regarding Plaintiffs performing work related to "safety and health" and "legal and regulatory compliance" (Doc 135, at 7-8) meets the requirements of 29 C.F.R. 541.201(a) and (b). The Magistrate did not cite any evidence of Plaintiffs to the contrary. The cited evidence shows "plainly and unmistakably" that Plaintiffs' primary duties related to Stevens general business operations, and that Plaintiffs' duties were not clerical in nature as Plaintiffs contended. Tanker Division proved, and the evidence cited by the Magistrate establishes, prong two of the administrative exemption that the dispatchers' primary duties related to Tanker Division's general business operations. Tanker Division also directs the Court to its Motion for Summary Judgment (Doc 114, at 20-24) and the argument and evidence cited therein that the dispatchers' primary duties directly related to Tanker Division's general business operations.

B. Tanker Division objects to any reliance, and finding, by the Magistrate on Plaintiffs' argument that the dispatchers did not engage in management operations because they were managed by dispatcher supervisors. (Doc 135, at 9). The reliance on the role of the

dispatcher supervisor is not merited in light of this Court's finding in its order denying decertification that the dispatchers' supervisors were immaterial to the dispatchers' duties. (Doc 111, at 11-12).

        C.    The Magistrate's reliance on *Olibas v. John Barclay Native Oilfield Servs., LLC,* 3:11-CV-2388, 2014 WL 12602869 (N.D. Tex. Mar. 12, 2014) is erroneous. In *Olibas*, two exemptions were at issue – the executive exemption, which is not an issue in the present case, and the administrative exemption. However, the description of the duties of the dispatchers in *Olibas* and those of the Plaintiffs in the present case are strikingly similar. The dispatchers in *Olibas* worked directly with drivers to schedule them to meet and comport with customers' needs, monitored drivers to ensure timely service and acted as the first line of communication in emergencies to assist in running and servicing the heart of defendant's business, its oilfield services operations. *Olibas* at * 6. The Plaintiffs in this case, based on the evidence cited by the Magistrate, performed these same duties and ran and serviced the heart of Tanker Division's oilfield services business. Personnel management, such as hiring, firing and disciplining employees is a required element of the executive exemption, but is not a requirement of the administrative exemption. The Magistrate's finding that the Plaintiffs had "no control over hiring, firing, or disciplining drivers or any other Stevens employees" (Doc 135, at 10) is not required for the applicability of the administrative exemption and should not serve as a basis for denying the exemption. Moreover, Judge Boyle, in *Olibas*, agreed with the defendant that the duties related to management and the general business operations of defendant and that prong two of the administrative exemption had been satisfied. (*Olibas* at * 5). The Magistrate failed to recognize the court's finding that defendant there had met prong two of the administrative exemption and this Court should make a similar finding.

**The Magistrate Failed to Address Prong Three.**

3. Tanker Division objects to the Magistrate's failure to address prong three of the administrative exemption that dispatchers used discretion and independent judgment on matters of significance as Defendant proved in its Motion for Summary Judgment (Doc 114, at 24-30). The court, in *Olibas*, found that the dispatchers satisfied the requirements of prong three. There, the plaintiffs also contended that their duties were purely clerical (*Id*. at * 6) as do the Plaintiffs here. There, the court found that the evidence showed the dispatchers exercised discretion and independent judgment with respect to matters of significance through substantial control they were given over the day-to-day operation of the defendant's business when they had to evaluate and then act on various possible courses of conduct in tailoring drivers' schedules to meet customers' needs and directing drivers' movements. Similarly, the Magistrate cites Tanker Division's evidence that the dispatchers duties included "analyzing well water levels"; "communicating with drivers and Stevens' shop regarding available equipment to evaluate priorities in deciding what drivers and equipment to dispatch into the field to meet Stevens' customers' orders" and "dispatching drivers and equipment to remove fluids from fracking wells or dispatching drivers and equipment with the skill set to provide service work at producing wells or remove production water therefrom." (Doc 135, at 8). All of these cited duties show that the dispatchers used discretion and independent judgment on matters of significance. Importantly, the Magistrate cited no evidence from the Plaintiffs to the contrary. The evidence cited by the Magistrate and other evidence cited by Tanker Division in its Motion for Summary referred to above cites the same kind of evidence the court in *Olibas* found satisfied the third prong. This Court should find likewise, and find that Tanker Division met prong three and that the administrative exemption is applicable to the instant dispute.

