UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL ESPINOSA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-15-CV-339-XR |
| | § | |
| STEVENS TANKER DIVISION, LLC, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER

On this date the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation in the above-numbered and styled case, filed November 9, 2017, (Docket no. 135) and Defendant Stevens Tanker Division, LLC ("Stevens")'s objections thereto (Docket no. 136). After careful consideration, the Court will ACCEPT Magistrate Judge Bemporad's recommendation, DENY Defendant's Motion for Summary Judgment (Docket no. 114), GRANT IN PART and DENY IN PART Dispatcher Class's Motion for Summary Judgment (Docket no. 118), and GRANT IN PART and DENY IN PART Plaintiff Espinosa's Motion for Summary Judgment (Docket no. 119).

## BACKGROUND

Plaintiff filed this Fair Labor Standards Act ("FLSA") collective action "on behalf of all similarly situated present and former employees of Defendant who were either misclassified and/or not properly paid for all overtime due and/or not paid for all hours worked." Docket no. 1 at 3. Plaintiff is a former employee of Stevens and, during his employment, Plaintiff was classified as an exempt employee. *Id.* During the workweeks that he worked, Plaintiff worked

1

about eighty-four hours, but he was allegedly not paid for overtime or wages for all hours worked. *Id.* Plaintiff states he was misclassified as exempt. *Id.*

Plaintiff alleges that Defendant "knowingly, willfully, or with reckless disregard" failed to pay Plaintiff overtime compensation, and that Plaintiff complained. *Id.* Plaintiff alleges that Defendant violated provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than forty hours without proper compensation for the work in excess of forty hours per week. *Id.* at 4.

Defendant argues that Plaintiff was an exempt employee in accordance with the administrative exemption under the FLSA. Docket no. 5 at 9. Plaintiff argues that he and opt-in class members engaged in work that was clerical in nature, and thus, the administrative exemption does not apply. Docket no. 118 at 6.

On May 31, 2017, Defendant filed a Motion for Summary Judgment. Docket no. 114. On the same date, the Dispatcher Class filed a Motion for Summary Judgment, Docket no. 118, and Plaintiff Espinosa filed an individual Motion for Summary Judgment. Docket no. 119. All three motions were referred to Magistrate Judge Bemporad.

Magistrate Judge Bemporad issued a Memorandum and Recommendation evaluating the pending Motions for Summary Judgment on November 9, 2017. Docket no. 135. Judge Bemporad found that there was a genuine dispute of material fact as to whether the administrative exemption applies to Defendant's dispatchers. *Id.* at 10. Judge Bemporad found that there was no genuine dispute of material fact as to the administrative exemption not applying to training periods, but that there was such a genuine dispute as to what damages, if any, Plaintiffs are entitled. *Id.* at 12. Judge Bemporad found that there is a genuine dispute of

2

material fact as to whether any misclassification on being exempt was willful. *Id.* at 14. Judge Bemporad finally found that although Espinosa is not a member of the class because his consent was untimely, he sufficiently states an individual claim to proceed. *Id.* at 16.

Pursuant to Rule 72(b), the parties were given fourteen days to file written objections to the Report and Recommendation. *Id.* at 18. On November 27, 2017, Defendant timely filed an objection. Docket no. 136. Defendant objects to Judge Bemporad's recommendations to deny Defendant's Motion for Summary Judgment, grant Plaintiff and the Class's Motions for Summary Judgment finding that the administrative exemption is inapplicable during the training period, and to grant Plaintiff's Motion for Summary Judgment that his individual claim should proceed. *Id.* at 1. Plaintiff and the Dispatcher Class did not file an objection.

## LEGAL STANDARD

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of it. *See* 28 U.S.C. 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires *de novo* review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). Additionally, "[p]arties filing objections must specifically identify those findings objected to." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982).

Defendant filed its objections to the Magistrate Judge's recommendations before the expiration of the fourteen-day deadline. As a result, the Court is required to conduct a *de novo* review.

## ANALYSIS

I.     **Summary Judgment**

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense. *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993). Once the movant carries its initial burden, the burden shifts to the non-movant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).

In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the non-movant, or, in other words, that the evidence favoring the non-movant is insufficient to enable a reasonable jury to return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the non-movant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes

from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

## II.     Application

Defendant moves for summary judgment on the issues of liability under the FLSA and that, because Espinosa's individual FLSA claim is barred by the statute of limitations, he failed to opt-in as a class member and makes no individual claim. Docket no. 114. Plaintiffs move for summary judgment on the issues of liability and liquidated damages. Docket nos. 118, 119.

