UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL ESPINOSA, ET AL., | § § § § | |
| *Plaintiffs*, | | |
| *v.* | § § § § § § § § | Civil Action No.  SA-15-CV-879-XR |
| STEVENS TANKER DIVISION, LLC, | | |
| *Defendant*. | | |

## ORDER

On this date, the Court considered the parties' Joint Motion to Dismiss with Prejudice and Approval of Confidential Settlement Agreements. Docket no. 147. After careful consideration, the Court hereby GRANTS the parties' motion.

## BACKGROUND

Plaintiff Michael Espinosa filed this lawsuit against Defendant, seeking unpaid overtime pay under the Fair Labor Standards Act, 29 U.S.C. §§ 207, 226 ("FLSA"). Espinosa alleges that he regularly worked in excess of forty hours per week, but he was not paid for that overtime. Docket no. 1. Plaintiffs Kiya McChristian, Lorie Merritt, Mark Murray, Ariel Taylor, Louis Willis, and Melissa Wooten filed consents to opt-in and constitute the collective action Plaintiffs. Although Espinosa did not timely consent to opt-in as to himself, he does allege an individual claim. Defendant answered and denies that it violated any provision of the FLSA. Docket no. 5. On January 19, 2018, the parties filed a Joint Motion to Dismiss with Prejudice and Approval of Confidential Settlement Agreements (Docket no. 147) and submitted the confidential settlement agreement to the Court for *in camera* review.

## ANALYSIS

### A. FLSA Provisions

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945). The provisions of the FLSA are mandatory. The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Thus, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Not every FLSA settlement, however, requires court approval. "[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable

under such circumstances." *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting and adopting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)); *see also Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163–64 (5th Cir. 2015). Because the parties here have requested court approval of their settlement, the Court will analyze the settlement.

### B. Bona Fide Dispute

The primary issue in this litigation is whether Plaintiffs were properly paid and/or are owed additional overtime compensation. Defendant denies all liability. The FLSA requires employers to pay overtime compensation to employees who work more than forty hours in a workweek. 29 U.S.C. § 207(a)(1). The decision of whether an employee is exempt from the FLSA's overtime compensation provisions is primarily a question of fact; however, the ultimate decision is a question of law. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330–31 (5th Cir. 2000). The Court concludes that there is a bona fide dispute over the FLSA's coverage in this case.

### C. Fair and Reasonable Resolution

The Court has reviewed the terms of the confidential settlement agreement and concludes that the settlement is fair and reasonable.

## CONCLUSION

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute. The Joint Motion to Dismiss with Prejudice and Approval of Confidential Settlement Agreements is GRANTED (Docket no. 147), the settlement is APPROVED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE. This case is CLOSED, with each party bearing its own costs.

It is so ORDERED.

SIGNED this 19th day of January, 2018.

                                           _____
                                           XAVIER RODRIGUEZ
                                           UNITED STATES DISTRICT JUDGE