**Plaintiffs Dispatched During Training.**

4. Tanker Division objects to the Magistrate's conclusion and finding that (a) the administrative exemption is inapplicable to the Plaintiffs' training period, (b) that Plaintiffs are entitled to damages for overtime worked in the training period and (c) that Tanker Division presented no evidence that Plaintiffs actually dispatched during training. (Doc 135, at 12). To the contrary, William Hayes, Defendant's South Texas General Manager testified that they dispatched during training. (Doc 126, at 18-19, 2nd Supp. App. 000027-000030, Hayes Depo. 15:19-18:13). "The dispatchers that we hire have already been experienced dispatchers and have worked for other companies when we bring them in. All we're doing is teaching them the way that our computer system [works] and how we do the stuff. ... It's not my place to sit there and give this guy direction all day long, you know." (2nd Supp. App. 000027-000028, Hayes Depo. 15:22-16:2; 8-9). Dispatchers dispatched during training and Tanker Division requests the Court to find that Plaintiffs are not entitled to overtime for the training period because they performed dispatcher duties as dispatchers in their training period.

**Plaintiffs Are Not Entitled to Liquidated Damages.**

5. Tanker Division objects to the Magistrate's conclusion and finding that "Given that summary judgment is largely inappropriate on liability, it is also inappropriate on the issue of liquidated damages". (Doc 135, at 13). Tanker Division's evidence cited by the Magistrate establishes that the exempt classification was made in good faith and that Tanker Division had reasonable grounds to believe it did not violate the FLSA. The Magistrate cited no contrary evidence from the Plaintiffs of Tanker Division's willfulness, and none exists. Nonetheless, the Magistrate erroneously concluded that a fact issue exists whether Tanker Division classified the dispatchers as administratively exempt. Moreover, Plaintiff Espinosa's Complaint failed to

adequately plead for liquidated damages (Doc 1, para. 14); *see also* Defendant's Response to Plaintiffs' Motion for Partial Summary Judgment (Doc 121, at 2-3). The Magistrate erred in failing to address the pleading issue and Tanker Division requests the Court to address it, find that liquidated damages were not adequately pled and deny Plaintiffs' claim for liquidated damages outright.

### Espinosa Has No Individual Claim.

6. Tanker Division objects to the Magistrate's conclusion and finding that Espinosa "has sufficiently stated an individual claim" and that it should go forward on that basis. (Doc 135, at 16-17). Nowhere in the Complaint did Espinosa plead he brought the action individually or on his own behalf. To the contrary, Espinosa pled that he brought his Complaint on behalf of others and therefore was a collective action. (Doc 1, para. 12); *see also* Defendant's Motion for Summary Judgment (Doc 114, at 16-17) and Defendant's Sur-Response (Doc 132, para. 4 at 3). Tanker Division requests the Court find that Espinosa has not asserted an individual claim, that Espinosa does not have an existing individual FLSA claim and to dismiss Espinosa from this lawsuit.

### Sham Declarations.

7. Tanker Division objects to the Magistrate's conclusion and finding that (a) the Espinosa and Murray declarations should not be struck under the sham-affidavit rule (Doc 135, n. 4 at 12), or (b) that there is no inconsistency between their depositions and declarations (*Id*.). Tanker Division's argument and evidence in its Response to the Plaintiffs' Motion for Partial Summary Judgment (Doc 121, at 5-6) shows that the declarations are inconsistent with their deposition testimony and were made solely to attempt to establish a fact issue. Such declarations should be struck as sham affidavits.

**Dispatcher Video Is Relevant.**

8.  Tanker Division objects to the Magistrate's conclusion and finding that the "day in the life of a dispatcher video" was of limited relevance. (Doc 135, n. 2 at 8). The video was filmed on July 29, 2016 during the Notice period of October 12, 2012 to October 21, 2016 and showed the dispatchers' duties were the same as the rest of the class no matter when the individual class plaintiff was employed. Tanker Division avers that the Magistrate's finding contradicts this Court's prior conclusion that the certified class of dispatchers were similarly situated and had the same responsibilities. (Doc 111 at 8). Tanker Division requests the Court to view and consider the videos.

## CONCLUSION

Tanker Division requests the Court to (1) grant and sustain all of its above objections, (2) find that Plaintiffs are not entitled to damages for their training period, (3) find that Espinosa does not have an individual claim, (4) grant Defendant's Motion for Summary Judgment and (5) dismiss all claims by the Class and by Espinosa individually. Tanker Division also requests any and all other relief to which it is entitled.

Respectfully submitted,

KEY HARRINGTON BARNES, PC

BY: _____/s/ Stephen C. Key_____
     STEPHEN C. KEY
     State Bar No. 00791022
     JOHN L. FREEMAN
     State Bar No. 07425500

3710 Rawlins Street, Suite 950
Dallas, Texas 75219
214/615-7929 (Key)
214/615-7923 (Freeman)
214/615-7926 (Facsimile)
skey@keyharrington.com
jfreeman@keyharrington.com
ATTORNEYS FOR DEFENDANT
STEVENS TANKER DIVISION, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure, on the 27th day of November 2017.

_____/s/ John L. Freeman_____