### A.  FLSA Liability

Under the FLSA, "employees must receive overtime compensation at one and one-half times the regular rate for hours worked in excess of 40 hours during a seven-day workweek." *Gallegos v. Equity Title Co. of Am.*, 484 F. Supp. 2d 589, 593 (W.D. Tex. 2007) (citing 29 U.S.C. § 207(a)). To establish a prima facie case for unpaid overtime compensation, an employee must prove by a preponderance of evidence: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citing *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005)). Once an employee establishes a prima facie case, the burden shifts to the employer to show that the inference to be drawn from the employee's evidence is unreasonable. *Id.* If the employer claims "that the suing employee is exempt from the overtime requirement," then the employer "has the burden of proving that the employee falls within the claimed exempted category." *Id.* (citing *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001).

Employees are exempt from FLSA overtime compensation provisions if they are employed in a "bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213. Under 29 C.F.R. § 541.200, an individual is considered employed in an administrative capacity if one (1) is "[c]ompensated on a salary or fee basis at a rate of not less than $455 per week"; (2) has a primary duty that is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) has a primary duty that "includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200.

FLSA exemptions, including the administrative exemption, are "construed narrowly against the employer, and the employer bears the burden to establish a claimed exemption." *Roche v. S-3 Pump Serv., Inc.*, 154 F. Supp. 3d 441, 446 (W.D. Tex. 2016) (citing *Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 283 (5th Cir. 2014)). An employer "must prove facts by a preponderance of the evidence that show the exemption is 'plainly and unmistakably' applicable. *Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 581 (5th Cir. 2013).

Defendant argues that the dispatcher position satisfies the requirements of the administrative employee exemption, making dispatchers properly classified as exempt. Docket no. 114 at 20. Plaintiffs argue the exemption does not apply to the dispatchers because their duties were not office work directly related to Defendant's management or general business operations and did not involve the exercise of discretion and independent judgment with respect to matters of significance. Docket no. 118 at 3. The parties also dispute as to whether the dispatchers were entitled to overtime pay while going through training.

6

**1. There is a fact issue as to whether the administrative exemption applies generally to Defendant's dispatchers.**

As an initial matter, the parties do not dispute that all Plaintiffs were compensated a salary of at least $455 per week, thereby satisfying the first element of the administrative exemption. Docket nos. 114 at 20; 118 at 6; 119 at 4.

Next, to fall under the administrative exemption, an employee's primary duty must be office work directly related to management or general business operations. 29 C.F.R. § 541.200. An employee's primary duty is "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700. For the administrative exemption to apply, an employee "must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. § 541.201(a). "Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities." 29 C.F.R. § 541.201(b).

Defendant argues that the dispatchers' primary duty was office work that was directly related to operations and servicing customers' needs. Specifically, Defendant argues that dispatchers "oversaw, coordinated, prioritized and dispatched" Defendant's drivers and trucks to meet customer orders." Docket no. 114 at 21. Defendant states that none of the Plaintiffs provided manual work or sold a product in a retail or service establishment. *Id.* Rather,

7

Defendant states dispatchers analyzed well water levels, monitored available driver hours, communicated with customers to take orders or complaints, communicated with drivers, planned routes to well sites and disposal facilities, and dispatched drivers and equipment. *Id.* at 21–22. Defendant further states that dispatchers' duties went beyond communicating with drivers and tracking trucks, as they also consulted multiple sources "to gather, track and analyze information to prioritize customer demands . . . to dispatch drivers in an efficient, effective, safe and profitable manner." *Id.* at 22.

Defendant also claims the dispatchers were a critical component to Defendant's "legal duty to monitor driver safety." *Id.* Defendant states that dispatchers served as drivers' life line in an emergency, directed drivers to follow proper protocol, dispatched drivers with sufficient hours, pulled drivers who exceeded their hours, shuttled drivers who were unable to legally drive, resolved maintenance issues with drivers in the field, and handled driver emergency situations. *Id.* at 22–23. Defendant argues that because dispatchers' duties filled a critical legal and regulatory function, dispatchers fall under the administrative exemption. *Id.* at 23. Defendants support their claims with deposition excerpts, affidavits, and certain video footage.[1] Docket nos. 114 at 2; 114-3.

Plaintiffs argue that their dispatcher position does not include management or general business operations; therefore, they do not fall under the administrative exemption. Plaintiffs claim that the evidence demonstrates that dispatchers' primary duty was to dispatch trucks to customer locations, and that the duty of dispatching "relates to producing the services that [Defendant] exists to provide, not the business affairs of the enterprise," making them not

---

[1] Because the videos constituting Exhibits J and K were filmed on July 29, 2016, after Plaintiff Espinosa left his position in November 2014 and opt-in Plaintiff Mark Murray left his position in March 2016, the Court considers the videos in its analysis, but gives them little weight.

exempt. Docket no. 118 at 8. Plaintiffs further state their primary duty involved "monitoring electronic monitors and logs on computer screens to service customers according to the customers' guideline and needs." Docket no. 122 at 5. Plaintiffs further claim they were managed by supervisors or managers. *Id.* Plaintiffs support their claims with deposition excerpts, declarations, and affidavits. Docket no. 118 at 2.

As Judge Bemporad points out, the facts of the present case are similar to *Olibas v. John Barclay Native Oilfield Servs., LLC*, No. 3:11-CV-2388, 2014 WL 12602869, at *6 (N.D. Tex. Mar. 12, 2014). In *Olibas*, dispatchers sued their employer, an entity that provides commercial transportation services, for unpaid overtime compensation, and the parties disputed as to whether dispatchers should be classified as exempt. *Id.* The *Olibas* court considered evidence that the dispatchers' work was directly related to assisting with the running or servicing of the business. The defendant offered evidence that the dispatchers primarily interfaced with customers to determine the scope of work, set drivers' schedules to meet customers' needs, monitored drivers to ensure timely service, and acted as the first line of communication in emergencies. *Id.* The court also considered evidence that it was the dispatchers' primary responsibility to be involved in personnel management, a duty included in 29 C.F.R. § 541.201(b). Despite this evidence, however, the court denied summary judgment because the plaintiffs painted "a different picture of the dispatcher role" through the evidence they presented, and the "factual disputes [that] evidence create[ed] [was] not for the Court to resolve at [that] stage in the proceedings." *Id.*

Similarly, in the present case, Defendant claims that dispatchers were required to keep track of drivers' remaining hours to guarantee a dispatched driver could complete a task. Further, Defendant alleges that dispatchers were involved with legal and regulatory compliance, a duty listed under 29 C.F.R. § 541.201(b). Even so, Plaintiffs present evidence that paints a different

picture of the dispatcher role, such that dispatchers were not involved in the running or servicing of the Defendant's business, including that their primary duties were data entry and maintaining logs to allow managers and supervisors to run and conduct Defendant's business operations.

Given the evidence presented by both parties as to the dispatchers' primary duty, the Court accepts Magistrate Judge Bemporad's recommendation and finds there is a genuine dispute of material fact as to whether the administrative exception applies to the dispatcher role generally. Accordingly, the Court need not analyze the competing claims as to whether dispatchers had a primary duty that "includes the exercise of discretion and independent judgment with respect to matters of significance." The Court denies summary judgment as to whether the administrative exemption applies generally to Defendant's dispatchers. [2]

### 2.  There is no fact issue as to whether the administrative exemption applies to the training period.

Plaintiffs move for summary judgment on alleged overtime wages for the training period when they first started their dispatcher positions. Docket no. 118 at 8–9. Plaintiffs allege that they worked twelve-hour training shifts for two weeks, for a total of eighty-four hours per week, but that they were not paid overtime compensation. *Id.* at 9.

The administrative exemption does not apply to employees training for employment as long as the employee is not actually performing the duties of an administrative employee. 29 C.F.R. § 541.705. Plaintiffs argue that during training, the dispatchers' responsibilities were to "follow, shadow and observe the dispatch supervisor during the shift and learning from the

---

[2] Defendant argues that because Plaintiffs failed to make a proper jury demand, the Court should not consider any inferences a jury may draw. Docket no. 121 at 14. Although a district court "has somewhat greater discretion to consider what weight it will accord the evidence in a bench trial than in a jury trial," a court should still not grant summary judgment if "issues of witness credibility or disputed material facts" exist. *In re Placid Oil Co.*, 932 F.2d 394, 397–98 (5th Cir. 1991).

dispatch supervisor's instructions." Docket no. 118 at 9. Because they were only engaged in training, Plaintiffs argue the administrative exemption does not apply for the two-week training period and they are entitled to overtime pay. *Id.*

Defendant, in response, fails to present any evidence that indicates that Plaintiffs were engaged in any activity other than training. Defendant points to deposition testimony in which William Hayes, Defendant's South Texas General Manager, states that the hired dispatchers "have already been experienced dispatchers and have worked for other companies when we bring them in" so all Defendant does is teach "them the way that [Defendant's] computer system [works] and how they do the stuff." Docket no. 136 at 5. Although Defendant presents evidence that a new dispatcher's training period might vary based on prior experience, Defendant offers no actual evidence that the new dispatchers are engaged in anything but training for the training period, even if they train alongside more experienced dispatchers. Hayes's testimony further indicates that the training occurs "until we feel that [a dispatcher is] ready to make these decisions on [one's] own." Docket no. 126-1 at 30. Because Defendant presents no evidence that Plaintiffs engaged in any activity other than training during the two-week training period, there is no disputed issue of material fact that the administrative exemption is inapplicable.

Defendant does, however, raise a genuine dispute of material fact as to the amount of damages. Plaintiffs allege that they are entitled to overtime pay for forty-four hours per week of training because they worked twelve-hour shifts Monday through Sunday for a total of eighty-four hours per week. Docket no. 118 at 9. Defendant argues that the training dispatchers worked fewer hours than Plaintiffs claim. Defendant points out that in the depositions of Espinosa, Dispatch Supervisor Hilton Ayala, and General Manager Hayes, the deponents testified that during the training period, the new dispatchers worked Monday through Friday, rather than

11

Monday through Sunday, and less than the standard twelve-hour shifts. Docket nos. 126 at 18; 126-1 at 20, 31–32; 121-1 at 98–99. However, Field Supervisor Floyd Allen Tinsley testified that training dispatchers may work seven twelve-hour shifts if they work seven days on and seven days off, otherwise they may work five eight-hour shifts or four ten-hour shifts. Docket no. 122-6 at 11–12. In a post-deposition affidavit, Espinosa attempts to correct his deposition testimony and states he in fact worked twelve-hour shifts during training.[3] The presented evidence raises a genuine dispute of material fact as to how many hours the training dispatchers worked, and thus, as to the amount of damages to which Plaintiffs may be entitled.

Accordingly, the Court accepts Magistrate Judge Bemporad's recommendation. The Court grants summary judgment that the administrative exception does not apply when Plaintiffs were in training, but denies summary judgment as to the amount of damages for that training period.

### B. Liquidated Damages

If an employer violates 29 U.S.C. § 207 and fails to pay overtime compensation, that employer is "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b). Under the Portal-to-Portal Act, however, a district court may "exercise its discretion to refuse liquidated damages if the

---

[3] In his post-deposition affidavit, Espinosa states that he did work twelve-hour shifts Monday through Sunday for approximately two weeks. He states that he confused dispatch training he received at a prior employer, and it was with that prior employer that he worked shifts shorter than twelve hours. Docket no. 127-2 at 3–4. Defendant objects to Espinosa and opt-in Plaintiff Murray's declarations, arguing they are "sham" declarations offered only to create a fact dispute to prevent summary judgment. Docket no. 121 at 5–6. A party "may not manufacture a genuine issue of material fact by submitting an affidavit that impeaches prior testimony without explanation." *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir.2000). The Court does not find these to be sham declarations because Espinosa sufficiently explains the conflicting testimony and Murray's testimony is not inconsistent as to the hours worked.

12

employer proves that 'the act or omission giving rise to such action was in good faith and he had reasonable grounds for believing that his act or omission was not a violation of the [Act] . . . .'" *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 357 (5th Cir. 1990). "[G]ood faith requires some duty to investigate potential liability under the FLSA." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979). The defendant "has the burden of proving good faith and reasonable grounds in the liquidated damages context." *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 925 (E.D. La. 2009) (citing *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 227 (5th Cir. 1991)).

Plaintiffs move for summary judgment to collect liquidated damages. Docket no. 118 at 27. Plaintiffs argue that Defendant did not meet its burden to investigate potential liability under the FLSA, and thus, classifying dispatchers as exempt was not done in good faith. *Id.* at 27–28. Plaintiffs state that Defendant's Executive and Senior Director of Operations Mellman testified that he made the decision to classify dispatchers as exempt on his own and based on the employee position within the industry. *Id.* at 27. Plaintiffs further argue that Mellman listed other factors related to his decision that Plaintiffs assert Mellman knew to not be true, including that dispatchers oversee safety and ensure that wells are serviced properly, and that any investigation by Defendant was superficial at best. *Id.* at 27–28.  Defendant argues that Mellman testified that he made the decision to classify dispatchers as exempt "based on both counsel's advice and industry standards." Docket no. 121 at 2.

Given the evidence presented by both parties related to liquidated damages and if the classification was made in good faith, the Court accepts Magistrate Judge Bemporad's recommendation and finds there is a genuine dispute of material fact as to whether Plaintiffs may collect liquidated damages and denies summary judgment.

13

### C.  Espinosa's Class and Individual Claims

Defendant moves for summary judgment on Espinosa's class claim and argues that such a claim is barred by the statute of limitations given that Espinosa never actually opted into the class. Docket no. 114 at 16. Espinosa moves for summary judgment as to his individual FLSA claim against Defendant. Docket no. 119.

As Judge Bemporad states, a plaintiff must file a written, signed consent to bring a claim in a collective action under the FLSA. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). An FLSA collective action is considered to be commenced as to any individual claimant "on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought." 29 U.S.C § 256. Accordingly, courts require a plaintiff to file written consent with the court to become an FLSA party plaintiff; "filing the complaint is not enough." *Songer v. Advanced Bldg. Servs., LLC*, No. CIV.A. H-14-3154, 2015 WL 5147579, at *2 (S.D. Tex. Sept. 2, 2015) (citing *Donovan v. Univ. of Texas at El Paso*, 643 F.2d 1201, 1208 (5th Cir. 1981)).

Espinosa filed his complaint on October 12, 2015. Docket no. 1. In the complaint, Espinosa states that he "brings this claim on behalf of all similarly situated present and former employees of Defendant who were either misclassified and/or not properly paid for all overtime due and/or not paid for all hours worked." *Id.* at 3. Despite the fact that Espinosa is named as a party plaintiff in the complaint, he failed to file written consent as required by § 216 to become a class member. On August 5, 2016, the Court granted conditional class certification, and the opt-in period closed on October 21, 2016. Sixteen dispatchers filed opt-in consents prior to the

deadline, but Espinosa never did. Docket no. 114 at 1. Espinosa filed a consent to opt-in on June 30, 2017, well after the October 21, 2016, deadline. Docket no. 128. Espinosa, therefore, failed to timely consent to the collective action. As Judge Bemporad states, Espinosa's reliance on *Allen v. Atlantic Richfield Co.* is unrelated to the present case because *Allen* involved "a number of individual actions, not a collective or class action subject to sections 16(b) and 256." *Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984). Espinosa's declaration in support of the Motion for Conditional Class Certification and deposition related to the case do not satisfy the requirement of 29 U.S.C. § 216(b) that an employee must give consent in writing that is timely filed with the Court. Notably, Plaintiff did not object to Judge Bemporad's recommendation that his consent was untimely and that he is not a member of the class.

Although he is not a member of the class, Espinosa can still bring an individual claim. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). This standard does not require "detailed factual allegations," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), nor must a complaint "pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). The standard demands a plausible "short and plain" statement of the plaintiff's claim. *Id.* The complaint must also "say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007).

Espinosa sufficiently states an individual claim that meets the Rule 8(a) standard and gives Defendant fair notice. In his complaint, Espinosa alleges that he was not properly compensated for overtime pay and was misclassified as an exempt employee. Docket no. 1 at 2–

15

3. Espinosa alleges that Defendant violated 29 U.S.C. §§ 206, 207, and 215(a)(2) "by employing employees in an enterprise engaged in commerce . . . within the meaning of the FLSA . . . for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week." *Id.* at 4. Espinosa also alleges that Defendant knowingly, willfully, or with reckless disregard failed to pay overtime compensation. *Id.* at 3. Plaintiff's final paycheck was issued on November 14, 2014, so his complaint filed on October 12, 2015, was within the two-year limitations period for the FLSA. Thus, Plaintiff sufficiently states an individual claim under the FLSA. As discussed above, however, the Court finds that there are genuine disputes of material fact as to Espinosa's claims, except for that the training period does not fall under the administrative exemption.

Accordingly, the Court accepts Magistrate Judge Bemporad's recommendation and finds that there is no genuine dispute of material fact that Espinosa's opt-in participation in the FLSA class claim fails. The Court also accepts Magistrate Judge Bemporad's recommendation that Espinosa sufficiently states an individual claim, but only grants summary judgment as to the fact that the training period does not fall under the administrative exemption.

## CONCLUSION

For the foregoing reasons, the Court ACCEPTS the Magistrate Judge's recommendations. Defendant's Motion for Summary Judgment (Docket no. 114) is DENIED. The Dispatcher Class's Motion for Summary Judgment (Docket no. 118) is GRANTED IN PART and DENIED IN PART. Plaintiff Espinosa's Motion for Summary Judgment (Docket no. 119) is GRANTED IN PART AND DENIED IN PART.

It is so ORDERED.

SIGNED this 5th day of December, 2017.


_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE